ᕳ

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF ARIZONA

---

**CASE NUMBER:** 04:24-bk-09671-BMW

**IN RE:** ANTHONY LEO MONTEZ ESTATE
Debtor-in-possession, et al.

**CHAPTER 13**

---

# PETITION FOR REMOVAL TO DISTRICT, ARTICLE III, COURT

---

## TABLE OF CONTENTS

1. JURISDICTIONAL STATEMENT..........................................2
2. JURISDICTIONAL AND STATUTORY CHALLENGE..........2
3. STATEMENT OF CLAIM.......................................................2
4. BRIEF HISTORY....................................................................3
5. FACTS AND CONCLUSIONS OF LAW.................................3
6. CASE CITATIONS..................................................................3
7. MAXIMS OF LAW..................................................................4
8. STATUTES AT LARGE..........................................................5
9. CONCLUSION........................................................................5
10. CERTIFICATION..................................................................5

# TABLE OF AUTHORITIES

1. 28 U.S.C § 1452(a)
2. Federal Rule of Bankruptcy Procedure 9027
3. Article III of the United States Constitution

# JURISDICTIONAL STATEMENT

This petition for removal is presented pursuant to 28 U.S.C. § 1452(a) and Federal Rule of Bankruptcy Procedure 9027. The matters at issue are non-core and fall within the exclusive jurisdiction of the District Court as an Article III tribunal. This action is necessary to ensure adherence to the Constitution and the protection of the petitioner's rights.

# JURISDICTIONAL AND STATUTORY CHALLENGE

The Bankruptcy Court lacks authority to issue final orders or judgments on non-core matters absent explicit consent. As the claims involved herein pertain to constitutional and statutory rights, they must be heard by an Article III court to maintain the integrity of the judicial process.

# STATEMENT OF CLAIM

The claims involved in this case raise substantial questions of federal law and constitutional principles, including due process, equal protection, and the proper application of federal statutes governing bankruptcy. These issues are outside the limited authority of the Bankruptcy Court.

## BRIEF HISTORY

This case originated as a Chapter 13 bankruptcy proceeding. The Bankruptcy Court has proceeded to exercise jurisdiction over matters that are non-core, despite objections and challenges by the petitioner. This petition is presented to transfer jurisdiction to the District Court as required by law.

## FACTS AND CONCLUSIONS OF LAW

1. The Bankruptcy Court lacks authority under Article III of the Constitution to adjudicate non-core matters.

2. The issues presented are inherently federal and constitutional, requiring resolution by a court vested with full judicial authority.

3. Objections to the Bankruptcy Court's jurisdiction have been ignored, necessitating removal to the District Court.

## CASE CITATIONS

1. Stern v. Marshall, 564 U.S. 462 (2011)
   "Congress cannot assign Article III judicial power to non-Article III courts when private rights are at stake."

2. Northern Pipeline Construction Co. v. Marathon Pipe Line Co., 458 U.S. 50 (1982)
   "Bankruptcy courts, as non-Article III courts, lack the constitutional authority to finally adjudicate private rights claims."

3. Executive Benefits Insurance Agency v. Arkison., 573 U.S. 25 (2014)
   "Article I Bankruptcy Courts cannot issue final judgments in private right cases; only Article III courts can."

4. Granfinanciera, S.A. v. Nordberg, 492 U.S. 33 (1989)
   "A party facing a fraudulent conveyance claim in bankruptcy is entitled to a trial by jury under the Seventh Amendment."

5. Thomas v. Union Carbide Agricultural Products Co., 473 U.S. 568 (1985)

"Bankruptcy courts, as Article I entities, cannot finally adjudicate private rights without parties' consent."

6. Commodity Futures Trading Commission v. Schor, 478 U.S. 833 (1986)
   "Non-Article III courts can exercise limited jurisdiction over public rights but not private rights unless consent is given."

7. Murray's Lessee v. Hoboken Land & Improvement Co., 59 U.S. 272 (1855)
   "Judicial powers conferred by the Constitution must be exercised by Article III courts when dealing with private rights."

8. First Nat'l Bank of Fairbanks v. Matthews., 98 U.S. 621 (1878)
   "Matters involving private contracts and trusts are constitutionally reserved for Article III courts."

9. Monongahela Nav. Co. v. United States., 148 U.S. 312 (1893)
   "Private property rights are constitutionally protected and must be adjudicated in Article III courts."

10. United States v. Detroit Timber & Lumber Co.., 200 U.S. 321 (1906)
    "Judicial decisions affecting private property rights must fall under the purview of Article III courts."

---

## MAXIMS OF LAW

1. The law does not suffer a wrong without a remedy. (Ubi jus, ibi remedium.)

2. Equity regards as done that which ought to be done.

3. The law does not concern itself with trifles. (De minimis non curat lex.)

4. No one can transfer to another a greater right than he himself possesses. (Nemo dat quod non habet.)

5. The burden of proof lies on the plaintiff. (Semper necessitas probandi incumbit ei qui agit.)

6. The act of the law does no one wrong. (Actus legis nemini facit injuriam.)

7. A thing similar is not the same. (Paria materia non sunt idem.)

8. Agreements must be kept. (Pacta sunt servanda.)

9. He who seeks equity must do equity.

10. He who comes to equity must come with clean hands.

---

## STATUTES AT LARGE

1. Judiciary Act of 1789, ch. 20, 1 Stat. 73
2. Bankruptcy Act of 1898, ch. 541, 30 Stat. 544
3. Federal Reserve Act of 1913, ch. 6, 38 Stat. 251
4. Emergency Banking Act of 1933, ch. 1, 48 Stat. 1
5. Bankruptcy Reform Act of 1978, Pub. L. No. 95-598, 92 Stat. 2549
6. Federal Rules of Civil Procedure (1938), 28 U.S.C. App.
7. Federal Rules of Bankruptcy Procedure (1973), 28 U.S.C. App.
8. Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub. L. No. 98-353, 98 Stat. 333
9. Financial Institutions Reform, Recovery, and Enforcement Act of 1989, Pub. L. No. 101-73, 103 Stat. 183
10. Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 23

## CONCLUSION

Considering the foregoing, removal of this case to the United States District Court is both necessary and proper to uphold the rule of law, protect constitutional principles, and ensure fair adjudication of all matters involved.

## CERTIFICATION

I, Anthony Montez, the undersigned petitioner in this case, do hereby certify that the foregoing petition and accompanying statements are true and correct to the best of my knowledge and belief. This petition has been prepared in accordance with all applicable laws and rules governing bankruptcy and district court proceedings.

I further certify that this petition is filed in good faith and that the facts and conclusions presented are supported by applicable statutes, case law, and evidence. The petitioner

reserves all rights to amend or supplement this petition as necessary to address additional facts or legal issues that may arise during the course of this proceeding.

I declare under penalty of law that the foregoing is true and correct. Executed on this December 24, 2024, in the State of Arizona, pursuant to the Fourth Amendment of the Constitution of the United States of America.

Signed: *Anthony-Leo! Montez, Beneficiary.*

Anthony Montez
All Rights Reserved.
With Prejudice. Without Recourse.