# TIFFANY & BOSCO
### P.A.
**SEVENTH FLOOR CAMELBACK ESPLANADE II**
**2525 E. CAMELBACK ROAD**
**PHOENIX, ARIZONA 85016**
**TELEPHONE: (602) 255-6000**
**FACSIMILE: (602) 255-0192**

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
ljm@tblaw.com
Attorneys for U.S. Bank National Association
24-08912-US-AZ

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: | Chapter 13 |
| Anthony Leo Montez | Case No. 4:24-bk-09671-BMW |
| | (Related to Docket #41) |
| Debtor. | **U.S. BANK NATIONAL ASSOCIATION'S RESPONSE TO DEBTOR'S PETITION TO CHALLENGE PROOF OF CLAIM** |

U.S. Bank National Association ("U.S. Bank"), a secured creditor, by its attorneys, TIFFANY & BOSCO, P.A., hereby files this response to the Petition to Challenge Proof of Claim ("Objection") filed by the Debtor.

**U.S. Bank did not issue the 1099-C**

The Debtor's entire challenge to U.S. Bank's Proof of Claim #4 is the alleged issuance of a 1099-C. There are several problems with this challenge by the Debtor. First and foremost, U.S. Bank has researched the records for this account, and it does not show the issuance of the 1099-C. U.S. Bank is acutely aware of its obligation of candor to the Court. It will continue its research, and to the extent it

learns of any information to the contrary, this response will be immediately supplemented. With that said, U.S. Bank's research thus far does not show an issuance of the 1099-C. This begs the question, how was it issued? Upon information and belief, it apparently was prepared by the Debtor or by someone on behalf of the Debtor. Debtor's Objection is therefore meritless.

While Debtor's Objection is straightforward, Debtor's actions refute his claim that this debt has been canceled unilaterally by U.S. Bank. Debtor is currently in loss mitigation efforts with U.S. Bank. Additionally, the Chapter 13 Plan filed by the Debtor provides for U.S. Bank's debt as follows:

> Debtor lists U.S. Bank as a Secured Creditor under Section (4)(c) of the Plan. Debtor proposes to pay $32,978.86 in pre-petition arrears and post-petition payments through Conduit.

The inconsistency is apparent. Debtor in his challenge to the Proof of Claim claims the debt has been canceled and that he owes nothing on this debt. Contemporaneously he is actively engaging in loss mitigation, and he is providing for the debt in his Chapter 13 Plan.

**Authorities**

Bankruptcy Courts have long recognized that the filing of a Proof of Claim constitutes prima facie evidence of the amount and validity of the claim. *In re Nussman*, 501 B.R. 297 (E.D. North Carolina October 28, 2013). If a Debtor objects to this Proof of Claim, the burden of proof then shifts to the Debtor to present sufficient evidence to rebut the claim's validity. *In re Lee*, 660 B.R. 763 (D. South Carolina June 5, 2024)

Even despite questions of authenticity of Debtor's 1099-C form, Debtor's argument that the issuance of such a form precludes further collection is misguided. Debtor cites *In re Reed* for the purposes of his argument; however, this case clearly states the IRS, "does not view a Form 1099-C as an admission by the creditor that it has discharged the debt and can no longer pursue collection." 492 B.R. 261 (Bankr. E.D. Tenn. 2013). The Court in this case holds to this idea as a matter of law but believes there may be equitable considerations in specific cases. This is by no means a deviation of the clear majority stance that the issuance of the form alone is not sufficient evidence that the debt has been canceled. *In re Washington*, 581 B.R. 150 (D. South Carolina March 24, 2017). To further entrench this point, the majority of courts have distinguished this document as functioning as an administrative or

reporting requirement that does not fully constitute the total information needed to legally discharge a debt. *In re Lambert,* 655 B.R. 841 (Northern District of Georgia October 6, 2023).

With obvious authenticity concerns regarding the claimed 1099-C form paired with a consistently held court stance that the 1099-C cannot constitute the entirety of the sufficient evidence, one cannot imagine that the case at hand has achieved even the "equitable considerations" that ushered in the United States Bankruptcy Court for the Eastern District of Tennessee's in depth review in *In re Reed*. Here, Debtor has not met his burden of proof to rebut U.S. Bank's Proof of Claim. Accordingly, Debtor's Objection must be denied.

WHEREFORE, Secured Creditor prays as follows:

1. That Debtor's Objection to Secured Creditor's Proof of Claim be denied;
2. For attorney's fees and costs incurred herein;
3. For such other and further relief as this Court deems just and proper.

DATED this 17th day of January, 2025.

                                        Respectfully submitted,
                                        TIFFANY & BOSCO, P.A.

                                        BY: /s/ Leonard J. McDonald #014228
                                                Mark S. Bosco
                                                Leonard J. McDonald
                                                Attorneys for Secured Creditor

COPY of the foregoing mailed
January 17, 2025 to:

Anthony Leo Montez, Estate
42080 W Anne Lane
Maricopa, AZ 85138
Debtor

Dianne C. Kerns
31 N. 6th Avenue
#105-152
Tucson, AZ 85701
Trustee

Michael Zdancewicz
Zdancewicz Law Firm PLC
P.O. Box 51826
Phoenix, AZ 85076-1826
Attorney for Ally Capital

By: Julie Bush