| | |
|---|---|
| 1 | Craig Morris #011628 |
| 2 | Mailing Address:<br>31 North 6th Avenue #105-152<br>Tucson, AZ 85701 |
| 3 | TELEPHONE 520.544.9094<br>FACSIMILE 520.989.6269<br>MAIL@DCKTRUSTEE.COM |
| 4 | Attorney for Dianne Crandell Kerns, Trustee |

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| In re: | CHAPTER 13 PROCEEDINGS |
|---|---|
| ANTHONY LEO MONTEZ, | Case No. 4:24-bk-09671-BMW |
| Debtor. | **TRUSTEE'S PLAN OBJECTION/EVALUATION WITH NOTICE OF POTENTIAL DISMISSAL IF CONDITIONS ARE NOT SATISFIED**<br><br>**RE: ORIGINAL PLAN (DKT #34)** |

DIANNE CRANDELL KERNS, Trustee, has analyzed the above-referenced plan and supporting documents on January 22, 2025 and submits the following evaluation and recommendations:

**General Requirements:**

a. Due to the possibility of errors on the claims docket, it is the Attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Stipulated Order Confirming Plan to Trustee. Trustee will not recommend confirmation, nor stipulate to confirmation, until the proof of claims issues are resolved to Trustee's satisfaction.

b. Requests by Trustee for documents and information are not superseded by the filing of an amended or modified plan. LRBP Rule 2084-10(b).

c. Trustee objects to any reduction in the Plan duration or payout in a proposed Stipulated Order Confirming Plan unless an amended or modified plan is filed (using Local Form 2084-4, Chapter 13 Plan) and noticed out.

d. Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

e. Trustee requires that any Stipulated Order Confirming Plan state: "Debtor is instructed to remit all payments on or before the stated due date each month. Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before a discharge can be entered. This requirement is effective regardless of plan payment suspensions, waivers or moratoriums, and must be included in any Stipulated Order Confirming."

f. At the time of confirmation, Debtor is required to certify, via language in the Stipulated Order confirming, that they are current on all payments that have come due on any Domestic Support Orders since the filing of their case and that they are current on all required tax return filings [pursuant to 11 U.S.C. Sec 1325(a)(8), (9)].

g. Debtor or Debtor's Attorney is required to provide copies of Debtor's federal and state income tax returns for each year for the duration of the Plan to Trustee. Tax returns must be forwarded **within 14 days after the returns have been filed**. All Personally Identifiable Information must be redacted prior to submission. **Tax returns should be uploaded securely via bkdocs.us. Tax returns should not be mailed or emailed directly by the debtor.** This requirement is to be included in the Stipulated Order Confirming the plan. Failure to submit tax returns may result in the dismissal of the Chapter 13 case.

h. If Debtors are in default (in any amount) on their first mortgage the plan must propose mortgage conduit payments. If the plan does not propose a mortgage conduit, Trustee objects to confirmation. This may be resolved by amending the plan or seeking an order from the court excusing compliance with the conduit requirement. L.R.B.P. Rule 2084-4(b).

**Specific Requirements:**

1. Tax Refunds. If Debtor receives a non-exempt tax refund in excess of $1,000.00 during the pendency of this case, said refund must be turned over to Trustee. The proposed stipulated order on confirmation needs to specifically provide that such refund is a SUPPLEMENTAL payment under the plan.

2. <u>The Order Confirming Plan Must Contain the Following Language Related to Treatment of General Unsecured Claims</u>: "General Unsecured Claims. Such claims shall be paid pro rata the balance of payments under the Plan and any unsecured debt balance remaining unpaid at the end of the Plan may be discharged as provided in 11 U.S.C. § 1328(a)."

3. <u>Filed Proofs of Claim</u>. To date Trustee has noted that the following Creditors have filed proofs of claim that differ from the treatment proposed in the Chapter 13 Plan. **<u>Trustee objects to the treatment of these proofs of claim. This objection may be resolved by: (1) amending the secured/priority treatment to match the proofs of claim in the Stipulated Order Confirming the Plan; (2) securing the creditor's signature on the SOC; or (3) filing a response to the objection, setting a hearing and obtaining an order</u>: ALLY CAPITAL, RANCHO EL DORADO HOA and US BANK NA**. This objection extends to proofs of claim, if any, filed after the date of this evaluation/objection which seek treatment different from that provided for in the proposed Chapter 13 Plan.

4. <u>ALLY CAPITAL Proof of Claim 8.</u> Trustee objects to confirmation because the creditor has filed a secured proof of claim in the amount of $55,096.00 for 2021 Dodge RAM and Debtor's plan does not address this claim. This objection may be resolved as indicated in paragraph (3) above.

5. <u>RANCHO EL DORADO HOA Proof of Claim 9.</u> Trustee objects to confirmation because the creditor has filed a secured proof of claim in the amount of $5023.90 for HOA arrears and Debtor's plan does not address this claim. This objection may be resolved as indicated in paragraph (3) above.

6. <u>Notice of Post-Petition Mortgage Fees</u>. Trustee objects to confirmation because there is a post-petition mortgage fee claim filed by US BANK NA which has not been included in Debtor's plan. This objection may be resolved by either including the fee in the plan or by making a motion to determine whether payment of the claimed fee is required to cure a default or maintain payments in accordance with 11USC 1322(b)(5).

7. <u>Unfiled Proofs of Claim</u>. To date the following creditors listed in the Plan have not filed proofs of claims: **NONE**. Trustee reserves the right to supplement or amend this paragraph.

8. <u>Plan Payments</u>. Debtor has made payments in the total amount of $0.00. Debtor is delinquent in the amount of $1099.30 through January 2025. Trustee will not stipulate to confirmation unless the plan payments are current. Plan payment information may be obtained by logging on to www.ndc.org. In general, the information on this website is 24-hours old. **Trustee notes the payment start date was left blank. The bankruptcy petition was filed November 12, 2024 and the payment start date has been set to December 12, 2024.**

9. <u>Plan Analysis Does Not Match Plan Base</u>. Trustee objects to confirmation as Debtor's plan payments total $32,979.00, whereas the plan summary attached to the plan provides plan payments totaling $36,277.06. Trustee will not approve the plan unless the total of the proposed plan payments and the funding in the plan analysis match. This objection may be resolved by modifying the plan so that these amounts match.

10. <u>Plan Payments do not match the Proposed Plan Duration</u>. Trustee objects to confirmation as Debtor's plan states that Debtor will make a total of 1 payment; however, the proposed plan duration states the plan will be 60 months. This objection may be resolved by correcting either the total plan payments or the proposed plan duration.

11. <u>Ongoing Monthly Mortgage Payments</u>. Trustee objects to confirmation, because Debtor is delinquent in the amount of $3,879.10 for the ongoing monthly mortgage payment to US BANK NA. This objection may be resolved by curing the delinquency in these payments. Please note that plan provisions can provide a moratorium in plan payments, but it cannot provide a moratorium in post-petition mortgage payments. **Trustee will not stipulate to confirmation unless the post-petition mortgage payments are current.**

12. <u>Plan Summary Section (i)</u>. Trustee objects to confirmation as Debtor's plan summary section (i) states the total amount to be paid to ongoing mortgage payments will be $32,978.86; however, Trustee calculates that the total will need to be $116,373.00. This objection may be resolved by increasing the plan funding sufficiently to satisfy the total calculated by the Trustee.

13. <u>Conduit Payment Schedule Details</u>. Trustee objects to confirmation because the plan does not state the number of conduit payments to be paid through the plan. This objection may be resolved by including the following varying provision with the appropriate information included: "*The conduit shall be paid by Trustee through the plan beginning in month <u><<plan month>></u> of the plan for the mortgage payment due to creditor on <u><<date>></u>. The conduit shall be paid through the plan for a total of <u><<number of months>></u> monthly mortgage payments. For any month where the balance on hand in Debtor's account is insufficient to allow disbursement of the conduit payment and adequate protection payments that have come due, the amount due for that month will be paid to creditor on the next regular disbursement date when Debtor's account balance has sufficient funds.*"

14. <u>Mortgage Arrears.</u> Pursuant to <u>11 U.S.C. §1322(e)</u>, Trustee objects to the payment of interest on mortgage arrears through the Chapter 13 Plan and requests an amendment to the plan to remove the payment of interest on the arrearage claim unless payment of such interest is required under the terms of the contract.

15. <u>Trustee's Fees</u>. Trustee's compensation is not fixed, but paid as set by 28 U.S.C Section 586(e)(1)(B) and (e)(2) not to exceed a maximum of 10%. The language in the plan and/or the amount listed in the plan payment details of section (A)(1) pertaining to payment of Trustee's compensation must be amended to reflect a 10% payment of the **total** plan payments, not 10% of the payment to creditors.

16. <u>Tax Refunds</u>. Trustee objects to confirmation because the plan does not include the language requiring turnover of the tax refund, as described in paragraph 1 above.

17. **<u>Note to Pro Se Debtor</u>. Debtor who is proceeding without the assistance of an attorney should take note that Trustee's office cannot give legal advice. Trustee's office cannot negotiate with your creditors, draft your legal pleadings, or otherwise take action to make sure that your plan is confirmed. It is your responsibility to make all necessary changes to your plan of reorganization and, if you wish to have your plan confirmed, submit to Trustee an order confirming your plan. Failure to do so will result in the dismissal of your case.**

18. <u>Documents Requested by Trustee</u>. Any requested documentation must be uploaded via bkdocs.us <u>within 30 days</u>. Counsel is encouraged to summarize such documentation and explain why it satisfies the concerns raised herein**.**

19. <u>Additional documentation and amendments</u>. Trustee objects to confirmation because Debtor testified to Trusts and assets which have not been disclosed on Schedule A/B. This objection may be resolved by filing an amended schedule A/B to disclose all Trusts and assets and providing the Trustee with copies of all Trusts owned.

20. <u>Rental Income</u>. Trustee objects to confirmation because the Debtors have failed to disclose the rental income received. This objection may be resolved by filing an amended Schedule I and the Form 122c to disclose rental income.

21. <u>Authorization to Release</u>. Trustee objects to confirmation because Debtor has not completed and submitted to the Trustee the Authorization to Release information to Trustee regarding claims (local form 2084-4B). This form can be found on Trustee's website: www.dcktrustee.com. The Trustee acknowledges that this is typically only required for mortgage claims, however, all creditors require it to communicate with the Trustee. This objection may be resolved by uploading the completed authorization to release information to Trustee via bkdocs.us.

22. <u>Affidavit of No Trade Credit</u>. Trustee objects to confirmation because Debtor has not provided her office with an affidavit of no trade credit regarding Debtor's business. This objection may be resolved by providing to Trustee an affidavit of no trade credit within 30 days. If an affidavit of No Trade Credit cannot be provided, Debtor should file a motion seeking to excuse the requirement of a Business Evaluation.

23. <u>Business Operating Reports</u>. Trustee objects to confirmation because Debtor has failed to file all required monthly operating reports. Local rule 2084-2 requires operating reports to be filed monthly beginning with the month the petition was filed and continuing through confirmation. This objection may be resolved by filing the required documents via Debtor's Attorney through the <u>bkdocs.us.</u>

24. <u>Business Questionnaire</u>. Trustee objects to the confirmation because Debtor has not completed a Business Questionnaire regarding self-employment. This objection may be resolved by submitting a Business Questionnaire to Trustee. Please note there is an updated form. This can be found on Trustee's website: <u>http://dcktrustee.com/forms/Standard%20Forms/DCK%20Business%20Examination%20Questionnaire.pdf</u>

25. <u>Chapter 7 Liquidation</u>. Trustee objects to confirmation because the chapter 7 liquidation value of the estate has been underreported. Based on the proofs of claim and schedules filed to date, Trustee calculates the chapter 7 liquidation of the estate to be $149,074.47:

*Best Interest of Creditors Test:*

| | |
|---|---|
| Value of Debtor's interest in nonexempt property | $161,557.81 |
| Plus: Value of property recoverable under avoiding powers | |
| Less: Estimated Chapter 7 administrative expenses | $12,483.33 |
| Less: Amount to unsecured priority creditors | $ |
| Less: 6% Realtor Fee to Sell Real Estate | $ |
| **Equals:** Estimated amount payable to unsecured non-priority claims if Debtor filed Chapter 7Paragraph (2) to be completed by debtors whose current monthly income exceeds the state's median income. | **$149,074.47** |

This objection may be resolved by providing an updated Plan Summary with the correct liquidation analysis attached to the Stipulated order Confirming or providing Trustee with detailed accounting of liquidation value proposed.

26. <u>Liquidation Analysis</u>: At this time Trustee believes that the plan **does not** satisfy the liquidation analysis requirements. Trustee reserves the right to amend this conclusion.

**According to the Plan Summary the liquidation amount required to be paid to unsecured creditors is $0.00 and the plan purports to pay $0.00. According to the Trustee's calculation, the liquidation amount should be $149,074.47 (as noted above) Under the Trustee's calculations there is insufficient funding to pay a dividend.**

27. <u>Projected Disposable Income</u>: At this time Trustee believes that the plan **does not** satisfy the projected disposable income requirement of Sec 1325(b). Trustee reserves the right to amend this conclusion.

**According to the Plan Summary, the amount that needs to be paid to unsecured non-priority creditors is $0.00 and the plan proposes to pay $0.00. According to the Trustee's calculation, the projected disposable income should be $2,417.40. However, under the Trustee's calculations there will be insufficient funding to pay a dividend.**

28. <u>Plan Funding</u>. The Chapter 13 plan is not adequately funded as currently proposed. There is a shortfall in funding in the approximate amount of $365,627.25 including Trustee's fees. This shortfall amount assumes payment to unsecured creditors of chapter 7 liquidation amounts per Trustee's calculation of $149,074.47. This calculation does not address additional funding shortfalls that will arise in the event that the debtor misses a plan payment or is late in making plan payments. The plan should be modified to provide sufficient cushion to address reasonably foreseeable events. Trustee reserves the right to file an amended evaluation requiring adjustments to the terms of the plan, including an increase in plan funding if necessary, in order to address all timely filed proofs of claim once the claims bar date has passed in this case.

29. <u>Objections to Confirmation</u>. Pursuant to Local Rule 2084-10, Debtor shall resolve plan objections by submitting a proposed SOC to the Trustee or by filing an objection and setting a hearing on the objection <u>within 30 days of this objection/evaluation</u>. <u>If Debtor wishes to confirm by stipulation, all objecting creditors must either (1) withdraw their objection; or (2) sign off on the SOC prior to it being submitted to Trustee</u>. If the resolution of the objection requires changes which have a materially adverse impact on any other creditor under the plan (including a reduction in the amount to any creditor and/or a delay in payment), the plan must be amended/modified so as to provide notice to interested parties and an opportunity for objection provided. To date Trustee has noted that the following creditors have filed objections to the Chapter 13 Plan: **NONE**.

30. <u>Submission of Proposed SOC</u>. If Debtors propose to confirm the plan through a stipulated order on confirmation, a Notice of Submitting Proposed SOC should be filed with the Court, including a complete copy of the Proposed SOC as an exhibit. Counsel should also submit a cover letter checklist that goes through every paragraph of this evaluation/objection and details how the issue has been resolved.

\\\\

\\\\

\\\\

The Notice, SOC, Cover Letter Checklist, and filing receipt may then be uploaded via bkdocs.us. Trustee will not review a proposed SOC if it does not appear on the court's docket. [1] Trustee considers the time for reviewing a proposed Order pursuant to LRBP Rule 2084-13(e), to begin running when all Recommendation conditions are met.

RESPECTFULLY SUBMITTED this 23rd day of January 2025.

OFFICE OF THE CHAPTER 13 TRUSTEE
31 North 6th Avenue #105-152
Tucson, AZ 85701

By /s/ Craig Morris       ASB# 011628
Craig Morris
Staff Attorney for the Chapter 13 Trustee

A copy of the foregoing was filed with the court and a copy, was transmitted via electronic or first class
mail this 1/23/2025 to:

ANTHONY LEO MONTEZ
42080 W ANNE LANE
MARICOPA, AZ 85138
Email: anthonyleomontezestate@gmail.com
Debtor/Pro Se

By: AVR

---

[1] **The alternative to stipulated confirmation is setting a contested confirmation hearing before the judge**.