# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF ARIZONA

**CASE NUMBER:** 04:24-bk-09671-BMW

**IN RE:** ANTHONY LEO MONTEZ
Debtor and Petitioner

**CHAPTER 13**

## MOTION FOR STAY PENDING ADJUDICATION OR, IN THE ALTERNATIVE, MOTION FOR CONTINUANCE

## TABLE OF CONTENTS

1. TABLE OF AUTHORITIES ............................................................... 1
2. INTRODUCTION ............................................................................ 3
3. JURISDICTIONAL STATEMENT. .................................................. 4
4. STATEMENT OF CLAIM ................................................................ 4
5. LEGAL BASIS FOR RELIEF REQUESTED .................................. 4
6. SUMMARIZATION ......................................................................... 5
7. RELIEF REQUESTED .................................................................... 5
8. CERTIFICATION AND VERIFICATION ....................................... 5

## 1. TABLE OF AUTHORITIES

**Cases**

1. Northern Pipeline Constr. Co. v. Marathon Pipe Line Co., 458 U.S. 50 (1982) – Establishes that bankruptcy courts lack constitutional authority over non-core matters.

2. Stern v. Marshall, 564 U.S. 462 (2011) – Clarifies that private rights must be adjudicated by an Article III court.

1

3. Wellness Int'l Network, Ltd. v. Sharif, 575 U.S. 665 (2015) – Article III courts have authority over non-core matters unless explicitly consented otherwise.

4. Granfinanciera, S.A. v. Nordberg, 492 U.S. 33 (1989) – Reinforces the right to an Article III tribunal in private claims.

5. Commodity Futures Trading Comm'n v. Schor, 478 U.S. 833 (1986) – Limits the reach of non-Article III jurisdiction.

6. Thomas v. Union Carbide Agric. Prods. Co., 473 U.S. 568 (1985) – Reaffirms that adjudication of private rights requires an Article III forum.

7. In re Bellingham Ins. Agency, Inc., 702 F.3d 553 (9th Cir. 2012) – Non-core matters must be heard in district court unless expressly consented to bankruptcy jurisdiction.

8. Executive Benefits Ins. Agency v. Arkison, 573 U.S. 25 (2014) – Affirms the distinction between core and non-core matters.

9. Katchen v. Landy, 382 U.S. 323 (1966) – Highlights limits on bankruptcy court authority over private claims.

10. Murray's Lessee v. Hoboken Land & Improvement Co., 59 U.S. 272 (1856) – Early precedent establishing private matters requiring Article III adjudication.

## Maxims of Law

1. "Quod ab initio non valet, in tractu temporis non convalescit." – That which is void from the beginning cannot be made valid by time.
2. "Injuria non excusat injuriam." – A wrong does not excuse a wrong.
3. "Lex non cogit ad impossibilia." – The law does not compel the impossible.
4. "Nullus commodum capere potest de injuria sua propria." – No one can take advantage of his own wrong.
5. "Judex non potest injuriam sibi datam punire." – A judge may not punish an injury done to himself.
6. "Jura naturae sunt immutabilia." – The laws of nature are immutable.
7. "Non jus ex regula, sed regula ex jure." – The law does not arise from the rule, but the rule from the law.
8. "Lex semper intendit quod convenit rationi." – The law always intends what is agreeable to reason.
9. "Ejus est nolle, qui potest velle." – He who can will, can refuse to will.
10. "Salus populi suprema lex esto." – The welfare of the people shall be the supreme law.

## Statutes at Large

1. 28 U.S.C. § 157(d) – Provides for withdrawal of non-core matters to District Court.

2

2. 11 U.S.C. § 105(a) – Grants the bankruptcy court authority to issue orders necessary to carry out the provisions of the Code.
3. U.S. Constitution, Art. III, Sec. 1 – Establishes that judicial power rests with Article III courts.
4. Bankruptcy Rule 9006(b) – Allows for extensions of time for cause.
5. 28 U.S.C. § 1334 – Grants original jurisdiction of bankruptcy matters to district courts.
6. Federal Reserve Act, 12 Stat. 251 – Defines lawful money and the jurisdiction over financial transactions.
7. Judiciary Act of 1789, 1 Stat. 73 – Establishes original jurisdiction of federal courts.
8. Statutes at Large, Vol. 1, p. 21 – Establishes the right to petition for redress of grievances.
9. Securities Act of 1933, 48 Stat. 74 – Provides legal grounds for financial transactions affecting secured interests.
10. Northwest Ordinance, 1 Stat. 50 – Guarantees protections for private contracts and judicial review.

---

## 2. INTRODUCTION

COMES NOW, Anthony Montez, the Debtor in the above-captioned case, and respectfully moves this Court for an order granting a stay of all trustee actions pending the District Court's ruling on the Motion to Adjudicate Non-Core Matters in the United States District Court for the District of Arizona. In the alternative, should the Court deny the request for a stay, the Debtor moves for an extension of time, a Motion for Continuance, to comply with any outstanding requirements imposed by the Chapter 13 Trustee.

This motion is made pursuant to 11 U.S.C. § 105(a) and Bankruptcy Rule 9006(b), based upon the following facts and points of law:

1. The Debtor, Anthony Montez, filed for Chapter 13 bankruptcy relief in good faith and has made all required payments, including mortgage payments and trustee fees, in compliance with the plan.[See Exhibit A]

2. The Trustee has made certain demands for additional documentation and compliance actions that pertain to non-core private matters that exceed the Trustee's jurisdiction.

3. The Debtor has filed a Motion to Withdraw the Reference with the U.S. District Court for the District of Arizona, seeking to have these non-core matters adjudicated under Article III judicial review, as permitted under 28 U.S.C. § 157(d).

4. The District Court has not yet ruled on the motion, and the case remains under Bankruptcy Court jurisdiction until a determination is made.

5. The Debtor is not seeking to evade compliance, but rather requests time for the

3

jurisdictional issue to be resolved before undertaking actions that may no longer be required.

## 3. JURISDICTIONAL STATEMENT

The Bankruptcy Court's jurisdiction over non-core matters is limited by Article III of the U.S. Constitution, as established in Northern Pipeline Constr. Co. v. Marathon Pipe Line Co., 458 U.S. 50 (1982).

The Debtor has properly invoked 28 U.S.C. § 157(d) to withdraw non-core matters to the District Court. The Bankruptcy Court must defer jurisdiction over these non-core matters until the District Court has ruled on the withdrawal motion.

## 4. STATEMENT OF CLAIM

1. The Debtor filed for Chapter 13 bankruptcy in good faith.

2. The Trustee has issued demands that pertain to non-core, private matters.

3. The Debtor has filed a Motion to Withdraw the Reference under 28 U.S.C. § 157(d) and the District Court has not yet ruled on the matter.

4. The Trustee lacks jurisdiction over non-core matters, and enforcement of her demands violates constitutional limitations.

## 5. LEGAL BASIS FOR RELIEF REQUESTED

A. Request for Stay Pending Adjudication

- The Bankruptcy Court has inherent authority under 11 U.S.C. § 105(a) to issue any order necessary to prevent prejudice to the Debtor while awaiting adjudication of the pending jurisdictional motion.

- As established in Granfinanciera, S.A. v. Nordberg, 492 U.S. 33 (1989), non-core matters must be adjudicated in an Article III court unless consent is given.

- The Supreme Court has ruled that private claims must be adjudicated by an Article III court (Northern Pipeline, 458 U.S. at 87).

- A stay is necessary to prevent the Trustee from enforcing compliance actions that may become moot upon District Court acceptance of jurisdiction.

- A stay is also necessary to prevent jurisdictional overreach (Stern v. Marshall, 564 U.S. 462).

- Granting a stay will not prejudice any party, as the Debtor is fully complying with all required financial obligations, including mortgage payments and trustee fees.

- The balance of equities favors a stay, as proceeding under two separate court mandates (Bankruptcy Court and potentially the District Court) would create unnecessary conflict.

B. Request for Continuance in the Alternative

4

Should the Court determine that a stay is not appropriate, the Debtor alternatively requests an extension of time to comply with the Trustee's requests until the District Court renders a decision.

Bankruptcy Rule 9006(b) provides that deadlines may be extended for cause shown if the request is made before the expiration of the deadline.

The Debtor's request for a continuance is reasonable because:

- The jurisdictional issue is still pending in District Court.
- The Trustee's demands relate to matters that are being challenged as non-core.
- The Debtor is no longer in default and is actively complying with financial obligations. [See Exhibit A]

## 6. SUMMARIZATION

The Trustee is attempting to exercise authority beyond constitutional limits, as supported by Stern v. Marshall, 564 U.S. 462 (2011).

A stay is necessary to prevent jurisdictional overreach. Alternatively, a continuance is required to allow fair compliance.

## 7. RELIEF REQUESTED

WHEREFORE, the Debtor **respectfully requests** the Court to:

1. **Grant a Stay Pending Adjudication**, prohibiting the Trustee from taking further enforcement actions regarding compliance requests **until the District Court rules on jurisdiction**; or

2. **In the alternative, grant an extension of time** (continuance) for the Debtor to respond to the Trustee's compliance requests until a ruling from the District Court is issued; and

3. **Grant such further relief as the Court deems just and proper.**

## 8. CERTIFICATION AND VERIFICATION

I, Anthony Montez, the undersigned petitioner in this case, do hereby certify that the foregoing petition and accompanying statements are true and correct to the best of my knowledge and belief. This petition has been prepared in accordance with all applicable laws and rules governing bankruptcy and district court proceedings.

I further certify that this petition is filed in good faith and that the facts and conclusions presented are supported by applicable statutes, case law, and evidence. The petitioner reserves all rights to amend

or supplement this petition as necessary to address additional facts or legal issues that may arise during the course of this proceeding.

I declare under penalty of law that the foregoing is true and correct. Executed on this February 7, 2025, in the State of Arizona, pursuant to the Fourth Amendment of the Constitution of the United States of America.

Signed: *[signature: Anthony-Leo: Montez Beneficiary]*

Anthony Montez
All Rights Reserved.
With Prejudice. Without Recourse.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Motion was served upon all parties of record by USPS Mail on this 7th day of February 2025:

- U.S. Trustee, Dianne C. Kerns
- U.S. BANK, et al.
- ALLY FINANCIAL, et al.

Signed: *[signature: Anthony-Leo: Montez Beneficiary]*

Anthony Montez
All Rights Reserved.
With Prejudice. Without Recourse.

To whom it may concern:

Enclosed is 2 money orders to be applied as follows:

December 2024 — $549.60
trustee plan payment

January 2025  $549.60
trustee plan payment

Payable to Dianne C. Kerns, U.S. trustee.
for case # 24-09671 for
Anthony Leo Montez.

Respectfully,
Anthony-Leo: Montez.
Beneficiary





Western Union Money Order
PAY TO THE ORDER OF: Dianne C. Kerns, Trustee
48080 W Anne Lane, Maricopa, AZ 85139
Case # 24-09671
December 2024 Payment

$549.60
FIVE HUNDRED FORTY-NINE DOLLARS AND SIXTY CENTS

FRY'S FOOD STORE #672
19-57080808244

Purchaser: Dianne C. Kerns, Trustee
48080 W Anne Lane, Maricopa, AZ 85139
Case # 24-09671
December 2024 Payment

*19570808244*

---

### Fry's Food Stores — Fresh For Everyone

20797 N. JOHN WAYNE PARKWAY
(520)568-6200
Your cashier was Derwin

```
MR   WU MO PRINCIPAL        549.60
MR   WU MO FEE                1.10
MR   WU MO PRINCIPAL        549.60
MR   WU MO FEE                1.10
     VIP Customer       ++++++++1906
SC   .10 OFF MONEY ORD        0.10-
SC   .10 OFF MONEY ORD        0.10-
     TAX                       0.00
**** BALANCE              1,101.20
US DEBIT Purchase
++++++++++++6124     C
REF#:  032141     TOTAL   1,101.20
PURCHASE: 1,101.20   CASHBACK: 0.00
AID: A0000000980840
TC: 050488145624063A
VERIFIED BY PIN
     DEBIT                1,101.20
     CHANGE                    0.00
TOTAL NUMBER OF ITEMS SOLD =    0
VIP CARD SAVINGS          $   0.20
TOTAL COUPONS             $   0.20
TOTAL SAVINGS (0 %)       $   0.20
02/02/25 07:23pm 672 30 203 401
```

Annual Card Savings $314.68
Remaining Jan Fuel Points: 916

Your Benefits have been Boosted!

As a Boost member you enjoy
2X Fuel Points and free delivery
on qualifying orders over $35!

SUNS FAN REWARDS
Total points earned: 686
May not reflect recent redemptions
Learn more at Frysfood.com/Suns
or the customer service desk

EARN 50 FUEL POINTS
BY GIVING US FEEDBACK
Go to frysfood.com/feedback
Date: 02/02/25
Time: 07:23PM
Entry ID: 660-113-203 672 30 231

With Our Low Prices, You Saved
**$0.20**

Fresh opportunity awaits
Join our team today!



www.frysfood.com/careers
www.frysfood.com

Case 4:24-bk-09671-BMW    Doc 57    Filed 02/10/25    Entered 02/11/25 11:14:28    Desc
Main Document    Page 8 of 9

```
20797 N. JOHN WAYNE PARKWAY
(520)568-6230
Your cashier was Derwin

MR      WU MO PRINCIPAL        549.60
MR      WU MO FEE                1.10
MR      WU MO PRINCIPAL        549.60
MR      WU MO FEE                1.10
VIP Customer           ++++++++19th
SC      .10 Off MONEY ORD        0.10
SC      .10 Off MONEY ORD        0.10
TAX                              0.00
**** BALANCE               1,101.20
+++++++++++++++4446124
US DEBIT Purchase
REF#:             032141
PURCHASE: 1,101.20   TOTAL 1,101.20
AID: A0000000980840   CASHBACK: 0.00
TC: 05048B1A95624D65A
VERIFIED By PIN
DEBIT                      1,101.20
CHANGE                         0.00

TOTAL NUMBER OF ITEMS SOLD =      0
VIP CARD SAVINGS                $ 0.20
TOTAL COUPONS                   $ 0.00
TOTAL SAVINGS (0 %)             $ 0.20
02/02/25 07:23pm 672 30 203 401
```

Annual Card Savings $314.68
Remaining Jan Fuel Points 916

Your Benefits have been Boosted!

As a Boost member, you enjoy
2× Fuel Points and free delivery
on qualifying orders over $35!

SUNS FAN REWARDS
total points earned 646
May not reflect recent redemptions
Learn more at frysfood.com/Suns
or the customer service desk.

EARN 5¢ FUEL POINTS
BY giving US FEEDBACK
Go to frysfood.com/feedback

Date: 02/02/25
Time: 07:23PM
Entry ID: 660-113-203-672-30-233

With Our Low Prices You Save!
$0.20

Fresh opportunity awaits
Join our team today!
www.frysfood.com/careers
www.frysfood.com

---

Western Union — MONEY ORDER

FRYS FOOD STORE #672          19-570808245

$549.60

PAY EXACTLY: FIVE HUNDRED FORTY-NINE DOLLARS AND SIXTY CENTS

PAY TO THE ORDER OF: Dianne C. Kerns, trustee   Case #24-09671
42080 W. Anne Lane Maricopa, AZ (85138)
January 2025 payment

MOBILE DEPOSIT PROHIBITED

⑈102100400⑈ 40195708082456⑈

MONEY ORDER RECEIPT - NON NEGOTIABLE

January 2025 Payment
Case #24-09671

Payable to: Dianne C Kerns trustee

* 1957080 8245 *