**Craig Morris #011628**
Mailing Address:
31 North 6th Avenue, Suite 105-152
Tucson, AZ  85701
TELEPHONE 520.544.9094
FACSIMILE 520.989-6269
MAIL@DCKTRUSTEE.COM

Attorney for Dianne C. Kerns, Chapter 13 Trustee

# In the United States Bankruptcy Court

# For the District Of Arizona

| | |
|---|---|
| In re: Anthony Leo Montez ) | |
| ) | Chapter 13 Proceeding |
| ) | |
| Debtor ) | Case No. 4:24-bk-09671-BMW |
| ) | |
| _____ ) | |

**TRUSTEE'S OBJECTION
TO
DEBTOR'S MOTION FOR SANCTIONS AGAINST CHAPTER 13 TRUSTEE**

Dianne Crandell Kerns, Chapter 13 Trustee, by and through counsel undersigned, enters this objection to Debtor's Motion for sanctions against the Chapter 13 Trustee.

Pursuant to 28 U.S.C. §157(b)(1), bankruptcy judges may hear and determine all cases under title 11 and all core proceedings. Core proceedings include, but are not limited to, matters concerning the administration of the bankruptcy estate. 28 U.S.C. §157(b)(2)(A).

As such, it is the duty of the Chapter13 Trustee to administer the bankruptcy estate, which includes taking action to ensure that debtors commence making plan payments and otherwise perform under their plan. 11 U.S.C. §1302(b).

Pursuant to 11 U.S.C. §1326(a), the debtor shall commence making payments under the plan not later than the earlier of 30 days from the after the date of the filing of the plan or the order

for relief (also known as the petition). While the plan was filed on December, 11, 2024, the order for relief in this case was entered on November 12, 2024, making the first plan payment due no later than December 11, 2024. Subsequent plan payments were due each month thereafter on the 11th of each month. The plan proposed by the Debtor contemplates monthly plan payments of $549.65.

Debtor failed to make the December, January and February plan payments when due, triggering the Trustee's duty to file a motion to dismiss for plan payment delinquency. Such motions are routinely filed in Chapter 13 proceedings when payments fall delinquent, which often prompts debtors to make the required plan payments. In this case the motion was filed on February 13, 2025, at 12:07:53 p.m. That same day the Trustee's office filed twelve (12) motions to dismiss for plan payment delinquencies in cases administered by the Trustee.

Also on February 13, 2025, Trustee received from the Debtor the December and January plan payments made via Western Union Money Orders mailed via USPS to Trustee's payment address in Memphis, Tennessee. However, the February payment remained delinquent. Apparently upon receiving the motion to dismiss and recognizing that a delinquency remained, Debtor purchased a money order on February 13, 2025, at approximately 7:10 p.m.[1] That money order was received and posted by the Trustee on February 20, 2025.

The plan payments having been brought current, the Trustee withdrew the motion to dismiss on February 21, 2025, which is standard procedure within the Trustee's office when payments are brought current while a motion to dismiss is pending.

---

[1] See copy of money order attached as exhibit A to Debtor's Motion to Strike Trustee's Motion to Dismiss As Void and Moot filed February 14, 2025 at 3:47 p.m. (dkt 61).

In light of the foregoing, the Trustee has performed her duties as imposed by the law and the motion for sanctions is without basis. Wherefore, the Trustee requests that the Motion be denied.

RESPECTFULLY SUBMITTED this 27th day of February 2025.

        OFFICE OF THE CHAPTER 13 TRUSTEE
        31 N. 6th Ave. #105-152
        Tucson, AZ 85701

        /s/ Craig Morris 011628
        Craig Morris, Staff Attorney for
        Dianne Crandell Kerns, Chapter 13 Trustee

A copy of the foregoing was filed with the
United States Bankruptcy Court and
a copy together with a receipt of filing
transmitted via electronic or first class
mail this 2/27/2025 to:

Anthony Leo Montez
42080 W. Anne Lane
Maricopa, AZ 85138
Email: anthonyleomontezestate@gmail.com
Debtor

By: CM