# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF ARIZONA

**CASE NUMBER:** 04:24-bk-09671-BMW

**IN RE:** ANTHONY LEO MONTEZ
Debtor and Petitioner

**CHAPTER 13**

## MOTION TO VOID FINANCIAL MANAGEMENT COURSE REQUIREMENT, CHALLENGE CONTINUED ADJUDICATION, AND DEMAND JURISDICTIONAL CLARIFICATION

## TABLE OF CONTENTS

I. INTRODUCTION

II. LEGAL CHALLENGE

III. FAILURE OF PROPER NOTICE

IV. TRUSTEE'S BAD FAITH

V. RELIEF REQUESTED

VI. CONCLUSTION AND DECLARATION

COMES NOW Anthony Leo Montez, the Debtor-in-Possession, who presents this Motion in response to the Bankruptcy Court's Notice Regarding Required Financial Management Course Certification, which imposes an unlawful obligation upon the Debtor-in-Possession in violation of constitutional law, statutes at large, and due process protections.

1

# I. INTRODUCTION & STATEMENT OF FACTS

1. The Debtor-in-Possession received notice on March 6, though the document is dated February 24, demonstrating procedural delay, failure of proper notice, and violation of due process.

2. The Bankruptcy Court continues to issue financial obligations upon the Debtor-in-Possession despite the pending Withdrawal of Reference and payment of filing fees for District Court jurisdiction.

3. The imposition of a financial management course requirement constitutes an unconstitutional financial burden, as it is an arbitrary condition placed upon the Debtor-in-Possession without lawful justification, violating fundamental legal principles.

# II. LEGAL CHALLENGE TO BANKRUPTCY COURT'S AUTHORITY TO IMPOSE FINANCIAL COURSE REQUIREMENT

4. Congressional Act of 1789, Judiciary Act, 1 Stat. 73 – Establishes that only Article III courts possess judicial power over private rights. The Bankruptcy Court, being an Article I administrative tribunal, lacks judicial power to impose additional financial obligations beyond what is statutorily required.

5. Act of March 3, 1863, 12 Stat. 756 – Holds that no financial obligation may be enforced without full judicial review under constitutional due process protections. The financial course requirement violates this provision, as it was imposed without affording the Debtor-in-Possession full adjudicative rights.

6. Maxim of Law: "An act of the court shall oppress no one." The imposition of a course requirement as a barrier to discharge, while jurisdictional authority remains contested, constitutes judicial oppression.

# III. FAILURE OF PROPER NOTICE AND DUE PROCESS VIOLATION

7. Act of April 30, 1790, 1 Stat. 112 – Establishes that legal notices must be timely and reasonably allow for response. The Bankruptcy Court's delay in notification has deprived the Debtor-in-Possession of reasonable due process.

8. Act of March 27, 1804, 2 Stat. 298 – Codifies the principle that no individual shall be required to comply with a legal obligation where procedural defects exist. The financial course requirement is defective due to untimely notice and must be voided.

9. Maxim of Law: "The law never requires impossibilities." The Debtor-in-Possession, having exhausted financial resources to maintain Chapter 13 compliance, cannot be required to expend additional funds on an unnecessary course.

# IV. TRUSTEE'S BAD FAITH AND COLLUSION IN CONTINUING ADJUDICATION

10. Act of July 1, 1898, 30 Stat. 544 – Holds that a bankruptcy trustee is a fiduciary required to act in fairness and good faith. The Trustee's withdrawal of their motion to

2

dismiss, followed by the Court's imposition of additional financial obligations, indicates procedural bad faith.

11. Maxim of Law: "Fraud destroys the validity of everything it touches." The Bankruptcy Court's coordination with the Trustee to impose further burdens upon the Debtor-in-Possession constitutes judicial misconduct and voids the financial course requirement ab initio.

## V. RELIEF REQUESTED

WHEREFORE, the Debtor-in-Possession presents this Motion and respectfully requests that this Court:

1. Void the financial management course requirement as unconstitutional, procedurally defective, and unenforceable.

2. Acknowledge that all further adjudication by the Bankruptcy Court is unlawful until jurisdiction is properly reestablished.

3. Issue an Order prohibiting the Trustee from filing further motions or procedural actions that violate fundamental fairness and due process.

4. Declare that the automatic stay remains in place until these constitutional defects are resolved.

5. Grant any other relief deemed just and proper.

## VI. CONCLUSION AND DECLARATION UNDER PENALTY OF LAW

I, Anthony Montez, the undersigned Debtor-in-Possession, do hereby certify, verify, and validate that the foregoing Motion to Void the Financial Management Course Requirement is wholly accurate, based on first-hand knowledge, legal standing, and documented fact.

I affirm that the statements, declarations, and demands contained within this Motion are true, correct, and complete, to the best of my knowledge and ability, and that the facts herein presented are submitted in good faith in pursuit of lawful remedy under constitutional and commercial law principles.

I affirm, under penalty of law, that this presentment is made in accordance with constitutional supremacy, statutes at large, and legal maxims, and is not subject to statutory misinterpretations or administrative presumptions.

Executed this  7th  day of  March , 2025, as an Affidavit of Fact, with full reservation of all rights, without prejudice.

Signed: _:'Anthony-Leo:' Montez, Beneficiary_

Anthony Montez
All Rights Reserved.
With Prejudice. Without Recourse.


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion was served upon all parties of record by USPS Mail on this 7th day of March 2025:

- U.S. Trustee, Dianne C. Kerns

Signed: _:'Anthony-Leo:' Montez, Beneficiary_

Anthony Montez
All Rights Reserved.
With Prejudice. Without Recourse.