Craig Morris #011628
Mailing Address:
31 North 6th Avenue, Suite 105-152
Tucson, AZ 85701
TELEPHONE 520.544.9094
FACSIMILE 520.989-6269
MAIL@DCKTRUSTEE.COM
Attorney for Dianne C. Kerns, Chapter 13 Trustee

# In the United States Bankruptcy Court

# For the District Of Arizona

| | | |
|---|---|---|
| In re: Anthony Leo Montez ) | | |
| ) | Chapter 13 Proceeding | |
| ) | | |
| Debtor ) | Case No. 4:24-bk-09671-BMW | |
| ) | | |
| _____ ) | | |

**TRUSTEE'S OBJECTION
TO
DEBTOR'S MOTION TO REMOVE TRUSTEE FOR CAUSE AND TO CEASE
UNAUTHORIZED ADJUDICATION**

Dianne Crandell Kerns, Chapter 13 Trustee, by and through counsel undersigned, enters this objection to Debtor's Motion to Remove Trustee for Cause And To Cease Unauthorized Adjudication. In support of this objection, the Trustee would show the court as follows.

I.  **FACTUAL HISTORY.**

1. This case was commenced on November 12, 2024, when the Anthony Leo Montez (herein after the Debtor) filed a voluntary chapter 13 petition thereby subjecting himself to the jurisdiction of the United Sates Bankruptcy Court and necessitating the appointment of the standing chapter 13 trustee to administer his case. (Dkt 1).

2. On November 13, 2024, the Bankruptcy Court issued a notice of Meeting of Creditors and Notice of Appointment of Trustee Dianne C. Kerns. The meeting of creditors was scheduled for December 18, 2024, to be conducted by the Trustee. Said notice also set forth the deadlines for filing proofs of claim and challenging the dischargeability of debts. (Dkt 10).

3. On December 11, 2024, the Debtor filed a Chapter 13 Plan of reorganization which proposed monthly plan payments of $549.65 to be collected by the Trustee. (Dkt 34).

4. On December 12, 2024, the Bankruptcy Court issued a Notice of Date to File Objection to The Chapter 13 Plan. (Dkt 35).

5. A plan having been filed and the Trustee appointed, it is the Trustee's duty of the to administer the bankruptcy estate, which includes, but is not limited to, taking action to ensure that debtors commence making plan payments and otherwise perform under their plan. 11 U.S.C. §1302(b).

6. On December 30, 2024, Debtor filed a Motion for Withdrawal of the Reference in the Bankruptcy Court seeking to have his Chapter 13 case adjudicated by the United States District Court. (Dkt 42). To date the District Court has not granted the Motion to Withdraw.

7. On January 14, 2025, the Debtor filed his Motion to Withdraw the Reference in the District Court (4:25-cv-00031-JCH, Dkt 2).

8. On January 22, 2025, the Bankruptcy Court conducted a case management hearing. The Debtor appeared and the Court discussed the requirement that he make his plan payments and that failure to do so would result in the Trustee filing a motion to dismiss. The Debtor indicated his understanding. (Dkt 51).

Case 4:24-bk-09671-BMW    Doc 73    Filed 03/24/25    Entered 03/24/25 14:04:33    Desc
Main Document    Page 2 of 6

9. The Court also discussed with the Debtor the fact that the issues in question are core issues within the jurisdiction of the Bankruptcy Court. Unless and until the District Court makes a determination on the Motion to Withdraw the Reference the Chapter 13 case will proceed in the ordinary course in the Bankruptcy Court. The Debtor indicated that he understood. (Dkt 51).

10. On January 23, 2025, the Trustee filed the Trustee's Plan Objection/Evaluation With Notice of Potential Dismissal If Conditions Are Not Satisfied. (Dkt 54). The Trustee is required to file an evaluation in all chapter 13 proceedings and the deadline set by the Court was 14 days after the original date set for the meeting of creditors (December 18, 2024) plus 28 days or January 29, 2025. (Dkt 35).

11. Debtor failed to make the December, January and February plan payments when due, triggering the Trustee's duty to file a motion to dismiss for plan payment delinquency. (Dkt 58).

12. Such motions are routinely filed in Chapter 13 proceedings when payments fall delinquent, which often prompts debtors to make the required plan payments. In this case the motion was filed on February 13, 2025, at 12:07:53 p.m. That same day the Trustee's office filed twelve (12) motions to dismiss for plan payment delinquencies in cases administered by the Trustee.

13. Also on February 13, 2025, Trustee received from the Debtor the December and January plan payments made via Western Union Money Orders mailed via USPS to Trustee's payment address in Memphis, Tennessee. However, the February payment remained delinquent. Apparently upon receiving the motion to dismiss and recognizing that a delinquency remained, Debtor purchased a money order on February 13, 2025,

at approximately 7:10 p.m.[1] That money order was received and posted by the Trustee on February 20, 2025.

14. The plan payments having been brought current, the Trustee withdrew the motion to dismiss on February 21, 2025, which is standard procedure within the Trustee's office when payments are brought current while a motion to dismiss is pending.

15. On February 24, 2025, the Debtor filed his Motion for Sanctions Against Chapter 13 Trustee alleging that the Trustee was without authority to administer his case because he had sought removal of his case to District Court. (Dkt 66).

16. On February 21, 2025, the Debtor filed his Renewed Motion for Stay seeking to halt all action in the Bankruptcy Court pending the District Court's determination of the Motion to Withdaw the reference. (Dkt 64).

17. On February 27, 2025, the Trustee filed her response to the Motion for Sanctions asserting that the Debtor had failed to allege any cause. (Dkt 68).

18. On March 7, 2025, the Debtor file a Motion to Void Financial Management Course Requirement, Challenge Continued Adjudication, and Demand Jurisdictional Clarification. (Dkt 69).

19. On March 11, 2025, the Debtor mailed to the Trustee Money Order made payable to "Dianne C. Kerns, U.S.Trustee"[2] in the amount of $550. Said payment was for the March 2025 plan payment.

20. On March 18, 2025, the Bankruptcy Court issued a Notice of Videoconference Hearing setting a hearing on May 6, 2025, at 10:45 a.m. to consider and act upon the Debtor's Motion for Stay Pending Adjudication or, In the Alternative, Motion for Continuance,

---

[1] See copy of money order attached as exhibit A to Debtor's Motion to Strike Trustee's Motion to Dismiss As Void and Moot filed February 14, 2025 at 3:47 p.m. (Dkt 61).

[2] Notably Dianne C. Kerns is not the United States Trustee.

Debtor's Motion for Sanction Against Chapter 13 Trustee, and Debtor's Motion to Void Financial Management Course Requirement, Challenge Continued Adjudication, and Demand for Jurisdictional Clarification. (Dkt 70).

21. On March 19, 2025, despite there being no activity in the bankruptcy case other than the Debtor voluntarily sending in a plan payment nor communication with the Trustee's office since filing his Motion for Sanctions, the Debtor file a Motion to Remove Trustee for Cause and to Cease Unauthorized Adjudication. (Dkt 71). It bears noting that the Trustee does not adjudicate cases because such authority lies solely with the court.

II. **LEGAL ARGUMENT.**

As this Court explained to the Debtor at the status hearing on January 22, 2025, this chapter 13 case will proceed in the ordinary course unless/until the District Court grants the Motion to Withdraw the Reference. To date, the District Court has not granted the Motion to Withdraw and jurisdiction remains with the Bankruptcy Court.

Even if the reference is withdrawn, that would merely mean that the District Court rather than the Bankruptcy Court would adjudicate the chapter 13 case. It has no impact on the appointment of a Trustee and the duty of the Trustee to administer the case. Here, the Debtor asserts that the Trust has engaged in misconduct, dishonorable actions, and breach of fiduciary duty because she filed a motion to dismiss, as he was instructed by the Bankruptcy Court that she would if he failed to make his plan payments. Filing a motion to dismiss is expressly authorized and within the duties imposed on the Trustee by the United States Bankruptcy Code. 11 U.S.C. Sec.1302(b).

Given the lack of any conduct precipitating the Motion to Remove and the lack of any facts even suggesting misconduct, it seems that the Debtor simply does not want his chapter 13 case to be administered. Yet he wants to continue enjoying the protection of the automatic stay thereby inappropriately hindering and delaying his creditors. Given that he has voluntarily filed this case, if he does not want it to be administered by a trustee and adjudicated by the Bankruptcy Court, a remedy is for him to voluntarily dismiss his chapter 13 case and to proceed under non-bankruptcy law.

WHEREFORE, the request to remove the Trustee being without merit and not appearing to have been brought in good faith, the Trustee requests that the Motion be denied and that the Court grant any further relief that is just and equitable under the circumstances.

RESPECTFULLY SUBMITTED this 24th day of March 2025.

        OFFICE OF THE CHAPTER 13 TRUSTEE
        31 N. 6th Ave. #105-152
        Tucson, AZ 85701

        /s/ Craig Morris 011628
        Craig Morris, Staff Attorney for
        Dianne Crandell Kerns, Chapter 13 Trustee

A copy of the foregoing was filed with the
United States Bankruptcy Court and
a copy together with a receipt of filing
transmitted via electronic or first class
mail this 3/24/2025 to:

Anthony Leo Montez
42080 W. Anne Lane
Maricopa, AZ 85138
Email: anthonyleomontezestate@gmail.com
Debtor

By: AVR