United States Bankruptcy Court
District of Arizona

| | |
|---|---|
| In re: | Case No. 24-09671-BMW |
| ANTHONY LEO MONTEZ | Chapter 13 |
|     Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0970-4 | User: admin | Page 1 of 2 |
| Date Rcvd: May 19, 2025 | Form ID: pdf008 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 21, 2025:**

**Recip ID    Recipient Name and Address**
db      + ANTHONY LEO MONTEZ, 42080 W ANNE LANE, MARICOPA, AZ 85138-8637

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 21, 2025      Signature:      /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 19, 2025 at the address(es) listed below:**

**Name    Email Address**

Craig Morris
    on behalf of Trustee DIANNE C. KERNS craig.morris@dcktrustee.com

DIANNE C. KERNS
    mail@dcktrustee.com ecf@dcktrustee.com,dckerns@dcktrustee.com

DIANNE C. KERNS
    on behalf of Trustee DIANNE C. KERNS mail@dcktrustee.com ecf@dcktrustee.com,dckerns@dcktrustee.com

LEONARD J. MCDONALD, JR.
    on behalf of Creditor U.S. Bank National Association ecf@tblaw.com

Michael Zdancewicz
    on behalf of Creditor Ally Capital Notice@ZLawAZ.com

U.S. TRUSTEE
    USTPRegion14.PX.ECF@USDOJ.GOV

Case 4:24-bk-09671-BMW    Doc 84    Filed 05/19/25    Entered 05/21/25 21:40:23    Desc
Imaged Certificate of Notice    Page 1 of 6

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

## MINUTE ENTRY

### Hearing Information

| | |
|---|---|
| Bankruptcy Judge: | The Honorable Brenda Moody Whinery |
| Case Number: | 4:24-bk-09671-BMW |
| Debtor(s): | ANTHONY LEO MONTEZ |
| Chapter: | 13 |
| Date and Time: | 05/06/2025 10:45 AM |
| Location(s): | Videoconference |
| Courtroom Clerk: | Rebecca Volz |
| Electronic Court Recording Operator: | Wesley Stangret |

### Matter(s)

1. DEBTOR'S MOTION FOR STAY PENDING ADJUDICATION OR, IN THE ALTERNATIVE, MOTION FOR CONTINUANCE (SET ON THE COURT'S OWN MOTION)
57 / 70

2. DEBTOR'S MOTION TO VOID FINANCIAL MANAGEMENT COURSE REQUIREMENT, CHALLENGE CONTINUED ADJUDICATION, AND DEMAND JURISDICTIONAL CLARIFICATION (SET ON THE COURT'S OWN MOTION)
69 / 70

3. DEBTOR'S MOTION FOR SANCTIONS AGAINST CHAPTER 13 TRUSTEE (SET ON THE COURT'S OWN MOTION)
66 / 70

4. DEBTOR'S OBJECTION TO 1) U.S. BANK'S CLAIM (CLAIM NO. 4) AND 2) ALLY FINANCIAL'S CLAIM (CLAIM NO. 8) (SET ON THE COURT'S OWN MOTION)
41 / 77

### Appearances

ANTHONY LEO MONTEZ, APPEARING BY VIDEOCONFERENCE
DIANNE KERNS, CHAPTER 13 TRUSTEE, APPEARING BY VIDEOCONFERENCE
LEONARD MCDONALD, REPRESENTING U.S. BANK AND APPEARING BY VIDEOCONFERENCE
MICHAEL ZDANCEWICZ, REPRESENTING ALLY FINANCIAL AND APPEARING BY VIDEOCONFERENCE

### Proceedings

ITEM 1: DEBTOR'S MOTION FOR STAY PENDING ADJUDICATION OR, IN THE ALTERNATIVE, MOTION FOR CONTINUANCE

ITEM 2: DEBTOR'S MOTION TO VOID FINANCIAL MANAGEMENT COURSE REQUIREMENT, CHALLENGE CONTINUED ADJUDICATION, AND DEMAND JURISDICTIONAL CLARIFICATION

ITEM 3: DEBTOR'S MOTION FOR SANCTIONS AGAINST CHAPTER 13 TRUSTEE

ITEM 4: DEBTOR'S OBJECTION TO 1) U.S. BANK'S CLAIM (CLAIM NO. 4) AND 2) ALLY FINANCIAL'S CLAIM (CLAIM NO. 8)

**ITEM 1**

The Court states that it appears that Debtor is asking this Court to stay the Chapter 13 proceeding pending the District Court's ruling on the Motions to Withdraw the Reference.

Mr. Montez argues that the Bankruptcy Court does not have the ability to adjudicate this case because it is going to District Court. District Court has jurisdiction over his case.

The Court states that as of April 29, 2025, the Motions to Withdraw the Reference remain pending. No rulings have been issued. The District Court has not been asked to stay this proceeding, and the District Court has not entered an order staying this proceeding pending a ruling from the District Court regarding the Motions to Withdraw the Reference.

COURT: PURSUANT TO FRBP 5011(c), THE FILING OF A MOTION TO WITHDRAW A BANKRUPTCY CASE OR PROCEEDING UNDER 28 U.S.C. § 157(d) DOES NOT STAY PROCEEDINGS IN A CASE OR AFFECT ITS ADMINISTRATION UNLESS OTHERWISE ORDERED BY THE COURT. THE STANDARD FOR THIS COURT TO ENTER A STAY IS THE SAME AS A PRELIMINARY INJUNCTION AND DEBTOR HAS NOT PROVIDED ANY BASIS FOR A STAY. THE MOTION IS DENIED.

The Court states that the matters pending in District Court do not keep this case from going forward. If the Motions to Withdraw the Reference are granted, then Mr. Montez will have a judge from District Court presiding over his bankruptcy case.

**ITEM 2**
The Court explains that as previously stated, there is no stay of these proceedings. Additionally, there is no basis to waive the financial management course requirement. The pleading does not provide a basis for the constitutional arguments or provide arguments in support of a statutory waiver pursuant to 11 U.S.C. § 1328(g) and 11 U.S.C. § 109(h)(4).

COURT: GIVEN WHAT IS ON FILE AT THIS TIME, THE MOTION IS DENIED WITHOUT PREJUDICE.

Mr. Montez states that he objects to this ruling and the last ruling.

The Court states that Mr. Montez submitted to the jurisdiction of this Court by voluntarily filing a bankruptcy petition. He is free to appeal rulings that he disagrees with.

Mr. Montez states that he is now giving jurisdiction to the District Court.

The Court states that District Court may accept jurisdiction. A debtor cannot give jurisdiction to the District Court.

**ITEM 3**
The Court states that it seems that the Motion for Sanctions arises from the Trustee filing a Motion to Dismiss which was later withdrawn.

The Court asks if Mr. Montez is still pursuing the Motion for Sanctions given that the Motion to Dismiss was withdrawn.

Mr. Montez reports that he is still pursuing the Motion for Sanctions. The Trustee should not have filed the Motion to Dismiss. The payments were in the mail so there they were not late. The Trustee is violating his due process rights which is why he is requesting sanctions and the Trustee's removal. He wants a new trustee that is not biased against him.

Ms. Kerns states that Mr. Montez seems to be confused regarding the administration of the

bankruptcy case and the jurisdiction of this Court. Even if District Court accepts jurisdiction, it does not change the administration of the case. Nothing has been done in this case that is not done in every single Chapter 13 case. Mr. Montez was delinquent on his plan payments. She filed a Motion to Dismiss which prompted Mr. Montez to cure his delinquency. The Motion to Dismiss was withdrawn when the payments were brought current.

Ms. Kerns states that she may withdraw and allow a trustee in Phoenix to administer this case.

Mr. Montez argues that the payment was not delinquent due to the mailbox rule. It was in the mail, so it was not delinquent.

COURT: THE COURT HAS REVIEWED THE MOTION AND THE RESPONSE. THERE IS NO BASIS FOR THE RELIEF REQUESTED. THE MOTION FOR SANCTIONS AND THE MOTION FOR REMOVAL ARE DENIED. THE TRUSTEE IS FREE TO VOLUNTARILY WITHDRAW IF THAT IS HER PREFERENCE.

**ITEM 4**

Mr. Montez argues in support of his objection to claims. U.S. Bank and Ally Financial are the creditors. He received 1099-Cs and K-1s from the creditors, so the debt has already been discharged. If either creditor wants to file a claim in his case, then evidence is needed. Neither creditor has an interest in his property. He wants to see evidence of their claims. His mortgage payments are current. The vehicle is paid off. The contracts have arbitration clauses so the issues cannot be resolved in this Court.

Mr. McDonald confirms that his client's claim concerns Debtor's primary residence. He reports that the loan documents and loan history are attached to the claim.

The Court states that the claim is deemed sufficient by law.

The Court asks about the basis of the objection. The objection only references a 1099-C. The 1099-C was not attached to the objection.

Mr. Montez states that U.S. Bank has not responded to his letter. He wants to see the original loan documents. He will file a copy of the 1099-C that he received.

Mr. McDonald reports that his client denies issuing a 1099-C and he has not seen a copy of the alleged 1099-C. To the extent the record is supplemented, he will take a look at it. His client's claim is prima facie evidence of the claim. Debtor lists U.S. Bank as secured in his Schedules and Statement and indicates that he will be paying through a conduit. Debtor was engaged in loss mitigation efforts that were not successful. Debtor is making loan payments and there is no trustee sale set. A sale was set previously, but that sale was canceled last year. He requests that the Court overrule the objection.

Mr. Zdancewicz reports that he was retained very recently. Ally Financial has a Motion for Relief from Automatic Stay on file. Debtor objected (DE 37). Debtor's objection includes what appears to be a 1099 of some sort. His client has not authorized or issued any 1099s. He will file a reply on behalf of his client. The claim is prima facie evidence. He requests that the Court overrule the objection.

Mr. Montez states that he wants the borrower in custody forms. Those forms will show that he is the principal. He will subpoena those forms. He will provide copies of the 1099-Cs.

COURT: EACH CLAIM OBJECTION SHOULD BE SEPARATE. DEBTOR IS FREE TO SUPPLEMENT THE OBJECTIONS IF THAT IS HIS PREFERENCE. IF THE OBJECTIONS ARE

SUPPLEMENTED, THEN THE PARTIES MAY CONTACT THE COURTROOM DEPUTY CLERK TO REQUEST A FURTHER HEARING.