| | |
|---|---|
| In re: | Case No. 24-09671-BMW |
| ANTHONY LEO MONTEZ | Chapter 13 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0970-4 | User: admin | Page 1 of 1 |
| Date Rcvd: Aug 26, 2025 | Form ID: pdf008 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

+          Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 28, 2025:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + ANTHONY LEO MONTEZ, 42080 W ANNE LANE, MARICOPA, AZ 85138-8637 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 28, 2025          Signature:      /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 26, 2025 at the address(es) listed below:

| Name | Email Address |
|---|---|
| EDWARD J. MANEY | courtecf@maney13trustee.com |
| LEONARD J. MCDONALD, JR. | on behalf of Creditor U.S. Bank National Association ecf@tblaw.com |
| Michael Zdancewicz | on behalf of Creditor Ally Capital Notice@ZLawAZ.com |
| U.S. TRUSTEE | USTPRegion14.PX.ECF@USDOJ.GOV |

TOTAL: 4

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

## MINUTE ENTRY

### Hearing Information

| | |
|---|---|
| Bankruptcy Judge: | The Honorable Brenda Moody Whinery |
| Case Number: | 4:24-bk-09671-BMW |
| Debtor(s): | ANTHONY LEO MONTEZ |
| Chapter: | 13 |
| Date and Time: | 08/14/2025 10:45 AM |
| Location(s): | Videoconference |
| Courtroom Clerk: | Rebecca Volz |
| Electronic Court Recording Operator: | Alicia Johns |

### Matter(s)

1. STATUS HEARING REGARDING THE CASE (SET ON THE COURT'S OWN MOTION)
1 / 96

2. STATUS HEARING RE: DEBTOR'S OBJECTION TO 1) U.S. BANK'S CLAIM (CLAIM NO. 4) AND 2) ALLY FINANCIAL'S CLAIM (CLAIM NO. 8)
41 / 85

### Appearances

ANTHONY LEO MONTEZ, APPEARING BY VIDEOCONFERENCE
LEONARD MCDONALD, REPRESENTING U.S. BANK AND APPEARING BY VIDEOCONFERENCE
MICHAEL ZDANCEWICZ, REPRESENTING ALLY FINANCIAL AND APPEARING BY VIDEOCONFERENCE
EDWARD J. MANEY, CHAPTER 13 TRUSTEE, APPEARING BY VIDEOCONFERENCE

### Proceedings

ITEM 1: STATUS HEARING REGARDING THE CASE

ITEM 2: STATUS HEARING RE: DEBTOR'S OBJECTION TO 1) U.S. BANK'S CLAIM (CLAIM NO. 4) AND 2) ALLY FINANCIAL'S CLAIM (CLAIM NO. 8)

**ITEM 1**
Mr. Maney provides a status update. The case is in a holding pattern due to objections to the US Bank and Ally Financial claims. Debtor has made a little over four monthly payments. Payments commenced in December of 2024 and the monthly payments are supposed to be $549.65 per month. Debtor is $2,487.20 behind on the payments. He cannot go forward with a Plan analysis given the outstanding claim objections. Debtor's Plan does not Ally Financial's claim with respect to a 2021 Dodge Ram 3500. An amended plan will be needed to address that claim. Ally Financial is not currently receiving any adequate protection. He does not know if the Debtor is making direct payments to Ally Financial outside of the Plan.

The Court asks if the Trustee has a motion to dismiss pending based on the delinquent Plan payments.

Mr. Maney states that the case is being reviewed. No motion to dismiss is pending at this time.

Mr. Montez objects, and states that his payments are current.

The Court explains that the Court asked for the Trustee's position and the Trustee has explained his position.

The Court states that it understands that Mr. Montez may disagree with the Trustee's position. Mr. Montez will be given a chance to explain his position later.

**ITEM 2**
The Court notes that this status hearing was set at Mr. McDonald's request.

Mr. McDonald states that his client filed its claim meeting its prima facie burden, and then the burden shifted to Mr. Montez. Mr. Montez's objection to his client's claim is based on Mr. Montez's belief that his client issued a 1099-C. As indicated in the Response at Dkt. 49 ("US Bank's Response"), US Bank did not issue a 1099-C and has not forgiven the loan. US Bank continues to hold the First Deed of Trust on the property.
At the May 6, 2025 hearing, this Court instructed Mr. Montez to supplement his pleading with the supporting documentation. Mr. Montez did not supplement his pleading as required, which is why this status hearing was requested. Debtor's First Supplemental Objection at Dkt. 92 ("Supplemental Objection") with a 1099-C was filed after this status hearing was noticed out. His client has reviewed the Supplemental Objection and the attached 1099-C. The 1099-C is a forgery and it did not come from US Bank. The payoff letter and lien release that were attached to the Supplemental Objection refer to a junior IDA lien for Debtor's down payment assistance.

The Court summarizes US Bank's position. US Bank takes the position that the letter and deed of release attached to the Supplemental Objection relate to a different obligation, US Bank did not issue a 1099-C, and the 1099-C attached to the Supplemental Objection is a forgery.

Mr. McDonald confirms that the Court's understanding is correct.

The Court asks for the basis of the objection to US Bank's claim. Debtor's Plan provides for payment to US Bank.

Mr. Montez reports he is paying US Bank so he does not lose the property. He is trying to protect the estate. He needs the accounting from US Bank because US Bank is claiming that they have an interest in the property. He objected because US Bank has not provided the necessary accounting.

The Court asks if Debtor is objecting to the amount claimed by US Bank or if Debtor takes the position that US Bank does not have a lien.

Mr. Montez reports that he objected because everything has been paid in full.

The Court asks what Debtor is relying on to support his position that US Bank's lien has been paid in full.

Mr. Montez argues that he needs the documents from US Bank in order to show everything. He received the 1099-C in the mail. According to the IRS, US Bank has to issue a 1099-C.

The Court asks if Mr. Montez is asserting that there is deed of release and reconveyance with respect to the US Bank loan.

Mr. Montez states that he needs the accounting to be produced. His home is paid off and that is why he objected.

The Court asks for Ally Financial's position.

Mr. Zdancewicz states that Ally Financial's position is similar to US Bank's position. The 1099-C attached to the Supplemental Objection is a forgery. The 1099-C was not generated by Ally Bank, Ally Financial, or Ally Capital. His client is investigating and the information discovered so far is in the Response at Dkt. 93 ("Ally's Response"). Ally's Response includes a screen shot of a notice of lien release purported to be from his client. The notice of lien release is another forgery. It appears that the notice of lien release resulted in a new title being issued by the Arizona Department of Motor Vehicles. The new title does not reflect Ally Financial's lien. The new title reflects Bezos Investment Express Trust with Mr. Montez's address as the title owner. The Motion for Relief from Stay at Dkt. 94 was filed out of an abundance of caution. His client will be investigating the forgeries and the fraudulent title change and his client does not want to violate any stays or injunctions.

Mr. Zdancewicz explains that Ally Financial takes the position that the documents are forgeries and Ally Financial still has a valid lien on the vehicle. His client intends to investigate and notify the proper authorities of the findings.

Mr. Montez responds. He is protecting his assets. He objected to the claim and the accounting is needed.

The Court asks for the basis of Debtor's objection to Ally Financial's claim.

Mr. Montez states that Ally Financial has been paid in full.

The Court asks what Debtor is relying on to support his position that Ally Financial's lien has been paid in full.

Mr. Montez states that there is a full clean title. He argues that the creditor has the burden to prove that there is a valid claim by producing verified documentation.

The Court states that creditor claims are deemed to be valid unless the Debtor can raise a legitimate objection and the objection is sustained.

The Court states that Debtor has produced documentation and the creditors have indicated that those documents are forgeries. Those are very serious allegations.

Mr. Montez states that he is the protector of the estate. He argues that the creditors must prove that the claims are valid because he filed the objection.

The Court states that there are claim objections pending, responses, and a Motion for Relief from Stay.

The Court asks if the Motion for Relief from Stay is still out on notice.

Mr. Zdancewicz reports that the Motion for Relief from Stay is still out on notice.

COURT: US BANK AND ALLY FINANCIAL ARE TO FILE DECLARATIONS SPECIFICALLY SETTING FORTH THEIR POSITIONS WITH RESPECT TO THE DOCUMENTATION PRODUCED BY MR. MONTEZ IN HIS SUPPLEMENTAL OBJECTION. BASED UPON THE DECLARATIONS, THE COURT WILL MAKE A DETERMINATION REGARDING THE CLAIM OBJECTIONS OR, IF NEEDED, SET A SHORT EVIDENTIARY HEARING. THE COURT UNDERSTANDS THE REPRESENTATIONS THAT HAVE BEEN MADE BY US BANK AND ALLY FINANCIAL AND DECLARATIONS FROM THE LENDERS ARE NEEDED TO SUBSTANTIATE THE POSITIONS THAT HAVE BEEN TAKEN. IF EVIDENCE IS NEEDED, THEN THE

EVIDENTIARY HEARING WILL IN PERSON IN TUCSON, ARIZONA.

Mr. Montez asks why the Court is not requiring accounting.

COURT: TO THE EXTENT MR. MONTEZ WISHES TO CONDUCT DISCOVERY, THEN HE IS FREE TO CONDUCT DISCOVERY. THE LENDERS ARE ALSO FREE TO CONDUCT DISCOVERY. DECLARATIONS FROM THE LENDERS SUBSTANTIATING THE ALLEGATIONS THAT HAVE BEEN RAISED ARE NEEDED GIVEN THE SERIOUS NATURE OF THE ALLEGATIONS.

Mr. Montez states that is why he needs the accounting.

The Court states that if the documents are forgeries, and Debtor was involved in producing those forgeries, then that is a very serious allegation in this case. A continued hearing will be set.

Mr. Montez indicates that he just started a new job and all of the things the Court is making him do are jeopardizing the estate.

The Court states that the Court is not making the Debtor do anything. The Debtor filed objections to claims and a continued hearing will be set. If Debtor wants to conduct discovery, then Debtor is free to conduct discovery.

Mr. Montez argues that his due process is being violated. All of his motions in his Chapter 11 and in this case have been denied. His lawful request to transmit the record to District Court was ignored, resulting in the appeal being dismissed prematurely.

The Court states that the Chapter 11 case is a separate matter. With respect to this case, there is a Motion to Withdraw that is still pending before the District Court but in the meantime this Chapter 13 case goes forward.

Discussion is held regarding scheduling and appearances.

COURT: A CONTINUED HEARING IS SET FOR SEPTEMBER 23, 2025 AT 10:00 A.M. DECLARATIONS ARE TO BE FILED AT LEAST ONE WEEK PRIOR TO THE CONTINUED HEARING (ON OR BEFORE SEPTEMBER 16, 2025).

Mr. Montez asks if he can file his discovery whenever he prefers.

COURT: DEBTOR IS TO FOLLOW THE RULES FOR DISCOVERY IN A CONTESTED MATTER.

**SUBSEQUENT TO THE HEARING**
COURT: A CONTINUED HEARING IS SET FOR SEPTEMBER 23, 2025 AT 10:00 A.M. ANY INTERESTED PARTIES MAY APPEAR VIA ZOOMGOV.COM. THE HEARING ID IS
160 310 2080 AND THE PASSCODE IS 317080.
CONFIRM AN APPEARANCE BY SENDING AN EMAIL TO COURTROOM CLERK REBECCA VOLZ, AT REBECCA_VOLZ@AZB.USCOURTS.GOV, AT LEAST THREE (3) BUSINESS DAYS PRIOR TO THE HEARING. THE EMAIL IS TO INCLUDE THE FULL NAME OF THE PERSON APPEARING AND THAT PERSON'S RELATIONSHIP TO THE CASE, THE CASE NAME, AND THE CASE NUMBER.