WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re: Anthony Leo Montez,<br><br>       Debtor. | No. CV-25-00031-TUC-RCC<br><br>**ORDER** |

Currently pending before the Court is Debtor Anthony L. Montez's Motion for Withdrawal of Reference. (Doc. 2.) Mr. Montez seeks the withdrawal of his pending Chapter 13 bankruptcy, Case No. 4:24-BK-0971-BMW, to this Court. For the reasons discussed below, Mr. Montez's request is denied.

**I.    BACKGROUND**

On November 11, 2024, Mr. Montez filed a Petition for Individuals Filing for Bankruptcy, initiating his Chapter 13 bankruptcy case. *In re: Anthony Leo Montez*, No. 4:24-bk-09671-BMW, Petition, Doc. 1 (Bankr. Ariz. Nov. 11, 2024). On January 14, 2025, Appellant filed this cause of action seeking a withdrawal of the reference from the Bankruptcy Court pursuant to 28 U.S.C. § 157(d) and Bankruptcy Rule 5011(a). (*See* Doc. 1.) Mr. Montez asserts that "[t]he Bankruptcy Cout lacks authority under Article III of the Constitution to adjudicate non-core matters." (Motion for Withdrawal, Doc. 2 at 6.) He further asserts that a Form 1099–C allegedly issued by one of his creditors "constitutes evidence of debt cancellation." (*Id.* at 5–6.)

///

///

## II. LEGAL STANDARDS

### A. *Background*

"The Constitution grants Congress exclusive power to regulate bankruptcy and under this power Congress can limit that jurisdiction which courts, State or Federal, can exercise over the person and property of a debtor who duly invokes the bankruptcy law." *In re: Gruntz*, 202 F.3d 1074, 1080 (9th Cir. 2000) (quoting *Kalb v. Feuerstein*, 308 U.S. 433, 439 (1940)). "[J]urisdiction and authority over bankruptcies has been vested, from the beginning of the Republic, in the federal district courts." *Id*. (citations omitted). In the early 1980s, however, "the Supreme Court held that the Bankruptcy Act of 1978 impermissibly shifted essential attributes of judicial power from the Article III district court to its non-Article III adjunct, the bankruptcy court." *Security Farms v. Int'l Brotherhood of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997) (citing *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50 (1982)). In response, at least in part, to *Northern Pipeline*, Congress enacted the Bankruptcy Amendments and Federal Judgeship Act of 1984. Pub. L. No. 98-353, 98 Stat. 340. Congress directed that "district courts shall have original and exclusive jurisdiction of all cases under title 11"; however, regarding "civil proceedings arising under title 11, or arising in or related to cases under title 11[,]" the district courts have original but not exclusive jurisdiction. 28 U.S.C. § 1334(a)–(b).

### B. *Referral to Bankruptcy Judges*

"Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate[.]" *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 (1995) (quotations and citations omitted). "Moreover, to insulate the 1984 Amendments from a constitutional assault like that in *Marathon*, Congress enacted 28 U.S.C. § 157." *Security Farms*, 124 F.3d at 1008. Section 157 provides that "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C.

- 2 -

§ 157(a). In the District of Arizona, pursuant to Section 157, "all cases under title 11 and all proceedings under title 11 or arising in or related to a case under title 11" are referred to the Bankruptcy Court. *See* Gen. Order 01-15 (June 29, 2001); *see also In re: Gruntz*, 202 F.3d at 1080 n.4 ("district courts may refer cases and proceedings under title 11 to the bankruptcy courts, which are 'unit[s] of the district court[,]' . . . [and] [a]ll districts currently automatically refer bankruptcy cases to bankruptcy courts by local rule[.]") (first alteration in original). Although all bankruptcy cases are referred to the Bankruptcy Court, "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). "In determining whether cause exists, a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Security Farms*, 124 F.3d at 1008 (citations omitted).

### C. *Core versus Non-Core*

"In general, a 'core proceeding' in bankruptcy is one that 'invokes a substantive right provided by title 11 or . . . a proceeding that, by its nature, could arise only in the context of a bankruptcy case.'" *In re: Gruntz*, 202 F.3d at 1081 (quoting *Wood v. Wood*, 825 F.2d 90, 97 (5th Cir. 1987)). "Core proceedings include, but are not limited to[,]" "matters concerning the administration of the estate"; "allowance or disallowance of claims against the estate or exemptions from property of the estate"; "counterclaims by the estate against persons filing claims against the estate"; "orders in respect to obtaining credit"; "proceedings to determine, avoid, or recover preferences"; motions to terminate, annul, or modify the automatic stay"; proceedings to determine, avoid, or recover fraudulent conveyances"; determinations as to the dischargeability of particular debts"; "objections to discharges"; determination of the validity, extent, or priority of liens"; "confirmation of plans"; "orders approving the use or lease of property"; "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims" and

"recognition of foreign proceedings and other matters under chapter 15 of title 11." 28 U.S.C. § 157(b). "[H]earing core matters in a district court could be an inefficient allocation of judicial resources given that the bankruptcy court generally will be more familiar with the facts and issues and may enter appropriate orders and judgments." *Gillespie v. 100% Nat. Gourmet Inc.*, No. CV-19-02702-PHX-GMS, 2015 WL 736296, at *2 (D. Ariz. Feb. 20, 2015). "Non-core proceedings are those not integral to the restructuring of debtor-creditor relations and not involving a cause of action arising under title 11." *In re Gruntz*, 202 F.3d at 1081 (citations omitted).

## III.  ANALYSIS

Mr. Montez argues that a creditor issued a Form 1099-C which "constitutes evidence of debt cancellation." (Mot. to Withdraw, Doc. 2 at 5–6.) Mr. Montez further argues that "[b]y issuing the Form 1099–C, the creditor has received federal tax benefits, deductions or credits, legally precluding further recovery on the canceled debt." (*Id*. at 5.) Mr. Montez opines that "[t]he creditor failed to provide a full, authenticated accounting of all transactions, offsets, and adjustments[,]" and therefore has not provided sufficient proof of their claim. (*Id*.)

The Bankruptcy Court explained to Mr. Montez that "the matters at issue are core issues." *In re: Anthony Leo Montez*, No. 4:24-bk-09671-BMW, Minute Entry Order, Doc. 51 (Bankr. Ariz. Jan. 14, 2025). This Court agrees. Section 157(b) explicitly recognizes the "allowance or disallowance of claims against the estate" and "determinations as to the dischargeability of particular debts" as core proceedings. 28 U.S.C. § 157(b). Furthermore, the cases relied on by Mr. Montez in the "Statement of Claim" section of his motion, are all decisions made by the bankruptcy courts. (Mot. to Withdraw, Doc. 2 at 5 (citing *In re Reed*, 492 B.R. 261 (Bankr. E.D. Tenn. 2013); *In re Crosby*, 261 B.R. 470 (Bankr. D. Kan. 2001); *In re Smith*, 424 B.R 76 (Bankr. D. Neb. 2010); *In re White*, 431 B.R. 447 (Bankr. S.D. Ga. 2010)). Whether the claim is enforceable and whether the debt should be discharged are core proceedings of Mr. Montez's Chapter 13 case, and well within the Bankruptcy Court's jurisdiction.

1    **IT IS HEREBY ORDERED** that Debtor Anthony L. Montez's Motion for
2    Withdrawal of Reference (Doc. 2) is **DENIED**.
3    **IT IS FURTHER ORDERED** directing the Clerk of Court to close this action.
4    Dated this 2nd day of September, 2025.

_____
Honorable Raner C. Collins
Senior United States District Judge