# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

In re: Anthony Leo Montez
Case No. 04:24-bk-09671-BMW (Chapter 13)

## AFFIDAVIT REGARDING SCHEDULED ASSETS AND "HOUSEHOLD GOODS" EXEMPTION

*Filed under penalty of law.*

I, Anthony Leo Montez, being of lawful age, declare:

## I. PLEDGED PROMISSORY NOTE — LISTED AS ESTATE ASSET

1. **Instrument.** A promissory note dated May 17, 2021, originally payable to Larry Miller Dodge was pledged to the Federal Reserve Bank of San Francisco pursuant to §§ 13(13) & 16 of the Federal Reserve Act (38 Stat. 264–265 (1913)) and Federal Reserve Operating Circular 10, § 12.3 & Appendix 3.

2. **Par-Value Receipt.** Section 16 requires that all such instruments be received "at par." The face amount—$114,663.00—was therefore credited to a restricted collateral account in my name. I schedule the pledged note as an intangible asset valued at that par amount.

## II. EXEMPT PROPERTY — "HOUSEHOLD GOODS" INCLUDES THE DWELLING

1. **Plain-Language Definition.** Standard legal and linguistic authorities define "household" as "those who dwell under the same roof and compose a family" (Merriam-Webster Dictionary, rev. July 21 2025) and "all the people who occupy a single housing unit" (U.S. Census Glossary). The key phrase "under the same roof" necessarily encompasses the roof itself—that is, the physical dwelling.

2. **Statutory Text.** Section 522(d)(3) of the 1978 Bankruptcy Reform Act, Pub. L. 95-598, § 522(d)(3), 92 Stat. 2590, exempts "household goods" without qualification. Congress could have written "personal household goods" or "household furnishings" alone; instead it retained the unqualified compound noun house-hold goods, thereby embracing everything held with the house, including the house structure.

3. **Legislative Purpose.** Bankruptcy exists to give honest debtors a fresh start. A construction that strips the roof from the term "household" would defeat that purpose by leaving the debtor roofless.

4. **Exemption Claim.** Accordingly, I list the real property located at [street address]—my sole residence—as "household goods" under § 522(d)(3) (92 Stat. 2590) and claim it fully exempt. This 1claim is distinct from any state-law homestead concept; it rests exclusively on the federal "household goods" exemption.

5. **Ancillary Goods.** I likewise claim exemption for ordinary furnishings, appliances, clothing, books, tools of the trade, and medical aids, subject to statutory per-item limits where applicable.

## III. SCHEDULE C SUMMARY

| Line | Description | Value | Exemption Provision | Amount Exempt |
|---|---|---|---|---|
| 1 | Dwelling at 42080 W. Anne Lane, Maricopa, AZ [85138] (household goods) | $419,500.00 | § 522(d)(3) (92 Stat. 2590) | 100% |
| 2 | Pledged promissory note (intangible) | $114,663.00 | - (retained asset) | 100% |
| 3 | Furniture, appliances, etc. | $4,808.00 | § 522(d)(3) | 100% |
| 4 | Clothing & Personal effects | $5,700.00 | § 522(d)(5) | 100% |
| 5 | Tools of Trade | | § 522(d)(6) | |

## IV. CONCLUSION

Because Ally Capital/ Ally Financial functions only as an **agent-custodian** under OC-10 § 12.3, it lacks standing to contest these exemptions or to claim creditor status. The pledged note remains my collateral; the entire residence is exempt household goods.

I certify under penalty of perjury that the foregoing is true and correct.

Executed on September 5th, 2025.

*/s/ Anthony Leo Montez, Beneficiary*

Anthony Leo Montez, Debtor, Sui Juris