

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

In re: Anthony Leo Montez
Case No. 04:24-bk-09671-BMW (Chapter 13)

Anthony Leo Montez,
    Debtor and Plaintiff,

v.

Ally Capital / Ally Financial, a national banking association,
    Defendant,



## COMPLAINT TO DETERMINE CREDITOR STANDING, FOR DECLARATORY & INJUNCTIVE RELIEF, ACCOUNTING, DAMAGES, AND TRIAL by JURY!

*(Seventh-Amendment jury demanded on all legal issues)*

## INTRODUCTION

1. Defendant pledges consumer promissory notes—including Plaintiff's—to the Federal Reserve Discount Window while falsely purporting to be a creditor in bankruptcy and foreclosure proceedings.

2. Federal Reserve Operating Circular 10 ("OC-10") § 12.3 declares that a pledging bank acts solely as agent for the borrower. An agent-custodian cannot simultaneously assert creditor rights adverse to the borrower.

3. Plaintiff seeks declaratory, injunctive, and monetary relief to halt and redress Defendant's misconduct.

## JURISDICTION AND VENUE

1. This Court possesses federal-question jurisdiction under 28 U.S.C. §§ 1331 and 1334.

2. Because this action raises Article III creditor-standing, fraud, and Seventh-Amendment jury issues, Plaintiff has sought and obtained withdrawal of the reference pursuant to 28 U.S.C. § 157(d) and the constitutional principles stated in Northern Pipeline v. Marathon Pipe Line, 458 U.S. 50 (1982), and Stern v. Marshall, 564 U.S. 462 (2011).

3. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1409(a).

## PARTIES

1. **Plaintiff** is the debtor in Chapter 13 Case No. 4:24-bk-09671-BMW and resides at 42080 W. Anne Lane, Maricopa, AZ [85138].

2. **Defendant** is a federally insured depository institution with its principal place of business at 500 Woodward Avenue, Detroit, MI 48226, and conducts business in this District.

## FACTUAL ALLEGATIONS

### A. Origination and Pledge

1. On May 17, 2021, Plaintiff executed a promissory note in the principal amount of $114,663.00 (the "Note").

2. On May 17, 2021, Defendant pledged the Note (or a pool containing the Note) to the Federal Reserve Bank of San Francisco under the Borrower-in-Custody ("BIC") program.

3. OC-10 § 12.3 states: "The depository institution acts as an agent for the borrower when pledging collateral under a BIC arrangement."

4. Under § 16 of the Federal Reserve Act, 38 Stat. 265 (1913), pledged instruments are discounted at par; Defendant received Federal Reserve credit equal to the Note's face value.

### B. Consequences of the Pledge

1. Receipt of par-value credit discharges the instrument pro tanto. See U.C.C. § 3-602(a).

2. Defendant retains the Note solely as custodian-agent for the Federal Reserve; it never acquired creditor status.

3. Nevertheless, Defendant filed Proof of Claim No. 8 asserting itself as a secured creditor and continues collection efforts.

### C. Harm to Plaintiff

1. Defendant's misrepresentations cloud title, obstruct reorganization, and expose Plaintiff to unlawful collection.

## CLAIMS FOR RELIEF

### Count I — Declaratory Judgment (28 U.S.C. § 2201)
17–23. Plaintiff seeks a declaration that Defendant lacks creditor standing and any lien is void.

### Count II — Accounting
24–29. Plaintiff seeks a full accounting of all Discount-Window credits, collateral reports, and custodial records referencing the Note. 2

### Count III — Fraudulent Misrepresentation
30–35. Defendant knowingly asserted false creditor status, relied upon by the Court and Plaintiff, causing damages.

### Count IV — Civil-Rights Violations (42 U.S.C. § 1983 & 18 U.S.C. § 241)
36–40. By misusing federal agency status in bankruptcy proceedings, Defendant acted under color of law and conspired to deprive Plaintiff of constitutional rights.

### Count V — Injunctive Relief
41–44. Ongoing constitutional injury warrants preliminary and permanent injunction barring further false creditor claims.

## PRAYER FOR RELIEF

Plaintiff asks that the Court:

1. **Declare** Defendant lacks creditor standing and void any asserted lien;
2. **Order** a comprehensive accounting of all Federal Reserve transactions involving the Note;
3. **Award** damages (actual, consequential, and punitive) for fraud and civil-rights violations;
4. **Enjoin** Defendant from further collection activity absent proof of standing;
5. **Impose** sanctions under Fed. R. Bankr. P. 9011;
6. **Refer** potential violations of 18 U.S.C. §§ 241–242 for investigation;
7. **Award** costs and any other relief the Court deems just.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## CERTIFICATE OF SERVICE

I certify that on September 5, 2025, a true copy of this Complaint was served on Defendant via USPS mail at 500 Woodward Avenue, Detroit, MI 48226 and on all registered CM/ECF parties.

Anthony-Leo Montez, Beneficiary

Anthony Leo Montez, Sui Juris, All Rights Reserved.
42080 West Anne Lane, Maricopa, Arizona [85138]