# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF ARIZONA

**CASE NUMBER:** 04:24-bk-09671-BMW

**IN RE:** ANTHONY LEO MONTEZ ESTATE  
Sui Juris, Debtor and Petitioner, et al.

**CHAPTER 13**

## PETITION TO VACATE ORDERS (Docs 103 and 104) FOR DEFECTIVE SERVICE, VIOLATION OF DUE PROCESS, AND IMPROPER HEARSAY

### I. INTRODUCTION

Petitioner, Anthony Leo Montez, Sui Juris, respectfully presents this petition to vacate Orders entered August 26, 2025 (Docs 103 and 104), which granted Ally Capital/Ally Financial relief from the automatic stay. These Orders were entered without proper service, in violation of due process, and upon reliance on attorney statements that lack evidentiary foundation.

### II. FACTS

1. On or about August 26, 2025, Ally Capital's attorney, Michael Zdancewicz, filed a Certificate of No Objection (Doc 102), claiming service of the Motion for Relief from Stay was made on Petitioner by United States Mail.

2. Petitioner never received service of that motion, certificate, or related filings by U.S. Mail.

3. Petitioner only became aware of the filings and Orders by checking the Court's online docket (PACER/ECF).

4. Because service was not effected, Petitioner had no notice and no opportunity to file an objection.

5. The Court relied on the defective "Certificate of No Objection" to enter Orders (Docs 103 and 104) granting Ally Capital relief from the automatic stay and waiving the 14-day protection under Rule 4001(a)(3).

6. Additionally, Ally's counsel has sought to characterize Petitioner's filings or objections concerning Ally's proof of claim as potentially criminal conduct.

7. Counsel, however, lacks first-hand knowledge of the alleged transactions and is not a competent witness. Any such accusations are hearsay and inadmissible under Federal Rule of Evidence 602, which requires personal knowledge for testimony.

8. No attorney statement, unsworn and without evidentiary foundation, may be used to transform a civil bankruptcy matter into a criminal allegation.

---

## III. LAW

**Due Process Clause, U.S. Constitution** – Notice and an opportunity to be heard are required before a party's rights are affected (Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950)).

**Bankruptcy Rule 7004(b)** – Service by mail must be properly addressed and mailed to be effective.

**Bankruptcy Rule 9014(a)-(b)** – Motions in contested matters require valid service.

**Hazel-Atlas Glass Co. v. Hartford-Empire Co.\*, 322 U.S. 238 (1944)** – Fraud on the court arises where false or misleading filings prevent fair adjudication.

**Trinsey v. Pagliaro, 229 F. Supp. 647 (E.D. Pa. 1964)** – Statements of counsel are not evidence.

**Federal Rule of Evidence 602** – A witness may testify only if evidence supports that the witness has personal knowledge of the matter.

---

## IV. ARGUMENT

**1. Defective Service** – Ally's counsel filed a certificate claiming service by U.S. Mail, but Petitioner never received anything. This is a failure of service under Bankruptcy Rules 7004 and 9014.

**2. Denial of Due Process** – Without actual notice, Petitioner was denied a meaningful opportunity to object, which violates constitutional due process.

**3. Improper Use of Counsel Statements** – Ally's counsel cannot supply evidence by way of unsworn argument. Statements of counsel are not evidence (Trinsey v. Pagliaro).

**4. Rule 602 Violation** – Counsel has no first-hand knowledge of Petitioner's transactions or alleged 1099-C filing. Counsel cannot introduce accusations as if he were a witness.

**5. Improper Criminalization** – A proof of claim dispute is a civil bankruptcy matter. Counsel's attempt to frame Petitioner's actions as criminal, without admissible evidence, is prejudicial, unsupported, and violates due process.

**6. Orders Entered in Error** – Docs 103 and 104 were based on both defective service and improper reliance on counsel's statements, and must be vacated.

---

## V. RELIEF REQUESTED

Petitioner, Sui Juris, respectfully presents the following requests:

1. That Orders (Docs 103 and 104) be vacated as void for lack of notice, denial of due process, and reliance on inadmissible hearsay.

2. That Ally Capital be required to properly serve its Motion for Relief from Stay in compliance with Bankruptcy Rule 7004, if they still wish to continue with the proper filing of said Motion.

3. That all attorney statements lacking first-hand knowledge, including any attempt to characterize civil filings as criminal conduct, be stricken from the record.

4. That Petitioner be afforded full opportunity to file an objection and present evidence before any future ruling.

5. That the record reflect that Petitioner was not served and the prior Orders were issued in error.

Respectfully presented,

*:Anthony-Leo:Montez;Beneficiary.*

Anthony Leo Montez, Sui Juris
42080 W. Anne Lane, Maricopa, AZ [85138]
September 8, 2025

Case 4:24-bk-09671-BMW    Doc 114    Filed 09/09/25    Entered 09/09/25 15:45:07    Desc
Main Document    Page 3 of 5

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF ARIZONA

**CASE NUMBER:** 04:24-bk-09671-BMW

**IN RE:** ANTHONY LEO MONTEZ ESTATE  
       Sui Juris, Debtor and Petitioner, et al.

**CHAPTER 13**

## SWORN AFFIDAVIT OF NON-RECEIPT OF SERVICE
*(Attached as Exhibit A to Petition to Vacate Orders)*

I, Anthony Leo Montez, Sui Juris, declare and affirm the following facts under penalty of Law:

1. I am the Debtor in this case and maintain residence at 42080 W Anne Lane, Maricopa, AZ [85138].

2. On or about August 26, 2025, Ally Capital/Ally Financial's attorney, Michael Zdancewicz, filed a Certificate of No Objection (Doc 102) claiming that service of the Motion for Relief from Stay was made on me by United States Mail.

3. I affirm that I never received service of the Motion for Relief from Stay, Certificate of No Objection, or any related filings by U.S. Mail or by any other method.

4. I first became aware of the filings (Docs 102, 103, and 104) only by reviewing the Bankruptcy Court's electronic docket system.

5. At no time prior to entry of the Orders (Docs 103 and 104) was I provided notice of Ally's filings.

6. Because I was never properly served, I was denied the opportunity to timely object, respond, or appear in defense of my rights.

7. I affirm these facts are true, correct, and based on my direct knowledge.

---

Executed this 8th day of September, 2025.

Respectfully affirmed under penalty of Law,

*Anthony-Leo :Montez, Beneficiary.*
Anthony Leo Montez, Sui Juris
42080 W. Anne Lane, Maricopa, AZ [85138]