**ZDANCEWICZ LAW FIRM, PLC**
Post Office Box 51826
Phoenix, Arizona 85076
Phone: (602) 900-0890
Fax:    (602) 265-4391
Notice@ZLawAZ.com
Michael Zdancewicz - 12426
Attorney for Ally Financial and Ally Capital

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>Anthony Leo Montez,<br><br>Debtor. | Case No.: 4:24-bk-09671-BMW<br><br>**Chapter 13 Proceeding**<br><br>**RESPONSE IN OPPOSITION TO DEBTOR'S MOTION TO VACATE ORDER GRANTING MOTION TO LIFT STAY**<br><br>**Property Description:**<br>2021 Ram 3500 Mega Cab Limited Pickup 4D 6 1/3 ft VIN 3C63RRPL6MG537343 |

Ally Capital ("**Creditor**"), by and through the undersigned attorneys, hereby responds to the Debtor's *Petition to Vacate Order* (the "**Debtor's Motion**") that he filed on 9 September 2025 at docket 114 to vacate the *Order Granting Motion for Relief from the Automatic Stay and in the Alternative Motion to Confirm the Absence of the Stay* entered on 3 September 2025 docket 106 (the "**Stay Order**"). The Debtor's Motion is without merit and should be denied. The following Memorandum of Points and Authorities supports this Response.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PROCEDURAL BACKGROUND

On 3 September 2025 the Court entered the Stay Order and waived the 14-day stay under Rule 4001(a)(3). The Order was entered following proper service and the filing of a Certificate of No Objection filed at docket 102, indicating that no opposition had been filed within the time permitted by the Court's rules.

## II. ARGUMENT

### A. Service Was Properly Effectuated

Contrary to Debtor's assertion, service of the Motion for Relief from Stay and Notice of the Motion were properly made by United States Mail. The *Certificate of Service* is on the Motion for Stay Relief at docket 94 page 11, and on the Notice of the Motion for Stay Relief filed at docket 95 page 2.

In *Moody v. Bucknum (In re Bucknum), 951 F.2d 204, 207 (9th Cir. 1991)* the Ninth Circuit said that when mail is properly addressed, stamped, and deposited into the mail, there is a presumption that it was received by the addressee. Id at 207. The Court emphasized that a certificate of mailing raises that presumption. *Id*. Also, the Court held that a mere affidavit of nonreceipt—i.e. a statement by the recipient that they didn't receive the notice—is *not* enough, by itself, to rebut the presumption. *Id.* There must be more concrete or objective evidence.

The Certificate of Service complies with Bankruptcy Rule 7004(b), which permits service by first-class mail to the debtor's address of record; Local Bankruptcy Rule 2084-1(b)(6)( "serve" means by regular mail, email or fax); and Local Rule 4001-1(Motion for Relef and Notice "must be promptly served" on the Debtor). Debtor's claim of non-receipt does not rebut the presumption of proper service established by the Certificate.

The Motion for Stay Relief and Notice of the same were mailed by first class, postage prepaid, United Staes Mail, to the Debtor in accordance with the Certificates of Service:

## Certificate of Service

I certify that on August 6, 2025, a true and correct copy of the above and foregoing was served upon the following parties via electronic means as listed on the Court's ECF noticing system, if available, otherwise by regular first-class mail:

| | |
|---|---|
| Anthony Leo Montez<br>42080 W Anne Lane<br>Maricopa AZ 85138<br>By United States Mail | Deanna Marie Ruiz<br>42080 W Anne Lane<br>Maricopa AZ 85138<br>By United States Mail |
| United States Trustee<br>District of Arizona<br>230 North First Avenue, Suite 204<br>Phoenix, AZ 85003<br>ECF | Edward Maney<br>Chapter 13 Trustee<br>101 North First Avenue, Suite 1775<br>Phoenix, AZ 85003<br>ECF |

/s/ Michael Zdancewicz

The pleadings were mailed at a United States Post Office. The official receipt from the United States post office evidencing the mailing follows:

[USPS receipt image]

```
                    UNITED STATES
                    POSTAL SERVICE®

                    AHWATUKEE
                    11010 S 51ST ST
                    PHOENIX, AZ 85044-9998
                    www.usps.com
08/06/2025                                        04:19 PM
--------------------------------------------------------------
Product                         Qty       Unit       Price
                                          Price
--------------------------------------------------------------
First-Class Mail®                1                   $2.44
Large Envelope
    Maricopa, AZ 85138
    Weight: 0 lb 3.80 oz
    Estimated Delivery Date
    Sat 08/09/2025

First-Class Mail®                1                   $2.44
Large Envelope
    Maricopa, AZ 85138
    Weight: 0 lb 3.80 oz
    Estimated Delivery Date
    Sat 08/09/2025
```

The mailing to the Debtor **was not returned to the sender**.

The debtor's schedules do not identify any codebtors. See schedules at docket 32.

[Schedule H: Your Codebtors form image — Official Form 106H, 12/15. Question 1: "Do you have any codebtors?" — No checked. Question 2: Within the last 8 years, have you lived in a community property state — Yes checked; "Did your spouse, former spouse, or legal equivalent live with you at the time?" — No checked.]

The contract with Ally lists a codebtor Deanna Marie Ruiz with an address of 42080 W Anne Lane, Maricopa Arizona 85138, the same address of the Debtor. The Motion for

1  Stay Relief and the Notice of the same were mailed to Deanna Marie Ruiz at the address on
2  the contract.



   The mailing to the codebtor was eventually returned to the sender with the following
10 notation:

The Motion for Stay Relief and the Notice of the same were sent in accordance with the Certificate of Mailing. The second identical mailing to the Debtor was not returned to the sender.

**B. Due Process Was Not Violated**

The Debtor had access to the Court's docket via PACER and acknowledges discovering the filings therein. The opportunity to respond was available, and no objection was filed within the time permitted.

The Debtor was present at the hearing on 14 August 2025. The following information was presented at the hearing (see docket entry 100).

> Mr. Zdancewicz states that Ally Financial's position is similar to US Bank's position. The 1099-C attached to the Supplemental Objection is a forgery. The 1099-C was not generated by Ally Bank, Ally Financial, or Ally Capital. His client is investigating and the information discovered so far is in the Response at Dkt. 93 ("Ally's Response"). Ally's Response includes a screen shot of a notice of lien release purported to be from his client. The notice of lien release is another forgery. It appears that the notice of lien release resulted in a new title being issued by the Arizona Department of Motor Vehicles. The new title does not reflect Ally Financial's lien. The new title reflects Bezos Investment Express Trust with Mr. Montez's address as the title owner. The Motion for Relief from Stay at Dkt. 94 was filed out of an abundance of caution. His client will be investigating the forgeries and the fraudulent title change and his client does not want to violate any stays or injunctions.
>
> Mr. Zdancewicz explains that Ally Financial takes the position that the documents are forgeries and Ally Financial still has a valid lien on the vehicle. His client intends to investigate and notify the proper authorities of the findings.
>
> Mr. Montez responds. He is protecting his assets. He objected to the claim and the accounting is needed.
>
> The Court asks for the basis of Debtor's objection to Ally Financial's claim.
>
> Mr. Montez states that Ally Financial has been paid in full.

The Debtor was on notice of the filed Motion and had the opportunity to respond and still no objection was filed within the time permitted.

The Court acted properly entering the Order based on the proper mailings, the absence of objection and the legal sufficiency of the Motion.

C. **Allegations Against Counsel Are Irrelevant and Unsupported**

The Debtor's accusations regarding counsel's alleged misconduct or hearsay statements are irrelevant to the relief granted. The Orders were based on the Motion and the lack of timely objection—not on any testimonial evidence or criminal allegations. The Stay Motion relied in part on documents placed in the Court record by the Debtor. Counsel's role in filing pleadings does not require personal knowledge of every transaction, and no evidentiary hearing was requested or required under the circumstances.

D. **No Basis for Vacatur Under Rule 9024 or Rule 60(b)**

The Debtor has not demonstrated any grounds under Federal Rule of Bankruptcy Procedure 9024 (incorporating Fed. R. Civ. P. 60(b)) to vacate the Orders. There is no showing of mistake, inadvertence, surprise, excusable neglect, or any other reason justifying relief from the Stay Order.

One of the issues in this case involves a claim that a fraudulent *Notice of Lien Release* was presented to the State of Arizona, Department of Transportation, Motor Vehicle Division ("**State MVD**"). Ally has presented this court with the declaration of Ashley Graff filed at docket entry 118 indicating that the *Notice of Lien Release* was not generated or authorized by Ally. That Declaration is incorporated herein by reference.

A meritorious defense in this case would be that Ally's lien was released because Ally was paid in full by the Debtor or by a third party on the Debtor's behalf. The burden is,

therefore, upon Mr. Montez to prove payment with some affirmative evidence. Affirmative defenses require proof. *See e.g. Hegel v. O'Malley Insurance*, 593 P.2d 275(1979) (burden is on one trying to prove payment with affirmative evidence). The party asserting the affirmative defense has the burden of proving their affirmative defenses. *See Jones v. Taber*, 648 F.2d 1201, 1203 (9th Cir. 1981). The Debtor has not come forward with any evidence to satisfy his affirmative defense that he, or a third party, paid Ally any consideration to release its lien.

It is proper under the circumstances to investigate how a *Notice of Lien Release,* purported on Ally's behalf, was presented to the State MVD when Ally provided a declaration that it did not generate the document. Such an investigation does not violate any stays in this case. The Stay Order was entered to allow Ally to investigate how the *Notice of Lien Release* was presented to the State MVD. The Debtor has not come forward with the meritorious claim as to why the Stay Order should be vacated.

## CONCLUSION

The Court properly entered the Stay Order on 3 September 2025, after valid service of the Motion and Notice and the absence of any objection under the Court's rules. Service by first-class mail fully complied with Bankruptcy Rule 7004(b) and local rules, creating a presumption of receipt under *In re Bucknum*, 951 F.2d 204 (9th Cir. 1991), which Debtor's bare denial cannot overcome. Due process was satisfied: Debtor had access to the docket, attended the 14 August 2025 hearing, and had an opportunity to respond but did not. Allegations against counsel are irrelevant to the relief granted. No basis exists under Rule 9024 or Rule 60(b) to vacate the Order, as Debtor has shown neither mistake nor a

meritorious defense. The Stay Order was appropriately entered to allow Ally to investigate the fraudulent lien release, and Debtor offers no grounds to disturb it.

Dated: 23 September 2025.

**Zdancewicz Law Firm, PLC**

<u>/s/ Michael Zdancewicz (012426)</u>
Michael Zdancewicz
Post Office Box 51826
Phoenix, Arizona 85076
Attorney for Ally Financial and Ally Capital

**Certificate of Service**

I certify that on September 23, 2025, a true and correct copy of the above and foregoing was served upon the following parties by regular first-class mail postage prepaid:

| | |
|---|---|
| Anthony Leo Montez<br>42080 W Anne Lane<br>Maricopa AZ 85138<br>**By United States Mail** | Deanna Marie Ruiz<br>42080 W Anne Lane<br>Maricopa AZ 85138<br>**By United States Mail** |

By: <u>  Michael Zdancewicz</u>