UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

**MINUTE ENTRY**

<u>*Hearing Information*</u>

| | |
|---|---|
| Bankruptcy Judge: | The Honorable Brenda Moody Whinery |
| Case Number: | 4:24-bk-09671-BMW |
| Debtor(s): | ANTHONY LEO MONTEZ |
| Chapter: | 13 |
| Date and Time: | 10/29/2025 10:30 AM |
| Location(s): | Videoconference |
| Courtroom Clerk: | Rebecca Volz |
| Electronic Court Recording Operator: | Wesley Stangret |

<u>*Matter(s)*</u>

1. STATUS HEARING REGARDING THE CASE (SET ON THE COURT'S OWN MOTION) (CONT. FROM 08/14/2025) (RESCHEDULED FROM 09/23/2025)
1 / 127

2. DEBTOR'S OBJECTION TO 1) U.S. BANK'S CLAIM (CLAIM NO. 4) AND 2) ALLY FINANCIAL'S CLAIM (CLAIM NO. 8) (CONT. FROM 08/14/2025) (RESCHEDULED FROM 09/23/2025)
41 / 127

<u>*Appearances*</u>

ANTHONY LEO MONTEZ, APPEARING BY VIDEOCONFERENCE
MARY MARTIN, REPRESENTING THE CHAPTER 13 TRUSTEE AND APPEARING BY VIDEOCONFERENCE
LEONARD MCDONALD, REPRESENTING U.S. BANK AND APPEARING BY VIDEOCONFERENCE
MICHAEL ZDANCEWICZ, REPRESENTING ALLY CAPITAL GROUP AND ALLY FINANCIAL AND APPEARING BY VIDEOCONFERENCE

<u>*Proceedings*</u>

ITEM 1: STATUS HEARING REGARDING THE CASE

ITEM 2: DEBTOR'S OBJECTION TO 1) U.S. BANK'S CLAIM (CLAIM NO. 4) AND 2) ALLY FINANCIAL'S CLAIM (CLAIM NO. 8)

**ITEM 1**

Ms. Martin reports that the Plan payments are current. The Trustee is waiting on a number of documents that Debtor needs to provide. Mr. Montez's Schedule I indicates that he is self-employed, but he has not returned the business questionnaire or filed any monthly business operating reports. Additionally, the Debtor has not yet provided copies of his 2024 tax returns. Once those items are addressed, the Trustee needs the claims objections to be determined.

COURT: DEBTOR IS TO PROVIDE COPIES OF HIS 2024 TAX RETURNS TO THE TRUSTEE'S OFFICE AND FILE THE MONTHLY BUSINESS OPERATING REPORTS IN ORDER FOR THE PLAN TO PROCEED TO CONFIRMATION.

Mr. Montez states that he took care of those items with the previous Trustee.

The Court explains that the business operating reports are an ongoing obligation.

Mr. Montez states that he will take care of it.

**ITEM 2**
The Court states that the briefing is complete and the Court is in a position to rule.

Mr. McDonald argues that the 1099-C provided by Mr. Montez is a forged document. Mr. Montez filed an objection of sorts to his Response indicating that he did not receive all pages of the Declaration. Mr. Montez did receive the entire Declaration. The Declaration is five pages. The 5th page is a copy from Mr. Montez's pleading, so the page number on the 5th page is the page number from Mr. Montez's pleading.

The Court states that the Response was four pages and the Declaration was five pages, so it does not appear that there are any additional pages that the Debtor did not receive.

Mr. Montez states that he objected to all of that. There is a Complaint that needs to be answered because a summons was issued.

The Court states that the adversary proceeding is separate and apart from the matters on calendar today.

The Court issues its ruling on the record with respect to Debtor's Objection to U.S. Bank's Claim (Claim no. 4).

COURT: BASED UPON SUCH RULING, THE DEBTOR'S OBJECTION TO U.S. BANK'S CLAIM IS OVERRULED. COUNSEL MAY UPLOAD AN ORDER FOR THE COURT'S CONSIDERATION.

Mr. Zdancewicz argues that the 1099 and the lien release were not generated by Ally Financial or Ally Capital. Ms. Graf's Declaration is on file.

Mr. Montez objects. Ms. Graf has no firsthand knowledge. The 1099 came from the IRS to his mailbox.

The Court asks if Ms. Graf is a representative of the entity.

Mr. Zdancewiz confirms that Ms. Graf is a representative of the entity. Ms. Graf is familiar with the loan files and satisfies the requirements for the business record exception.

Mr. Montez argues that the documents came from the IRS. This is a violation of due process.

The Court states that it has reviewed all of Mr. Montez's pleadings and is prepared to issue the ruling. The Debtor chose to file a bankruptcy case. This Court has jurisdiction.

The Court issues its ruling on the record with respect to Debtor's Objection to Ally Financial's Claim (Claim no. 8).

COURT: BASED UPON SUCH RULING, THE DEBTOR'S OBJECTION TO ALLY FINANCIAL'S CLAIM IS OVERRULED. COUNSEL MAY UPLOAD AN ORDER FOR THE COURT'S CONSIDERATION.

**DEBTOR'S PETITION TO VACATE ORDERS (DE 114)**
The Court issues its ruling on the record.

COURT: BASED UPON SUCH RULING, THERE IS NO REASON OR LEGAL BASIS FOR THE

COURT TO SET ASIDE THE ORDER AT DKT. 106. THE MOTION IS DENIED.