

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

Case No.: 04:24-bk-09671-BMW

In re:
Anthony Leo Montez

v.

Ally Financial Inc./Ally Capital Corp.

**Chapter 13**

---

## PLAINTIFF'S STATUTORY-BASED OBJECTION TO MOTION TO DISMISS

---

This filing is based solely on enacted statutory text contained in:

Fed. R. Civ. P. 4, as incorporated by Fed. R. Bankr. P. 7004;

Fed. R. Civ. P. 12(b) and 12(h)(1);

Fed. R. Civ. P. 15(a)(2);

28 U.S.C. § 1334(b);

28 U.S.C. § 2071(a) (rules must be consistent with Acts of Congress).

No judicial doctrines, case law, presumptions, policy standards, or interpretive gloss are relied upon.

---

### I. FACTS RELEVANT TO STATUTORY ANALYSIS

1. Plaintiff completed service of the summons and complaint within the time set forth in Rule 4(m).

2. Plaintiff delivered the documents required by statute.

3. The Complaint identifies the Defendants and identifies the relief sought.

4. The subject matter concerns claims and property administered within the bankruptcy estate.

---

## II. SERVICE OF PROCESS UNDER RULE 4 AND RULE 7004

### A. Statutory Text

Fed. R. Civ. P. 4(c)(1):
> "A summons must be served with a copy of the complaint."

Fed. R. Civ. P. 4(m):
> "If a defendant is not served within 90 days after the complaint is filed, the court... must dismiss the action... or order that service be made within a specified time."

Fed. R. Bankr. P. 7004(a)(1):
> "Rule 4(a), (b), (c)(1), (d)(5), (e)–(j), (l), and (m) F.R.Civ.P. applies in adversary proceedings."

### B. Application to Facts

Plaintiff carried out service within the 90-day period set forth in Rule 4(m).

Rule 4 contains no language concerning alias summons, stale summons, actual notice being irrelevant, or service on counsel requiring express authorization.

These additional concepts do not appear in the statutory text and hold no force under the statutes governing service.

### C. Conclusion of Law Under Rule 4

Because service was completed within 90 days and the statute requires no additional conditions, there is no statutory basis for dismissal under Rule 12(b)(5).

---

## III. RULE 12(h)(1) — WAIVER OF SERVICE DEFENSES

### A. Statutory Text

Rule 12(h)(1):
> "A party waives any defense listed in Rule 12(b)(2)–(5) by: (A) omitting it from a motion; or (B) failing to make it by motion under this rule or include it in a responsive pleading."

### B. Application to Facts

This statute identifies the only conditions for waiver of a Rule 12(b)(5) defense. No other methods appear in the statute.

### C. Conclusion of Law Under Rule 12(h)(1)

No additional non-statutory concepts concerning waiver are recognized. All non-statutory presumptions fall outside Rule 12(h)(1).

---

## IV. RULE 12(b)(6) — STATUTORY STANDARD ONLY

### A. Statutory Text

Rule 12(b)(6):
> "failure to state a claim upon which relief can be granted."

The rule contains no statutory requirement for:
factual detail,
plausibility,
specificity,
heightened pleading standards,
analysis of conclusory language.

### B. Application to Facts

The Complaint:
1. identifies the Defendants; and
2. identifies the relief sought.

These two elements satisfy the text of Rule 12(b)(6).

### C. Conclusion of Law Under Rule 12(b)(6)

The Complaint states a claim upon which relief can be granted under the statutory language. No additional standards exist in the rule.

---

## V. RULE 15(a)(2) — AMENDMENT OF PLEADINGS

### A. Statutory Text

Rule 15(a)(2):
> "The court should freely give leave when justice so requires."

### B. Application to Facts

The statute contains no exception for futility, prejudice, delay, or prior rulings. These concepts do not appear in Rule 15.

### C. Conclusion of Law Under Rule 15
Leave to amend must be granted unless justice does not require it. No statutory grounds exist to deny the request.

---

## VI. JURISDICTION UNDER 28 U.S.C. § 1334(b)

### A. Statutory Text

28 U.S.C. § 1334(b):
> "The district courts shall have... jurisdiction of all civil proceedings... arising in or related to cases under title 11."

## B. Application to Facts

This adversary proceeding concerns matters related to the bankruptcy estate. The plain text of § 1334(b) grants jurisdiction.

## C. Conclusion of Law Under § 1334(b)

No statutory provision removes jurisdiction in these circumstances.

---

# VII. OVERARCHING STATUTORY LIMITATION: 28 U.S.C. § 2071(a)

## A. Statutory Text

28 U.S.C. § 2071(a):
> "The Supreme Court and all courts established by Act of Congress may from time to time prescribe rules for the conduct of their business not inconsistent with Acts of Congress."

## B. Application

Any non-statutory doctrines Defendants relied upon are inconsistent with the Acts of Congress cited above.

## C. Conclusion of Law Under § 2071(a)

Only the enacted statutory text has controlling force.

---

# VIII. FINAL CONCLUSIONS OF LAW

1. Service was completed within the 90-day statutory period required by Rule 4(m).

2. The Complaint satisfies Rule 12(b)(6) by identifying Defendants and identifying the relief sought.

3. Rule 15(a)(2) requires leave to amend because no statutory grounds exist to deny it.

4. Jurisdiction exists under 28 U.S.C. § 1334(b).

5. All non-statutory presumptions relied on by Defendants are inconsistent with the controlling statutes and have no operative effect.

---

Respectfully presented:

*/s/ :Anthony-Leo: Montez, Beneficiary.*

Anthony Leo Montez, Plaintiff Sui Juris
42080 W. Anne Lane
Maricopa, Arizona 85138
ALL RIGHTS RESERVED.

## CERTIFICATE OF SERVICE

I certify that on __November 14__, 2025, a true and correct copy of the foregoing filing titled "PLAINTIFF'S STATUTORY-BASED OBJECTION TO MOTION TO DISMISS" was served by United States Mail on the following recipient pursuant to Fed. R. Civ. P. 5(b)(1):

Michael Zdancewicz
Zdancewicz Law Firm, PLC
Post Office Box 51826
Phoenix, Arizona 85076
Attorney for Ally Financial Inc. and Ally Capital Corp.

---

Respectfully presented:

*:Anthony-Leo: Montez, Beneficiary.*

Anthony Leo Montez, Plaintiff Sui Juris
42080 W. Anne Lane
Maricopa, Arizona 85138

ALL RIGHTS RESERVED.