# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF ARIZONA

CASE NO.: 04:24-bk-09671-BMW

IN RE: ANTHONY LEO MONTEZ
        Debtor and Petitioner

CHAPTER 13

# DEBTOR'S MOTION FOR RECONSIDERATION OF ORDERS OVERRULING OBJECTIONS TO CLAIMS OF U.S. BANK (CLAIM NO. 4) AND ALLY FINANCIAL (CLAIM NO. 8)

Debtor, ANTHONY LEO MONTEZ, ("Debtor"), sui juris, respectfully moves this Court for an order reconsidering and vacating its oral rulings made on October 29, 2025, overruling his objections to the proofs of claim filed by U.S. Bank (Claim No. 4) and Ally Financial (Claim No. 8). In support of this Motion, Debtor states as follows:

## INTRODUCTION

This Motion for Reconsideration is brought because reconsideration is necessary to correct a manifest injustice. The Court's prior orders are void, as they were issued on an incomplete and inaccurate record—one that failed to include the controlling facts and applicable law. These omissions constitute a violation of due process and reflect a failure of the Court to properly discharge its judicial duties.

Clear errors of law and fact occurred when the Court declined to adjudicate the central issue raised in the Debtor's objections: whether the underlying promissory notes—

Page 1 of 6

classified by Congress as "securities" under the Federal Reserve Act—were extinguished as obligations to the claimants upon their deposit at par with a Federal Reserve Bank. This statutory defense is grounded in federal law and directly determines the validity and enforceability of the claims.

By refusing to consider this dispositive legal question, the Court denied the Debtor due process and equal protection. Reconsideration is required to prevent a manifest injustice, and the prior orders cannot stand.

## REQUEST FOR EXTENSION OF TIME BASED ON EXCUSABLE NEGLECT

Debtor respectfully requests that the Court accept this Motion as timely filed, or alternatively, grant an extension of time for its filing based on excusable neglect pursuant to Federal Rule of Bankruptcy Procedure 9006(b)(1).

1. The Court's Order was entered on the docket on November 5, 2025.

2. As established in the concurrently filed Declaration of Anthony Leo Montez., Debtor did not receive the physical Order via USPS mail until November 15, 2025.

3. This left him with a functionally insufficient period to prepare and file a complex motion addressing statutory law within the 14-day deadline, especially given his *sui juris* and ADA status.

4. Debtor's circumstances – his documented sui juris and ADA status (on file with the Court), his reliance on USPS mail (previously notified to the Court), and the significant postal delay detailed in his Declaration – collectively constitute "excusable neglect" under the liberal standard of *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993).

5. The Court should consider the "all relevant circumstances" test from *Pioneer:*

    - **Prejudice to Claimants:** None. They suffer no harm from a short delay.

    - **Length of Delay and Impact:** The delay is minimal (a few business days) and will not disrupt the judicial process.

- **Reason for Delay:** The delay was due to factors outside Debtor's reasonable control: the performance of the postal service and the time he needed, as a sui juris and ADA-identified litigant, to comprehend the Order and prepare a legally substantive motion.

- **Good Faith:** Debtor has acted diligently and in good faith, as evidenced by his immediate filing upon realizing the deadline.

6. Denying this extension would cause a manifest injustice by forever barring a ruling on the merits of Debtor's federal statutory defense.

---

## FACTS

1. Debtor filed objections to the claims of U.S. Bank and Ally Financial (the "Claimants") on the grounds that the underlying debt instruments were satisfied and the claimants lacked standing.

2. Debtor's defense was, and is, that the promissory notes in question fall within the Congressional classification of "eligible paper" or securities under the Federal Reserve Act, 12 U.S.C. § 411 et seq.

3. Debtor sought to present evidence that upon deposit of these notes at par with a Federal Reserve Bank, the obligation was transferred to the Federal Reserve, satisfying the debt and rendering the original creditors' claims null and void.

4. At the hearing on October 29, 2025, the Court heard argument from the Claimants but cut short Debtor's attempt to present his statutory defense, stating it had reviewed the pleadings and was "prepared to issue the ruling." The Court refused to hear the Debtor and issued its ruling without addressing this statutory defense.

5. The Court then overruled Debtor's objections without making any findings of fact or conclusions of law regarding the statutory classification of the notes as securities, effectively treating the Claimants' assertion that the notes were simple contracts as a conclusive presumption.

6. The record is therefore incomplete and the judgment is founded on an error.

## CONCLUSIONS OF LAW

1. A judgment which ignores a material defense is void.

2. The right to present a defense is a right protected by the Constitution; it is not a request to be granted or denied by the Court.

3. A presumption in law is a starting point for debate, not a conclusion. My evidence rebutted the presumption.

4. The Court's refusal to rule on the merits of my defense constitutes a manifest error of law.

5. A short delay caused by reliance on the established mail service, followed by immediate diligent action, is excusable.

## LEGAL ARGUMENT

### I. THE COURT COMMITTED A MANIFEST ERROR OF LAW BY REFUSING TO ADJUDICATE THE STATUTORY DEFENSE THAT THE NOTES ARE SECURITIES.

**A. The Presumption That a Note is a Simple Contract is Rebuttable.**
The Supreme Court in Reves v. Ernst & Young established that any presumption regarding the nature of a financial instrument is rebuttable. The opposing party has the fundamental right to present a preponderance of evidence to rebut it. The Claimants' presumption that the notes are simple contracts is not conclusive; it was the starting point for analysis, not the end. I exercised my right to rebut it.

**B. Congress Has Classified Such Notes as Securities.**
Congress, through the Federal Reserve Act of 1913 and the Banking Act of 1933, created a specific statutory framework that classifies certain promissory notes as "eligible paper" which functions as collateral "security" for Federal Reserve notes. This is not my opinion; it is Congressional fact. The statutory scheme explicitly defines these instruments as security held by the Federal Reserve Banks. Key statutory provisions include:

- 12 U.S.C. § 411: States that Federal Reserve notes are "obligations of the United States" backed by eligible paper held "as collateral security."

- 12 U.S.C. § 412: Defines eligible paper and requires it to be in a form "prescribed by the Secretary of the Treasury."

- 59 Stat. 237, § 2: Explicitly states that eligible paper deposited "shall be the obligations of the Federal Reserve bank" and are "receivable at par."

**C. The Legal Consequence is Transfer and Satisfaction of the Obligation.**
The statutory scheme is clear: when a member bank deposits eligible paper "at par" with a Federal Reserve Bank, the obligation is transferred. The original creditor's asset becomes the property of the Federal Reserve, held as collateral security. The original creditor no longer holds the obligation and therefore has no legal right to collect on it or file a claim against the Debtor's estate. The debt is satisfied. The claimant's standing is null.

### II. THE COURT'S REFUSAL TO CONSIDER THIS DEFENSE VIOLATED DUE PROCESS.

The Fifth Amendment guarantees that no person shall be deprived of property without due process of law. The core of due process is the right to be heard and to present a material defense. My property—my estate—was taken by the Court's order. The defense I sought to present goes to the very heart of the case: the claimants lack standing and the debt is extinguished. By refusing to hear this defense, the Court deprived me of my property without a hearing. This is a fundamental constitutional violation that renders the judgment void.

### III. THE COURT'S ACTIONS CONSTITUTE A DENIAL OF EQUAL PROTECTION OF THE LAW.

The law must be applied equally to all parties. In this proceeding, the Court applied one standard to the claimants and another to me. The claimants were allowed to proceed on an unsupported presumption. I was prevented from introducing statutory facts to rebut that presumption. This is favoritism. This is a systematic exclusion of evidence from one party. Such unequal application of the law violates the Equal Protection Clause of the Fourteenth Amendment.

---

**RELIEF REQUESTED**

WHEREFORE, Debtor ANTHONY LEO MONTEZ respectfully requests that this Court:

1. Grant this Motion for Reconsideration;

2. Vacate the oral orders overruling the Debtor's Objections to Claim No. 4 (U.S. Bank) and Claim No. 8 (Ally Financial);

3. Schedule an evidentiary hearing where the Debtor may fully present his statutory defense, including legal argument and evidence regarding the classification of the notes as securities under the Federal Reserve Act and the consequent satisfaction of the obligation;

4. Upon hearing, enter an order sustaining the Debtor's objections and disallowing Claims No. 4 and 8 in their entirety; and

5. Grant such other and further relief as the Court deems just and proper.

Respectfully presented,

*:Anthony-Leo: Montez, Beneficiary.*

Anthony Leo Montez (Sui Juris)
42080 W. Anne Lane
Maricopa, AZ 85138
Debtor / Plaintiff / Sui Juris
All Rights Reserved – With Prejudice – Without Recourse

# CERTIFICATE OF SERVICE

I hereby certify that on this __24th__ day of November, 2025, I served a true and correct copy of the foregoing MOTION FOR RECONSIDERATION upon all parties of record via first-class United States Mail, postage pre-paid.

*/s/ :Anthoney-Leo: Montez, Beneficiary.*

Anthony Leo Montez (Sui Juris)
42080 W. Anne Lane
Maricopa, AZ 85138
Debtor / Plaintiff / Sui Juris
All Rights Reserved – With Prejudice – Without Recourse

---

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

In the Matter of:

:Anthony-L. Montez, et al.
**Name of Petitioner**

**CASE NUMBER**: 4:24-bk-09671-BMW

**ORDER GRANTING MOTION FOR RECONSIDERATION**

**HONORABLE:** BRENDA MOODY WHINERY

The Court having reviewed the Petitioner's "Motion for Reconsideration" filed on November 24, 2025, and pursuant to good cause appearing,

**IT IS HEREBY ORDERED**

1. Petitioner's Motion for Reconsideration is granted.

**Other Orders:** _____
_____
_____
_____
_____
_____

**DONE IN OPEN COURT** this _____ day of _____, 20 _____.

_____
JUDGE/COMMISIONER OF THE BANKRUPTCY COURT