Mary B. Martin, Esq. #019196
Staff Attorney for Edward J. Maney,
Chapter 13 Trustee
101 N. 1st Ave., Suite 1775
Phoenix, Arizona 85003
Telephone No.: (602) 277-3776
Email: mary@maney13trustee.com

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>ANTHONY LEO MONTEZ,<br><br><br><br>Debtor. | In Proceedings Under Chapter 13<br><br>Case No. 4:24-bk-09671-BMW<br><br>**TRUSTEE'S MOTION TO DISMISS CASE** |

Edward J. Maney, Chapter 13 Trustee ("Trustee"), by and through undersigned counsel, hereby moves this Court for an Order dismissing this case for "cause", including unreasonable delay that is prejudicial to creditors, failure to propose a feasible plan, and failure to cooperate with the Trustee in providing requested documents. This Motion is made pursuant to 11 U.S.C. §§ 1307(c), 1325(a), and 521(a)(3), and is supported by the entire record of this case and the following Memorandum of Points and Authorities, all of which are incorporated herein by this reference.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I. BACKGROUND**

1. On November 12, 2024, Anthony Leo Montez ("Debtor") filed a petition for relief under Chapter 13 of the Bankruptcy Code.

2. On May 6, 2025, Edward J. Maney was appointed as the Chapter 13 Trustee (DN 80) following Diane Kerns' withdrawal from this case (DN 79).

3. The Court docket reflects an extensive and excessive history of filings in this case. Since the Petition date, Debtor has mounted continuous and repetitive challenges to the secured claims of U.S. Bank National Association ("US Bank") and Ally Capital. Debtor has also engaged in repeated efforts to delay the administration of this case.[1]

4. At a hearing held on October 29, 2025, this Court overruled the Debtor's Objections to the claims of US Bank and Ally Capital (DN 140).[2] Undeterred by this Court's ruling, Debtor has continued his efforts to challenge the secured claims through adversary proceeding 4:25-ap-00256-BMW[3] and cause further delay.

5. Additionally, at the October 29 hearing, undersigned counsel noted the requirement for Debtor to provide copies of the 2024 federal and state income tax returns, a completed Business Questionnaire, and to file monthly Business Operating Statements (DN 140).

6. Following the hearing, the Trustee and undersigned counsel contacted the Debtor by email regarding the necessary steps and documentation required to proceed toward confirmation of a Chapter 13 plan. More specifically,

- On November 17, 2025, the Trustee contacted Debtor by email requesting a completed Business Questionnaire and Business Operating Statements for months June 2025 through October 2025. The Trustee further requested Debtor to file an

---

[1] *See, e.g.,* Debtor's Motions to Extend Time (DNs 16, 33); Debtor's Motions to Withdraw Reference (DNs 39, 42); Debtor's Motions for Stay Pending Adjudication (DNs 56, 57, 64); Debtor's Motion to Strike (DN 63); Debtor's Motion for Sanctions (DN 66); Debtor's Motion to Void Financial Management Course Requirement, Challenge Continued Adjudication (DN 69); Debtor's Motion to Remove Trustee (DN 71); Debtor's Petition to Reverse Bankruptcy Court Ruling (DN 110); Debtor's Notice and Petition to Withhold Consent to Magistrate-Judge Disposition (DN 111); Debtor's Motion to Continue Hearing (DN 120); Debtor's Notice of Potential Conflict and Interference with Federal Proceeding (DN 131); Debtor's Demand for Production of Documents (DNs 150, 151).

[2] On November 4, 2025, this Court entered Orders denying Debtor's Objections to the claims of Ally Capital and US Bank (DNs 136 and 137).

[3] On September 5, 2025, Debtor initiated adversary proceeding 4:25-ap-00256-BMW against Ally Capital. On October 30, 2025, Debtor filed a Motion for leave to amend the Complaint to include US Bank as a defendant. Debtor's filings in the adversary proceeding have continued since the October 29 hearing in the administrative case. A hearing in the adversary proceeding is scheduled for February 10, 2026.

amended Chapter 13 Plan addressing the secured claims of US Bank and Ally Capital.

- On December 15, 2025, undersigned counsel contacted Debtor by email requesting the status of addressing the items outlined in the Trustee's November 17 email.

- On December 23, 2025, the Trustee contacted Debtor by email reminding him of the requirements outlined in the November 17 email.

7. Despite the Trustee's efforts to communicate with Debtor regarding the case, he has failed to respond or comply with the requirements referenced above.[4]

8. On January 16, 2025, Debtor filed a Motion for an extension of time to complete the documents requested by the Trustee and to file an amended Chapter 13 Plan (DN 152). Debtor has requested an additional 90 days because of having been displaced from his residence for over six months due to a "residential fire." The Trustee notes that Debtor had not previously disclosed such information.

9. Debtor's Plan does not properly treat the secured claims[5] and is not confirmable as discussed below. Debtor has also failed to fully address other deficiencies set forth in the Plan Objection/Evaluation filed on January 23, 2025 (DN 54).[6]

---

[4] The Trustee notes that Debtor failed to respond to the November and December emails. Instead, the Trustee received emails from individuals holding themselves out as Debtor's assistant or authorized representative. The Trustee declined to respond to the unknown individuals.

[5] On December 11, 2024, Debtor filed a Chapter 13 Plan providing for monthly payments of $549.65 totaling $32,979.00 in funding (DN 34). The Plan indicates an estimated arrearage of $32,978.86 owed to US Bank. The Plan does not treat the secured claims of Rancho El Dorado Homeowners Association and Ally Capital.

[6] On January 23, 2025, Chapter 13 Trustee Diane Kerns filed a Trustee's Plan Objection/Evaluation requesting, *among other things*, copies of Debtor's federal and state income tax returns for year 2024, a completed Business Questionnaire, and an Affidavit of No Trade Credit regarding Debtor's business. The Objection/Evaluation noted the requirement to file monthly business operating statements and amended Schedules to disclose rental income, trusts, and other assets discussed at the 341 meeting of creditors. The Objection/Evaluation further noted a significant shortfall in plan funding and the failure to address the secured claims of Rancho El Dorado Homeowners Association and Ally Capital (DN 54).

## II. DISCUSSION

### A. Dismissal is Warranted Under 11 U.S.C. § 1307(c)

11 U.S.C. § 1307(c) provides for dismissal or conversion of a case to one under Chapter 7, whichever is in the best interest of creditors and the estate, for cause. 11 U.S.C. § 1307(c). Section 1307(c) sets forth a nonexclusive list of factors that constitute "cause" for conversion or dismissal, including unreasonable delay by the debtor that is prejudicial to creditors. 11 U.S.C. § 1307(c)(1). "A debtor's unjustified failure to expeditiously accomplish any task required either to propose or to confirm a chapter 13 plan may constitute cause for dismissal under § 1307(c)(1)." *In re Ellsworth,* 455 B.R. 904, 915 (9th Cir BAP 2011).

Dismissal of this case is appropriate as Debtor is not proceeding toward confirmation. Debtor's case has been pending for over fourteen months with no confirmable plan and no meaningful progress toward reorganization. Debtor has managed to delay these proceedings for a prolonged period with Court filings that have been repetitive in nature, implausible and/or unsupported. Despite the outcome of the October 29 hearing, Debtor has continued his efforts to challenge the claims of the secured creditors. Debtor has taken advantage of bankruptcy protection without complying with the requirements necessary to proceed in this case. Debtor's continued failure to proceed toward confirming a plan is causing unreasonable delay to the prejudice of the creditors. *See* 11 U.S.C. § 1307(c)(1); *In re de la Salle,* 461 B.R. 593, 605 (9th Cir. BAP 2011) ("More than a year after debtors filed their petition, they still had not confirmed a chapter 13 plan. Given the passage of time and debtors' repeated failure to provide for the claim secured by their residence in their plan, the bankruptcy court correctly concluded that conversion of debtors' case was warranted on account of the resultant delay and prejudice."). Debtor has delayed the creditors from the enforcement of their rights and remedies with respect to their collateral. Meanwhile, Debtor has not made any progress toward the confirmation of a Chapter 13 plan, which imposes further delay upon the creditors. Such delay is unreasonable and prejudicial and constitutes sufficient cause to dismiss this case pursuant to 11 U.S.C. § 1307(c)(1).

Moreover, as the proponent of the Chapter 13 Plan, Debtor is required to provide all information to allow the Trustee and the creditors to adequately and accurately analyze the

-4-

information that may have a bearing on confirmation and the distribution available to creditors. As noted above, the Trustee requested certain items, including copies of Debtor's federal and state income tax returns and a Business Questionnaire regarding self-employment.[7] Additionally, Local Bankruptcy Rule 2084-2 requires Debtor to file monthly business operating statements through confirmation of a Chapter 13 plan. Debtor's delay in complying with such requirements has prevented the Trustee from ascertaining the extent of Debtor's financial condition and undermines the efficient administration of the estate.

11 U.S.C. § 521(a)(3) requires that the debtor "cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title." 11 U.S.C. § 521(a)(3). "Cooperate is a broad term, indeed, and must be construed that whenever the trustee calls upon the debtor for assistance in the performance of his duties, the debtor is required to respond, at least if the request is not unreasonable." 4 Collier on Bankruptcy ¶ 521.15[5] (16th ed. 2011). Where a debtor fails to cooperate with the trustee, the trustee's inability to effectively administer the estate constitutes cause for dismissal. *See In re Ventura*, 375 B.R. 103, 109 (Bankr. E.D.N.Y. 2007) (dismissing case for cause under section § 707(a) where trustee was unable to administer the estate because debtor failed to cooperate and provide information). Notwithstanding a considerable amount of time to comply, Debtor has failed to provide the requested documentation and file the required Business Operating Statements. Debtor has not met his obligations to disclose and, in failing in that regard, has made it difficult for the Trustee to discharge his obligations under the Code. Consequently, dismissal of this case is warranted based on Debtor's failure to perform his duties including cooperating with the Trustee.

The Trustee has made reasonable efforts to facilitate confirmation of a Chapter 13 plan, including repeated attempts to communicate with Debtor. Despite sufficient time and opportunity, Debtor has not taken the necessary steps to proceed in this case by addressing the deficiencies discussed above. Consequently, the creditors remain unpaid and the estate is delayed in

---

[7] On December 9, 2024, Debtor filed the Schedules of Assets and Liabilities and Statement of Financial Affairs (DN 32). Schedule I indicates that Debtor is self-employed.

administration. As such delay is unreasonable and prejudicial to creditors, cause for dismissal exists under 11 U.S.C. § 1307(c)(1).

**B. Dismissal is Warranted as Debtor is Unable to Propose a Confirmable Plan**

Dismissal of this case is appropriate as Debtor cannot demonstrate with reasonable certainty that there is a reasonable prospect of confirming a plan. As more fully set forth below, Debtor is unable to propose a plan that meets the requirements of 11 U.S.C. § 1325(a).

It is well established law in the Ninth Circuit that for a bankruptcy court to confirm a plan, "each of the requirements of section 1325 *must be present* and the debtor has the burden of proving that each element has been met." *In re Barnes,* 32 F.3d 405, 407 (9th Cir.1994). Section 1325(a)(1) requires confirmation of a plan if "the plan complies with the provisions of this chapter and with the other applicable provisions of this title." 11 U.S.C. § 1325.

A requirement for confirmation of a Chapter 13 plan is proof that the debtor will be "able to make all payments under the plan and to comply with the plan." 11 U.S.C. § 1325(a)(6). To satisfy feasibility, a debtor's plan must have a reasonable likelihood of success in that it is likely that the debtor will have the necessary resources to make all payments as directed by the plan. *In re Fantasia*, 211 B.R. 420, 423 (1st Cir. BAP 1997). The bankruptcy court should be satisfied that the debtor has the present as well as the future financial capacity to comply with the terms of the plan. *Id.*

A realistic view of Debtor's resources shows that he cannot fund a plan that would provide for the prepetition mortgage arrearage along with other secured claims. Debtor's Schedules I and J reveal monthly disposable income of $67.15. Debtor's Chapter 13 Plan provides for monthly payments of $549.65 for a total funding of $32,979.00. However, the pre-petition amount owed to the mortgage lender US Bank along with the secured claims of Rancho El Dorado Homeowners Association and Ally Capital exceed $93,000.00.[8] Debtor's disposable income is not sufficient to meet such obligations. In short, Debtor cannot propose a plan that complies with the feasibility

---

[8] The amount consists of the prepetition arrearage of $32,978.86 owed to US Bank (Claim No. 4); the post-petition mortgage fees owed to US Bank; the secured claim of $5,023.90 owed to Rancho El Dorado Homeowners Association (Claim No. 9); and the secured claim of Ally Capital in the amount of $55,096.00 (Claim No. 8).

-6-

requirement of 11 U.S.C. § 1325(a)(6). As Debtor has no reasonable prospect of confirming a Chapter 13 plan, allowing this case to proceed would cause further delay that is prejudicial to Debtor's creditors. Accordingly, the Trustee's Motion to Dismiss should be granted.

Based on the foregoing, the best interests of the estate and creditors are served by dismissal of this case.

**WHEREFORE**, Edward J. Maney, Chapter 13 Trustee, requests that the Court enter an Order dismissing this case; and, for such other relief as the Court deems just and proper.

Dated: See Electronic Signature.

                                      EDWARD J. MANEY
                                      CHAPTER 13 TRUSTEE

                                      _____
                                      Mary B. Martin, Esq. 019196
                                      Staff Attorney for Edward J. Maney,
                                      Chapter 13 Trustee

COPIES of the foregoing mailed See Electronic Signature:

| Anthony Leo Montez | Office of the U.S. Trustee |
| 42080 W. Anne Lane | 230 North First Ave., Suite 204 |
| Maricopa, AZ 85138 | Phoenix, AZ 85003 |

_____
Mary B. Martin