

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF ARIZONA

---

CASE NO.: 04:24-bk-09671-BMW

**IN RE:** ANTHONY LEO MONTEZ  
           Debtor.

CHAPTER 13

---

## DEBTOR'S RESPONSE TO TRUSTEE'S MOTION TO DISMISS, AND CROSS-MOTION FOR EXTENSION OF TIME, TEMPORARY SUSPENSION OF PAYMENTS, AND ALTERNATIVE REQUEST FOR TRUSTEE REASSIGNMENT

*[FILED stamp: FEB 20 2026, UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF ARIZONA]*

---

## INTRODUCTION

COMES NOW the Debtor, Anthony Leo Montez, appearing sui juris, and hereby responds to the Chapter 13 Trustee's Motion to Dismiss and cross-moves for limited, reasonable relief designed to preserve the estate, protect creditors, and allow the Debtor to complete compliance in good faith.

The Trustee seeks dismissal under 11 U.S.C. § 1307(c) based on alleged unreasonable delay and prejudice to creditors. The record instead demonstrates temporary, explained delay, now curable, without actual creditor prejudice, and while less drastic remedies remain available.

Dismissal at this stage would undermine the rehabilitative purpose of Chapter 13 and is neither necessary nor equitable.

---

# I. RESPONSE TO TRUSTEE'S MOTION TO DISMISS

### A. The Record Does Not Support "Unreasonable Delay Prejudicial to Creditors"

The Trustee asserts that delay has prejudiced creditors. However, during the pendency of this case:

- No distributions have been made to creditors;
- No creditor has relied on payments that were later interrupted; and
- No creditor's position has materially worsened as a result of the Debtor's request for time.

Where no funds have been distributed and no creditor reliance has occurred, delay—particularly when explained and curable—does not constitute "prejudice" within the meaning of 11 U.S.C. § 1307(c)(1).

Dismissal would not remedy prejudice but would instead:

- Eliminate the possibility of structured repayment;
- Force creditors to recommence collection outside bankruptcy; and
- Waste judicial and administrative resources already invested in this case.

### B. Delay Was Caused by Extraordinary Circumstances, Not Bad Faith

The Debtor's delay arose from documented and extraordinary hardship, including:

- Prolonged displacement from the family residence due to a residential fire;
- Extended temporary housing arrangements;
- Ongoing insurance recovery and administrative disruption;
- Homeschooling minor children; and
- Proceeding sui juris in a complex Chapter 13 case.

The Debtor has never refused to comply with Trustee requests and has consistently acted in good faith.

Courts routinely distinguish between willful noncompliance and temporary inability caused by hardship. This case falls squarely within the latter category.

### C. The Debtor Is Now Actively Curing All Outstanding Deficiencies

Since filing the prior Motion for Extension of Time, the Debtor has taken concrete steps to cure all deficiencies, including:

- Retaining administrative assistance;
- Organizing business records and operating statements;
- Preparing amended tax filings; and
- Working toward a feasible amended plan.

The Trustee's Motion to Dismiss was filed while the Debtor's good-faith request for time was pending and before compliance could reasonably be completed.

## II. CROSS-MOTION FOR EXTENSION OF TIME

The Debtor respectfully requests a ninety (90) day extension, or such period as the Court deems just, to file:

1. An amended Chapter 13 Plan;
2. Completed Business Questionnaire(s);
3. Monthly Business Operating Statements for June through October 2025;
4. Amended 2024 federal tax filings (Form 1040-X); and
5. Any related Trustee administrative documentation.

This request is finite, reasonable, and supported by good cause. Granting an extension promotes accuracy, preserves estate integrity, and avoids unnecessary dismissal.

## III. REQUEST FOR TEMPORARY SUSPENSION OF PAYMENTS AND ENFORCEMENT

To prevent irreparable harm during the compliance period, the Debtor respectfully requests a temporary suspension of plan payments and confirmation-related enforcement actions pending completion of the above items.

This relief:

- Prevents premature or misallocated payments;
- Preserves creditor parity;
- Protects the Trustee from administering incomplete or inaccurate financial data; and
- Maintains orderly administration of the estate.

This request is limited in scope and duration and is intended solely to facilitate compliance and confirmation.

## IV. ALTERNATIVE REQUEST FOR TRUSTEE REASSIGNMENT

Only in the alternative, and without alleging misconduct, the Debtor respectfully requests reassignment to a different Chapter 13 Trustee pursuant to the Court's supervisory authority.

Case 4:24-bk-09671-BMW    Doc 161    Filed 02/20/26    Entered 02/23/26 13:56:24    Desc
Main Document    Page 3 of 8

The procedural history reflects a breakdown in the cooperative relationship contemplated by 11 U.S.C. § 521(a)(3), including:

- Escalation to dismissal while a good-faith extension motion was pending; and
- Divergent expectations regarding the timing and feasibility of compliance under extraordinary circumstances.

Where the working relationship necessary for plan confirmation has deteriorated, reassignment may better serve the interests of neutrality, efficiency, and successful administration.

---

## V. CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court:

1. Deny the Trustee's Motion to Dismiss;
2. Grant a ninety (90) day extension of time to cure all deficiencies;
3. Temporarily suspend plan payments and enforcement actions during that period;
4. Alternatively, reassign the Chapter 13 Trustee; and
5. Grant such other and further relief as the Court deems just and proper.

Respectfully presented,

*:Anthony-Leo: Montez, Beneficiary*

Anthony Leo Montez
42080 W Anne Lane
Maricopa, AZ 85138
(602) 461-2994
Anthony Leo Montez Estate

# CERTIFICATE OF SERVICE

**COPY** of the foregoing was E-mailed, USPS mailed, and faxed on February 20th, 2026 to:

Edward J. Maney
101 N. First Ave., Suite 1775
Phoenix AZ 85003
Trustee

Respectfully presented,

*/s/ Anthony-Leo: Montez, Beneficiary*

Anthony Leo Montez
42080 W Anne Lane
Maricopa, AZ 85138
(602) 461-2994
Anthonyleomontezestate@gmail.com

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

In the Matter of:

:Anthony-L. Montez, et al.
**Name of Debtor**

CASE NUMBER: 4:24-bk-09671-BMW

**[PROPOSED] ORDER**

**GRANTING EXTENSION OF TIME, TEMPORARY SUSPENSION OF PAYMENTS, AND DENYING TRUSTEE'S MOTION TO DISMISS**
(and granting alternative relief as set forth herein)

**HONORABLE:** BRENDA MOODY WHINERY

Upon consideration of the Trustee's Motion to Dismiss, the Debtor's Response and Cross-Motion, any declarations filed, and the entire record herein, and for good cause shown,

IT IS HEREBY ORDERED

1. The Trustee's Motion to Dismiss is DENIED, without prejudice.
2. The Debtor is granted an extension of ninety (90) days from the entry of this Order to file:
   - An amended Chapter 13 Plan;
   - Completed Business Questionnaire(s);
   - Monthly Business Operating Statements for June through October 2025;
   - Amended 2024 federal income tax filings (Form 1040-X); and
   - Any related Trustee administrative documentation.
   - Plan payments and confirmation-related enforcement actions are TEMPORARILY SUSPENDED during the extension period granted herein.
   - No distribution to creditors shall be made during the extension period unless otherwise ordered by the Court.
   - The Court retains jurisdiction to modify or terminate this relief upon motion of any party in interest.
   - All relief not expressly granted herein is DENIED.

Other Orders: _____
_____
_____

**DONE IN OPEN COURT** this _____ day of _____, 20 _____.

_____
JUDGE/COMMISIONER OF THE BANKRUPTCY COURT

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF ARIZONA

CASE NO.: 04:24-bk-09671-BMW

IN RE: ANTHONY LEO MONTEZ  
        Debtor.

CHAPTER 13

## DECLARATION OF ANTHONY LEO MONTEZ
## IN SUPPORT OF RESPONSE TO TRUSTEE'S MOTION TO DISMISS
## AND CROSS-MOTION FOR EXTENSION OF TIME

I, Anthony Leo Montez, declare as follows:

1. I am the Debtor in the above-captioned Chapter 13 case. I make this Declaration based upon my personal knowledge, and if called as a witness, I could and would testify competently to the matters stated herein.

2. I filed this bankruptcy case in good faith for the purpose of reorganizing my financial affairs and providing for orderly repayment to creditors under Chapter 13 of the Bankruptcy Code.

3. In March - 2025, my family and I were displaced from our residence due to a residential fire. As a result, we were without stable housing for over ten (10) months and we're required to reside in temporary accommodations, including short-term rental housing.

4. During this period of displacement, I was required to manage insurance claims, recovery efforts, and related administrative matters arising from the fire, while also homeschooling my minor children.

5. At all relevant times, I have proceeded sui juris in this bankruptcy case, without counsel, while attempting to comply with procedural and administrative requirements.

6. Due to the housing disruption, displacement, and administrative burdens described above, my ability to timely organize and present certain Trustee-requested

documents—including business questionnaires, operating statements, and amended tax filings—was significantly impaired.

7. I did not refuse to provide information to the Chapter 13 Trustee, nor did I intend to delay these proceedings. Any delay was the result of temporary hardship and not bad faith.

8. During the pendency of this case, no distributions have been made to creditors to my knowledge, and no creditor has relied upon payments that were later interrupted or withdrawn.

9. I understand the importance of full disclosure and cooperation under the Bankruptcy Code, and I remain committed to completing all required filings accurately and in good faith.

10. Since filing my prior Motion for Extension of Time, I have taken affirmative steps to cure all outstanding deficiencies, including retaining administrative assistance to help organize records, prepare operating statements, and complete amended tax filings.

11. I am actively working toward filing an amended Chapter 13 Plan that reflects my financial circumstances and complies with applicable law.

12. I respectfully request additional time to complete these requirements so that the Court and Trustee may review accurate and complete information, and so that this case may proceed in an orderly and fair manner.

13. Granting a reasonable extension of time, together with temporary suspension of plan payments during the compliance period, will prevent unnecessary harm and preserve the integrity of the estate while I complete the required filings.

14. I ~~submit~~ Present/Am this Declaration in support of my Response to the Trustee's Motion to Dismiss and Cross-Motion for Extension of Time and related relief.

---

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this __18th__ day of __February__, 2026, by ANTHONY LEO MONTEZ

*: Anthony-Leo : Montez, Beneficiary.*

Anthony Leo Montez
Debtor, Sui Juris