Mary B. Martin, Esq. #019196
Staff Attorney for Edward J. Maney,
Chapter 13 Trustee
101 N. 1st Ave., Suite 1775
Phoenix, Arizona 85003
Telephone No.: (602) 277-3776
Email: mary@maney13trustee.com

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | In Proceedings Under Chapter 13 |
| ANTHONY LEO MONTEZ, | Case No. 4:24-bk-09671-BMW |
| Debtor. | **TRUSTEE'S 1) REPLY IN SUPPORT OF MOTION TO DISMISS CASE; AND 2) RESPONSE TO DEBTOR'S CROSS-MOTION** |
| | Hearing Date: March 10, 2026<br>Hearing Time: 10:45 a.m. |

Edward J. Maney, Chapter 13 Trustee ("Trustee"), by and through undersigned counsel, hereby files his 1) Reply in Support of Trustee's Motion to Dismiss; and 2) Response to Debtor's Cross-Motion for Extension of Time, Temporary Suspension of Payments, and Alternative Request for Trustee Reassignment ("Trustee's Response"). The Trustee's Response is supported by the entire record of this case.

This case has been pending since November 2024, and, during that time, Debtor has made no meaningful progress toward the filing of a feasible and confirmable plan. Such delay is at odds with the Debtor's obligation to confirm a Chapter 13 plan as expeditiously as possible. *In re Ellsworth,* 455 B.R. 904, 915 (9th Cir. BAP 2011) ("A debtor's unjustified failure to expeditiously accomplish any task required either to propose or to confirm a chapter 13 plan may constitute cause for dismissal under § 1307(c)(1)"); *see also, In re Nicholes*, 184 B.R. 82 (9th Cir. BAP 1995) (Congress intended "expeditious administration of chapter 13 cases."); *In re Tran*, 2006 WL

-1-

6811015 (9th Cir. BAP 2006) (The Bankruptcy Appellate Panel held that delays in achieving confirmation should not be limitless and the failure to confirm a plan in over a year was an unreasonable delay prejudicial to creditors.).

11 U.S.C. § 1307(c)(1) does "not require an analysis of whether, in general, there has been delay." *In re Malek*, 591 B.R. 420, 429 (Bankr. N.D. Cal. 2018). Rather, it "requires analysis of whether the debtor's action, or inaction, has resulted in undue delay." *Id*. Here, Debtor's case has been pending for sixteen months, a considerable amount of time without a confirmed plan. Notably, Debtor has not shown an effort to confirm a plan. Nor has Debtor addressed other deficiencies identified by the Trustee further demonstrating unreasonable delay. *See, Malek*, 591 B.R. at 430 (The court found debtor's delay unreasonable where issues had been made clear by the trustee and the debtor had done nothing to address them.). Debtor has had more than a year to disclose information relating to his income (i.e., Business Operating Statements and 2024 federal and state income tax returns) as requested by the former trustee in the Plan Objection/Evaluation filed in January 2025 (DN 54), and, thereafter, by the Trustee. Despite sufficient time and opportunity, Debtor has not taken the necessary steps to proceed in this case by addressing the above deficiencies. Such delay by Debtor is unreasonable and prejudicial to the creditors, constituting cause for dismissal under 11 U.S.C. § 1307(c)(1).

In his Response to the Trustee's Motion to Dismiss, Debtor takes the position that the delay in this case is not prejudicial to creditors as no distributions have been made. Debtor is mistaken. The failure to confirm a plan constitutes unreasonable delay prejudicial to creditors by denying creditors the ability to receive payments on their claims during the months following the filing of the bankruptcy petition. For instance, Debtor's Plan does not provide for treatment of Ally Capital's secured claim, nor does the Plan propose to surrender the vehicle. There is no evidence that Debtor is making payments directly to Ally Capital. Certainly, the secured creditor continues to be harmed as interest accrues on its debt as this case lingers. As such, Debtor cannot negate the prejudice to the creditors.

Debtor also states that the delay was caused by extraordinary circumstances relating to a residential fire occurring approximately eight months ago. While unfortunate, such circumstances

do not justify Debtor's continued failure to address the above deficiencies. And, particularly, considering Debtor's continued activity relating to his efforts to challenge the claims of the secured creditors as evidenced by the Court docket. Debtor further asserts that dismissal would undermine the rehabilitative purpose of Chapter 13. Debtor's assertion suggests that he would be prejudiced by the dismissal of this case. However, "Section 1307(c)(1) is concerned with prejudice suffered by creditors from delay, not the predicted harm to be suffered by a debtor from dismissal." *Malek*, 591 B.R. at 432.

Importantly, Debtor cannot propose a plan that complies with the feasibility requirement of 11 U.S.C. § 1325(a)(6). As discussed in the Trustee's Motion to Dismiss, Debtor does not have the resources to properly fund a plan that provides for the treatment of the secured claims as required under the Bankruptcy Code. Debtor's failure to confirm a plan and the attendant delay justify dismissal of this case under 11 U.S.C. § 1307(c)(1). Continuing to afford a debtor the benefit of the automatic stay when the debtor cannot propose a confirmable plan is prejudicial to the creditors. *See, In re Blanco*, 520 B.R. 476, 483-84 (Bankr. E.D. Pa. 2014) ("Cause exists for dismissal under section 1307(c)(1) when the chapter 13 debtor has been given a reasonable time to propose a viable plan and it is clear that the debtor will be unable to do so.").

Finally, in response to the Trustee's Motion to Dismiss, Debtor has moved for an extension of time, temporary suspension of plan payments and, alternatively, reassignment of the case to a different trustee. The circumstances here do not justify the requested relief and do not support an intent to move forward with reorganization. Moreover, there is no basis or justification for Debtor's request for reassignment of the case. The Trustee has acted within the duties imposed upon him by the Bankruptcy Code.

Debtor has taken advantage of bankruptcy protection for sixteen months without complying with the requirements necessary to prosecute a Chapter 13 case. Moreover, Debtor has no reasonable prospect of confirming a plan. Allowing this case to proceed would cause further delay that is prejudicial to Debtor's creditors. Accordingly, the Trustee's Motion to Dismiss should be granted.

Based on the foregoing and the entire record of this case, dismissal is appropriate under 11 U.S.C. § 1307(c)(1) and in the best interests of the creditors.

**WHEREFORE**, Edward J. Maney, Chapter 13 Trustee, requests that the Court enter an Order denying Debtor's Cross-Motion and granting the Trustee's Motion to Dismiss; and, for such other relief as the Court deems just and proper.

Dated: See Electronic Signature.

EDWARD J. MANEY
CHAPTER 13 TRUSTEE

_____
Mary B. Martin, Esq. 019196
Staff Attorney for Edward J. Maney,
Chapter 13 Trustee

COPIES of the foregoing mailed See Electronic Signature:

Anthony Leo Montez
42080 W. Anne Lane
Maricopa, AZ 85138

Office of the U.S. Trustee
230 North First Ave., Suite 204
Phoenix, AZ 85003

_____
Mary B. Martin