

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF ARIZONA

CASE NO.: 04:24-bk-09671-BMW

IN RE: ANTHONY LEO MONTEZ
        Debtor.

CHAPTER 13

## SUPPLEMENTAL DECLARATION OF ANTHONY LEO MONTEZ, REGARDING STATUS OF COMPLIANCE AND REQUEST FOR ADDITIONAL TIME.

I, Anthony Leo Montez, declare as follows:

1. I am the Debtor in this Chapter 13 case and submit this declaration to provide the Court with an updated status regarding my efforts to comply with the Trustee's requests and move this case toward confirmation of a plan.

2. I filed this case in good faith with the intention of reorganizing my financial affairs and repaying creditors through a confirmed Chapter 13 plan.

3. The delays referenced in the Trustee's Motion were not the result of bad faith or refusal to cooperate, but arose from significant hardship after my family and I were displaced from our residence due to a residential fire, which disrupted our housing stability and access to financial records.

4. During this period my family was required to reside in temporary housing arrangements due to the fire loss at our home. As a result, we have been forced to relocate nine times over the course of the past eleven months. During the same time, I was responsible for managing ongoing insurance matters related to the loss, including coordinating and overseeing the repair and the restoration of our home. I was also required to recover and replace essential personal and financial records lost in the fire while continuing to care for and support the daily needs and education of my minor children. Throughout this time, I have also been representing myself *sui juris* in this matter.

5. Despite these challenges, I have remained actively engaged in this bankruptcy case and have continued working to organize the information required by the Trustee.

6. Since filing my prior motion requesting additional time, I have taken concrete steps to cure the outstanding deficiencies, including retaining administrative assistance to help organize financial records and prepare the documentation required by the Trustee.

7. I am currently working to complete and file the following materials:
    - Business Operating Statements;
    - Updated financial records relating to my income and expenses;
    - Amended 2024 tax filings; and
    - An amended Chapter 13 plan.

8. These documents require careful preparation to ensure that the information provided to the Court and the Trustee is accurate and complete.

9. My intention is to file an amended plan that reflects updated financial information and addresses the issues raised by the Trustee so that the Court may evaluate feasibility based on current and complete financial data.

10. I respectfully state that dismissal at this stage would prevent the filing of corrected information that may allow for a feasible plan and would eliminate the opportunity for creditors to receive payment through a structured reorganization.

11. I remain committed to cooperating fully with the Trustee and complying with the requirements of the Bankruptcy Code.

12. I therefore respectfully request that the Court allow a limited extension of time so that the required documentation and amended plan may be completed and filed for review.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this __6th__ day of March, 2026.

Respectfully presented by:

*: Anthony- Leo : Montez, Beneficiary.*

Anthony Leo Montez
Debtor, Sui Juris

COPIES of the foregoing have been mailed, emailed and faxed to the following:

Mailed to:
Edward J. Maney, Trustee
101 North First Ave., Suite 1775
Phoenix, AZ 85003@

Office of the U.S. Trustee
230 North First Ave., Suite 204
Phoenix, AZ 85003

Emailed to: ejm@maney13trustee.com and
mary@maney13trustee.com

Faxed to: (602) 277-4103

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF ARIZONA

CASE NO.: 04:24-bk-09671-BMW

IN RE: ANTHONY LEO MONTEZ  
          Debtor.

CHAPTER 13

## – ATTACHMENT A –

## PROPOSED PLAN COMPLIANCE and ADMINISTRATIVE RECONCILIATION TIMELINE

This timeline is submitted to assist the Court in establishing a reasonable framework for the orderly reconciliation of trustee-administered funds, verification of creditor claims, and full compliance with the confirmed plan under United States Bankruptcy Code.

The Debtor respectfully submits this schedule in good faith in order to allow adequate time to resolve administrative matters, including the reconciliation of funds received by the Chapter 13 Trustee that have not yet been distributed to creditors.

### Phase I – Trustee Accounting Review – (Day 0 – Day 180)

***Day 1 – Day 30:***
- Review the bankruptcy docket and all filed documents in the case.
- Compile a detailed ledger of all payments made by the Debtor to the Chapter 13 Trustee.
- Request a written accounting from the Trustee reflecting:
  - Total funds received
  - Total funds distributed
  - Funds currently held by the Trustee.

***Day 61 – Day 120:***
- Provide supplemental documentation to the Trustee if clarification is required.
- Request explanation of any administrative hold, delay, or procedural matter preventing the distribution of funds to creditors.

***Day 121 – Day 180:***
- Prepare a reconciliation summary identifying:

- Total payments made by the Debtor
- Total funds currently held by the Trustee
- Amounts distributed to creditors
- Any unresolved discrepancies.

## Phase II – Creditor Claim Verification – (Month 6 – Month 12)

*Month 6 – Month 8:*
- Review all proofs of claim filed in the case.
- Verify the accuracy of creditor classifications, including secured, priority, and unsecured claims.

*Month 8 – Month 10:*
- Communicate with creditors regarding claim balances where discrepancies exist.
- Confirm whether distributions have been received consistent with the confirmed plan.

*Month 10 – Month 12:*
- File objections to claims where necessary to ensure accuracy of the claims register.

## Phase III – Administrative Correction and Plan Compliance – (Month 12 – Month 24)

*Month 12 – Month 16:*
- Coordinate with the Chapter 13 Trustee to correct any identified administrative discrepancies.
- Confirm that funds previously received by the Trustee are properly allocated under the confirmed plan.

*Month 16 – Month 20:*
- Monitor ongoing creditor distributions to confirm compliance with the confirmed plan and applicable statutory requirements.

*Month 20 – Month 24:*
- Submit updated compliance documentation to demonstrate continuing plan compliance.

## Phase IV – Final Plan Reconciliation – (Month 24 – Month 36)

*Month 24 – Month 30:*
- Confirm that creditor distributions align with the confirmed plan terms.

*Month 30 – Month 33:*
- Request a final accounting from the Chapter 13 Trustee detailing:
  - Total funds received

- ○ Total funds distributed
- ○ Any remaining balance held by the Trustee.

### *Month 33 – Month 36:*
• Resolve any remaining administrative discrepancies identified in the accounting.

## Phase V – Case Administration and Closure – (Month 36 – Month 48)

### *Month 36 – Month 42:*
• Verify that all plan obligations have been satisfied or properly accounted for.

### *Month 42 – Month 48:*
• Submit documentation demonstrating full compliance with the confirmed plan.
• Request appropriate relief from the Court necessary for final administration of the case.

## Good Faith Statement

The Debtor respectfully presents this proposed timeline in good faith to allow adequate time for reconciliation of trustee-administered funds and verification of creditor distributions in accordance with Chapter 13 bankruptcy and the orders of this Court.

This timeline is intended to promote transparency, proper accounting, and orderly administration of the estate for the benefit of all parties.

Executed this __6th__ day of March, 2026.

Respectfully presented by:

*/s/ Anthony-Leo: Montez, Beneficiary*

Anthony Leo Montez
Debtor, Sui Juris

**COPIES** of the foregoing have been mailed, emailed and faxed to the following:

**Mailed to:**
Edward J. Maney, Trustee
101 North First Ave., Suite 1775
Phoenix, AZ 85003@

Office of the U.S. Trustee
230 North First Ave., Suite 204
Phoenix, AZ 85003

**Emailed to:** ejm@maney13trustee.com and
mary@maney13trustee.com

**Faxed to:** (602) 277-4103

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ARIZONA

In the Matter of:
:Anthony-L. Montez, et al.
Name of Debtor

CASE NUMBER: 4:24-bk-09671-BMW

[PROPOSED] ORDER

APPROVING PLAN COMPLIANCE AND
ADMINISTRATIVE RECONCILIATION
TIMELINE

HONORABLE: BRENDA MOODY WHINERY

The Court having considered the Debtor's Motion for Approval of a Plan Compliance and Administrative Reconciliation Timeline, together with Attachment A, and the Court finding that the requested relief is reasonable and appropriate under the circumstances of this case,

IT IS HEREBY ORDERED:

1. **Approval of Compliance Timeline**
   The proposed Plan Compliance and Administrative Reconciliation Timeline attached to the Debtor's motion as Attachment A is **APPROVED** as a reasonable framework for the orderly reconciliation and administration of this Chapter 13 case.

2. **Trustee Accounting and Reconciliation**
   a. The Debtor is authorized to undertake the administrative review and reconciliation steps outlined in the timeline, including review of trustee accounting records and verification of creditor distributions in accordance with Title 11 United States Code.
   b. The Chapter 13 Trustee, Edward J. Maney, is directed to provide a full accounting of all funds received from the Debtor, amounts distributed to creditors, and any remaining balances held, within 30 days of entry of this Order.
   c. Any discrepancies between the Debtor's records and the Trustee's accounting are to be promptly addressed in good faith by both parties.

3. **Cooperation of Parties**
   The Debtor, the Chapter 13 Trustee, and creditors are required to cooperate in the exchange of information necessary to reconcile plan payments, verify creditor claims, and ensure compliance with the confirmed plan.

4. **Status Conference Authority**
   The Court retains jurisdiction to schedule a status conference if unresolved reconciliation issues or disputes regarding the administration of the plan remain after the Trustee's accounting is submitted. The Court may issue any further directives necessary to ensure proper administration and creditor payment.

5. **Status Updates**
   The Debtor may provide periodic updates to the Court, if necessary, regarding the progress of reconciliation and compliance efforts.

6. **Further Relief**
   The Court retains jurisdiction to address any disputes or issues that arise concerning the administration of the plan, reconciliation of payments, or distribution of funds.

Other Orders: _____
_____
_____

IT IS SO ORDERED.

DONE IN OPEN COURT this _____ day of _____, 20 _____.

_____
JUDGE/COMMISIONER OF THE BANKRUPTCY COURT