# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

## MINUTE ENTRY ORDER

### *Hearing Information*

| | |
|---|---|
| Bankruptcy Judge: | The Honorable Brenda Moody Whinery |
| Case Number: | 4:24-bk-09671-BMW |
| Debtor(s): | ANTHONY LEO MONTEZ |
| Chapter: | 13 |
| Date and Time: | 03/10/2026 10:45 AM |
| Location(s): | Videoconference |
| Courtroom Clerk: | Rebecca Volz |
| Electronic Court Recording Operator: | Rhianna Dominguez |

### *Matter(s)*

**ANTHONY LEO MONTEZ          4:24-bk-09671-BMW**
1. STATUS HEARING RE: ADMINISTRATIVE CASE (SET ON THE COURT'S OWN MOTION) (RESCHEDULED FROM 02/10/2026)
1 / 155

**ANTHONY LEO MONTEZ          4:24-bk-09671-BMW**
2. CHAPTER 13 TRUSTEE'S MOTION TO DISMISS CASE
154 / 156

**MONTEZ v. ALLY CAPITAL / ALLY FINANCIAL,          4:25-ap-00256-BMW**
3. STATUS HEARING RE: ADVERSARY PROCEEDING (RESCHEDULED FROM 11/18/2025) (RESCHEDULED FROM 01/27/2026) (RESCHEDULED FROM 02/10/2026)
1 / 40

### *Appearances*

ANTHONY LEO MONTEZ, DEBTOR/PLAINTIFF, APPEARING BY VIDEOCONFERENCE
LEONARD MCDONALD, REPRESENTING CREDITOR U.S. BANK AND APPEARING BY VIDEOCONFERENCE
MICHAEL ZDANCEWICZ, REPRESENTING CREDITOR/DEFENDANT ALLY CAPITAL AND APPEARING BY VIDEOCONFERENCE
EDWARD J. MANEY, CHAPTER 13 TRUSTEE, APPEARING BY VIDEOCONFERENCE

### *Proceedings*

ITEM 1: STATUS HEARING RE: ADMINISTRATIVE CASE (4:24-bk-09671-BMW)

ITEM 2: CHAPTER 13 TRUSTEE'S MOTION TO DISMISS CASE(4:24-bk-09671-BMW)

ITEM 3: STATUS HEARING RE: ADVERSARY PROCEEDING (4:25-ap-00256-BMW)

### ITEM 1 and ITEM 2

Mr. Maney updates the Court. This case has been pending for 16 months and no progress has been made towards confirmation. Both he and Ms. Martin have communicated with Mr. Montez via email. They have given Mr. Montez a list of the tasks he needs to complete to move this case forward. Mr. Montez needs to file an amended plan, provide a completed business questionnaire to his office, complete and file all monthly business operating reports, and provide a copy of the 2024 federal and state tax returns to his office. Debtor's amended plan needs to be feasible and needs to address the secured claims of US Bank, Ally Financial, and the HOA. It has been 16 months and he does not know if Mr. Montez has a source of income. He requests that the Court

dismiss this case.

The Court asks for the status of the plan payments.

Mr. Maney reports that the plan payments are current. Mr. Montez has been paying $549.65 per month. He has been holding the funds. Ms. Kerns disbursed two conduit payments when she was acting as the case trustee. No other disbursements have been made in this case.

Mr. McDonald reports that his client supports dismissal.

Mr. Montez responds. None of the delays in this case were in bad faith. He is trying to get his creditors paid. He has been displaced from his home due to a fire and does not have easy access to his financial records because they are in storage. He is currently working on providing the required records, amending his tax returns, and amending the plan. He requests an extension to complete everything.

The Court states that there is no confirmable plan on file. No amended plan has been filed. There is no evidence that Debtor has a sufficient basis to fund a plan. Debtor has not filed business operating reports for 15 months. The business operating report for the 16th month is due soon. Debtor has not provided a completed business questionnaire or copies of 2024 federal and state tax returns to the trustee. Debtor has had 16 months to complete all of the necessary tasks.

Mr. Montez states that he was displaced from his home. He hired an administrative assistant to assist him with this case. He has been instructed to include the secured claims in the amended plan, but he has an adversary pending and should not pay Ally until the adversary is resolved. He objected to Ally Financial's claim and has title to the vehicle.

The Court states that Debtor's objections to the secured claims were denied. The adversary proceeding does not delay the entire plan.

The Court asks why the business operating reports have not been filed and why a completed business questionnaire has not been provided to the trustee.

Mr. Montez reports that he gave all of those documents to the first trustee, Ms. Kerns. These are new requests from Mr. Maney and Mr. Maney is not responding to his emails. He can get everything done within 30 days.

Mr. Maney responds. He has responded to every email that he has received from Mr. Montez. Mr. Montez has failed to complete the required tasks. He recently started receiving emails from an individual claiming to be some type of representative of Mr. Montez. He does not know who this individual is and he will not be responding to a third party regarding Mr. Montez's case. He will only respond to emails that come directly from Mr. Montez.

The Court states that a plan should have been confirmed well before now. Debtor has failed to comply with basic requirements and there is no feasible plan in prospect.

The Court states that 11 U.S.C. § 1307(c) provides that the Court may convert a case under chapter 13 to a case under chapter 7 or dismiss a case, whichever is in the best interest of the creditors and the estate, for cause on the request of a party in interest and after notice and hearing. Unreasonable delay by Debtor that is prejudicial to creditors constitute cause.

The Court states that the plan on file fails to address Ally's claim, fails to address the HOA claim, and fails to adequately provide for the payment of ongoing mortgage payments. There is no evidence that Debtor has the ability to fund a plan. There are no business operating reports on file.

Debtors are required to file monthly operating reports pursuant to Local Rule 2084-2(b)(2). There are 15 delinquent monthly operating reports, and the 16th report is due soon. Debtor has not provided a completed questionnaire to the trustee or provided copies of his tax returns. The basic documentation has not been provided to the trustee's office despite multiple requests. This case has already been reassigned from one trustee to Mr. Maney and Debtor is requesting a new trustee.

COURT: THERE IS NO BASIS FOR REPLACING THE TRUSTEE. DEBTOR'S REQUEST FOR A NEW TRUSTEE IS DENIED.

The Court states that the Court is in a position to grant the Motion to Dismiss today effective immediately. Debtor has requested an extension to comply with the trustee's requests.

COURT: DEBTOR IS TO PROVIDE MR. MANEY WITH A COMPLETED BUSINESS QUESTIONNAIRE AND COPIES OF ALL REQUESTED FEDERAL AND STATE TAX RETURNS WITHIN TWO WEEKS (ON OR BEFORE MARCH 24, 2024). DEBTOR IS TO FILE ALL 16 MONTHLY BUSINESS OPERATING REPORTS WITHIN TWO WEEKS (ON OR BEFORE MARCH 24, 2024). DEBTOR IS TO FILE AN AMENED PLAN THAT ADDRESSES THE ISSUES RAISED IN THE TRUSTEE'S OBJECTION/EVALUATION WITHIN TWO WEEKS (ON OR BEFORE MARCH 24, 2024). IF DEBTOR DOES NOT COMPLETE ALL TAKS BY THE DEADLINE, THEN THE TRUSTEE IS AUTHORIZED TO UPLOAD AN ORDER DISMISSING THIS CASE FOR THE COURT'S CONSIDERATION. NO FURTHER EXTENSIONS WILL BE GRANTED.

The Court states that it will be up to Mr. Maney to determine whether Debtor complies with the Court's order. If a further hearing is needed, then a hearing will be set.

**ITEM 3**
COURT: IF THE ADMINISTRATIVE CASE IS DISMISSED, THEN THE ADVERSARY WILL ALSO BE DISMISSED. THIS COURT WILL NOT RETAIN JURISDICTION. THERE IS NO BASIS FOR THE ADVERSARY TO GO FORWARD IF THE ADMINISTRATIVE CASE IS DISMISSED. THE COURT HAS ALREADY DENIED DEBTOR'S OBJECTION TO THE ALLY CLAIM AND THAT IS A FINAL ORDER.