Mary B. Martin, Esq. #019196
Staff Attorney for Edward J. Maney,
Chapter 13 Trustee
101 N. 1st Ave., Suite 1775
Phoenix, Arizona 85003
Telephone No.: (602) 277-3776
Email: mary@maney13trustee.com

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | In Proceedings Under Chapter 13 |
| ANTHONY LEO MONTEZ, | Case No. 4:24-bk-09671-BMW |
| | **TRUSTEE'S OBJECTION TO CLAIMED EXEMPTIONS** |
| Debtor. | |

Edward J. Maney, Chapter 13 Trustee ("Trustee"), by and through undersigned counsel, and pursuant to Rule 4003(b), Federal Rules of Bankruptcy Procedure, submits his Objection to Debtor's claimed exemptions filed on February 25, 2026 (DN 162). The Trustee's position is set forth in the following Memorandum of Points and Authorities.

### MEMORANDUM OF POINTS AND AUTHORITIES

### I. BACKGROUND

1. On November 12, 2024, Anthony Leo Montez ("Debtor") filed a petition for relief under Chapter 13 of the Bankruptcy Code.

2. On December 9, 2024, Debtor filed his Schedules of Assets and Liabilities (DN 32). On Schedule A/B, Debtor listed as his residence an interest in real property located at 42080 W. Anne Lane, Maricopa, Arizona ("Residence"), with a value of $419,500.00. On Schedule C, Debtor claimed a homestead exemption in the Residence. Schedule C also lists, as exempt, a Ram truck and Bezos Investments Express Trust.

-1-

3.  On February 25, 2026, Debtor filed an Exempt Property List claiming an exemption in vacant real property (undeveloped land), located in Apache County, Arizona, pursuant to A.R.S. § 33-1101 (DN 162). The real property was not previously disclosed on Schedules A/B.

4.  The Exempt Property List also includes Debtor's Residence, a 2021 Ram 3500 Dually, 1977 Cutlass Supreme, 2005 GMC Yukon, Bezos Investments Express Trust, and other personal property assets. The GMC Yukon was not previously disclosed on Schedules A/B.

**II.  DISCUSSION**

A.R.S. § 33-1101(A) affords homestead protection in certain categories of property and reads in relevant part as follows: 1) The person's interest in real property in one compact body upon which exists a dwelling house in which the person resides; 2) The person's interest in one condominium or cooperative in which the person resides; 3) A mobile home in which the person resides; 4) A mobile home in which the person resides plus the land upon which that mobile home is located. A.R.S. § 33-1101(A).[1] Importantly, each subsection describes a home in which the person seeking a homestead exemption resides. *See In re Drummond, CV-23-0009-CQ* (Ariz. Feb 23, 2024). Here, Debtor's interest in the vacant undeveloped real property in Apache County does not fall under any of the categories of protected homestead property under A.R.S. § 33-1101. Thus, the Trustee objects to the claimed exemption on the basis that the Arizona Statute does not apply to vacant undeveloped real property.

As to the other assets noted on the Exempt Property List, Debtor has not properly identified an exemption that he is entitled to claim. The debtor may exempt property from the estate to the extent permitted by applicable law. *See* 11 USC 522(b); *In re Jacobson*, 676 F.3d – 1193, 1198 (9th Cir. 2012). Debtor's entitlement to an exemption is determined based on the facts and law as they existed at the time of the bankruptcy filing. *See Jacobson*, 676 F.3d at 1198; *In re Konnoff*, 356 B.R. 201, 204-205 (9th Cir. BAP 2006). To claim an exemption, the debtor must state the statutory basis for the exemption. *See Schwab v. Reilly*, 130 S.Ct. 2652, 2663 (2010) (Indicating that the trustee and the bankruptcy court are entitled to evaluate exemption claims

---

[1] Referring to the version of Arizona's homestead exemption effective at the time of the filing of the bankruptcy petition.

-2-

based on the statutory grounds stated in the debtor's Schedule C.). Here, Debtor's Exempt Property Lists lacks specificity as to the value of the assets and the applicable exemption statute. Thus, the Trustee objects to the claimed exemptions.

Finally, the Trustee objects to Debtor's claimed exemption in three motor vehicles. Arizona law limits the exemption to one motor vehicle per debtor up to the amount of equity as set forth in the Statute in effect at the time of bankruptcy filing.

**WHEREFORE**, Edward J. Maney, Chapter 13 Trustee, requests that the Court enter an Order denying the claimed exemptions.

Dated: See Electronic Signature.

EDWARD J. MANEY
CHAPTER 13 TRUSTEE

_____
Mary B. Martin, Esq. 019196
Staff Attorney for Edward J. Maney,
Chapter 13 Trustee

COPIES of the foregoing mailed See Electronic Signature:

Anthony Leo Montez
42080 W. Anne Lane
Maricopa, AZ 85138

Office of the U.S. Trustee
230 North First Ave., Suite 204
Phoenix, AZ 85003

_____
Mary B. Martin

-3-