Edward J. Maney
Chapter 13 Trustee
101 N. First Ave., Suite 1775
Phoenix, Arizona 85003
Telephone (602) 277-3776
ejm@maney13trustee.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

In re:

ANTHONY LEO MONTEZ,

In Proceedings Under Chapter 13

Case No. 4:24-bk-09671-BMW

TRUSTEE EVALUATION AND
RECOMMENDATION(S) REPORT WITH
NOTICE OF POTENTIAL DISMISSAL IF
CONDITIONS ARE NOT SATISFIED

RE: AMENDED CHAPTER 13 PLAN
docket #173     filed March 24, 2026

Edward J. Maney, Trustee, has analyzed the Debtors' Amended Chapter 13 Plan and supporting documents and submits the following evaluation and recommendation(s):

**General requirements:**

a1.   The debtor is acting pro-se (without an attorney) and is presumed to know bankruptcy laws and the rules of bankruptcy procedure.  Glass v. Hitt, 60 F.3rd 565 (9th Cir. 1995).  Therefore, the Trustee presumes that the debtor is capable of timely resolving issues which may arise in this case including, but not limited to, all creditor objections and all issues and or objections delineated herein.

Pro-se debtors are required to submit a written response to the Trustee' Recommendations showing resolution of the issues.  The debtor(s) is/are instructed not to submit a Stipulated Order Confirming to the U.S. Bankruptcy Court.  Once the Trustee has reviewed the debtor(s') response to the Recommendations, the Trustee will draft the Stipulated Order Confirming and forward it to the debtor(s) and/or creditors for a signature(s) as required.

a.    Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee.  *Please submit a copy of the Court's Claims Register with any submission of the Order Confirming.*

b.    Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

c.    The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

d.    The Debtors are required to provide directly to the Trustee, *within 30 days after their filing*, copies of their federal and state income tax returns for every year during the duration of the Chapter 13 Plan. This requirement is to be included in any Order Confirming.

e.    The Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

f.    The Trustee requires that any proposed Order Confirming Plan state: "Debtor is instructed to remit all payments on or before the stated due date each month. Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the Case can be discharged. This requirement is effective regardless of Plan payments suspensions, waivers or moratoriums, and must be included in any Plan Confirmation Orders."

g.    At the time of confirmation, the Trustee will require the Debtors to certify that they are current on all required tax filings and any domestic support orders.

h.    At the time of confirmation, the debtor(s) are required to certify, via language in the Order Confirming, that they are current on all payments that have come due on any Domestic Support Orders since the filing of their case <u>and</u> that they are current on all required tax return filings [pursuant to 11 U.S.C. §1308].

i.    DEBTORS / DEBTORS' COUNSEL REMINDER - A letter is to be submitted to the Trustee, accompanying any Order Confirming, addressing all issues as they are listed in the Trustee's Recommendation. <u>In addition, **all** documents (ex: tax returns, paystubs etc.) submitted to the Trustee must be redacted – in compliance with Fed.R.Bankr.P.9037 -- by debtors and/or their counsel.</u>

**Specific Recommendations:**

1.    On December 26, 2024, creditor U.S. Bank filed a Notice of Post-Petition Mortgage Fees, Expenses and Charges for $200 that is not addressed in the Amended Plan. To resolve this discrepancy, the Trustee requires either; a) Debtor object to the Notice; b) the creditor sign-off on an Order Confirming; c) the Order Confirming be altered to pay the creditor pursuant to the Notice; d) see that the creditor withdraws the Notice or e) Debtor file an Amended Plan to provide for the creditor's claim as shown by the Notice.

2.    Ally Financial (2021 Dodge Ram 3500) has filed an Objection to the Amended Plan. The Trustee requires the Objection to be resolved prior to confirmation of the Amended Plan.

3.	Including items #1 and #2 above, The Trustee's analysis reveals a $103,116 funding shortfall, which must be cured before the Amended Plan can be confirmed.

4.	The Trustee notes that the Debtor filed claims #12 and 13 relating to Ally Financial and U.S. Bank, respectively, as the "creditor (person or entity entitled to be paid for [the] claim"). The **Trustee objects** to Debtor's claims as there is no basis for same.

5.	The Trustee understands that the Debtor owns land in Apache County.  This property's value must be included in debtor's Chapter 7 Reconciliation benchmark calculation.

6.	The Trustee requires the debtors supply a copy of statements that reveals the balance on hand in <u>all</u> financial/bank accounts on the date of the filing of the case.

7.	The Trustee requires a **completed** and **signed** copy of Debtor(s) 2024 & 2025 State and Federal tax returns, W-2's and 1099's. The Trustee informs the debtors that should these returns reveal significant tax refunds, if allowed to continue, this would constitute a diversion of disposable income. In that case, unless the plan is confirmed at 100% repayment to all creditors the Trustee would require the Debtor(s) adjust payroll tax deductions to prevent over- or under-withholding, amend Schedule I increasing Plan payments accordingly and provide two consecutive paystubs to verify this has been corrected or turn over tax refunds 2026, 2027 and 2028 of the Plan as supplemental Plan payments.

8.	The Trustee requires a copy of the Anthony Leo Montez Trust referenced on Schedule B.

9.	The Trustee requires the debtors provide documented proof that his ownership interest in Anthony Leo Montez Organization and Zetnon Custom Finishes, LLC have $0 value considering equipment, inventory and accounts receivable.

10.	The Trustee requires the debtor prove plan payment feasibility as his amended budget Schedules I and J reveal disposable income of only $1,104 per month when plan payments are $1,650 per month.

11.	The Trustee notes Debtor's original Schedule B included a 2008 Dodge Caravan and 1977 Oldsmobile Cutlass.  The Trustee requires an explanation why they do not appear on the revised Schedule B filed April 10, 2026.

12.	Plan payments are currently delinquent $1,650.80 with a payment of $1,650 coming due May 11, 2026.

13.	The Trustee has sent the Debtor a business package, which contained a Business Questionnaire, a Schedule of Accounts payable and two Monthly Business Operating Statements (BOS).  The Debtor must complete and return the Questionnaire and a List of Current Trade Creditors to the Trustee.

In summary, the Plan can be confirmed subject to the condition(s) noted above, adequate funding and Court approval. ***The Trustee requires that any Stipulated Order Confirming contain the "wet" signatures from the debtors (where applicable) and objecting creditors if there are any***. General unsecured creditors (including secured creditors with unsecured deficiency balances) will be paid through the Trustee, subject to timely filed and allowed claims. Chapter 7 reconciliation requirement must be met given debtor(s) scheduled equity in non-exempt property at petition date (see item #6 & #10 above). **You are hereby advised that the Trustee may lodge an Order of Dismissal should Debtor fail to resolve item(s) #3, #4, #5, #6, #7, #8, #9, #10, #11, #12, #13 above and or request a hearing within 30 days from the date of the mailing of this Trustee's Recommendation.**

Date See Electronic Signature Block

EDWARD J. MANEY,
CHAPTER 13 TRUSTEE

By: _____

Edward J. Maney ABN 12256
CHAPTER 13 TRUSTEE
101 North First Ave., Suite 1775
Phoenix, Arizona 85003
(602) 277-3776
ejm@maney13trustee.com

Copies of the forgoing
mailed on [see electronic signature],
to the following:


Anthony  Montez
42080 W. Anne Lane
Maricopa, AZ 85138
Prose Debtor


By:_____
        Trustee's Clerk