Mary B. Martin, Esq. #019196
Staff Attorney for Edward J. Maney,
Chapter 13 Trustee
101 N. 1st Ave., Suite 1775
Phoenix, Arizona 85003
Telephone No.: (602) 277-3776
Email: mary@maney13trustee.com

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | In Proceedings Under Chapter 13 |
| ANTHONY LEO MONTEZ, | Case No. 4:24-bk-09671-BMW |
| | **TRUSTEE'S OBJECTION TO CLAIMED EXEMPTIONS** |
| Debtor. | |

Edward J. Maney, Chapter 13 Trustee ("Trustee"), by and through undersigned counsel, and pursuant to Rule 4003(b), Federal Rules of Bankruptcy Procedure, submits his Objection to Debtor's claimed exemptions filed on April 10, 2026 (DN 198). The Trustee's position is set forth in the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. BACKGROUND

1. On November 12, 2024, Anthony Leo Montez ("Debtor") filed a Petition for relief under Chapter 13 of the Bankruptcy Code. Debtor listed his home address on the Petition as 42080 W. Anne Lane, Maricopa, Arizona 85138. (DN 1).

2. On December 9, 2024, Debtor filed his Schedules of Assets and Liabilities. (DN 32). On Schedule A/B, Debtor listed an interest in the single-family home described above ("Maricopa Residence"), valued at $419,500.00. On Schedule C, Debtor claimed a homestead exemption in the Maricopa Residence. Schedule C also listed, as exempt, a Ram truck and Bezos Investments Express Trust.

-1-

3.   On February 25, 2026, Debtor filed an Exempt Property List claiming an exemption in vacant real property (undeveloped land) located in Apache County, Arizona, pursuant to A.R.S. § 33-1101. (DN 162). The property was not previously disclosed on Schedules A/B.

4.   The Exempt Property List also included the Maricopa Residence, a 2021 Ram 3500 Dually, 1977 Cutlass Supreme, 2005 GMC Yukon, Bezos Investments Express Trust, and other personal property assets. (DN 162). The GMC Yukon was not previously disclosed on Schedules A/B.

5.   On March 25, 2026, the Trustee filed an Objection to the claimed exemptions noting, among other things, that Debtor's interest in the vacant undeveloped real property in Apache County did not fall under any of the categories of protected homestead property under Arizona law. (DN 169).

6.   On April 10, 2026, Debtor filed amended Schedules A/B and C. (DN 196 and DN 198). Debtor now describes the real property in Apache County as "developing land with mobile home/RV" and claims an exemption under A.R.S. § 33-1101. Debtor also claims an exemption in the Maricopa Residence and the 2021 Ram truck.

## II.  DISCUSSION

A.R.S. § 33-1101(A) affords homestead protection in certain categories of property and reads in relevant part as follows: 1) The person's interest in real property in one compact body upon which exists a dwelling house in which the person resides; 2) The person's interest in one condominium or cooperative in which the person resides; 3) A mobile home in which the person resides; 4) A mobile home in which the person resides plus the land upon which that mobile home is located. A.R.S. § 33-1101(A).[1] Importantly, each subsection describes a home in which the person seeking a homestead exemption resides. *See In re Drummond, CV-23-0009-CQ* (Ariz. Feb 23, 2024).

Debtor initially described the Apache County property as vacant undeveloped land. As such, the Trustee objected to the claimed exemption on the basis that the property did not fall

---

[1] Referring to the version of Arizona's homestead exemption effective at the time of the filing of the bankruptcy petition.

under any of the categories of protected homestead property under A.R.S. § 33-1101. At this time, Debtor describes the Apache County property as "developing land with mobile home/RV" and used "intermittently for residential purposes". *See* DN 196 and DN 198. As noted above, Debtor failed to disclose the Apache County property in original Schedule A/B and, has since, provided inconsistent information. Consequently, Debtor's amended Schedule C is unreliable. Also noted above, Debtor listed the Maricopa Residence as his home address and primary residence. *See* Petition (DN 1) and Exempt Property List (DN 162).

A.R.S. § 33-1101(B) states that "[o]nly one homestead exemption may be held by a married couple or a single person…" A.R.S. § 33-1101(B). As such, Debtor may not claim a homestead exemption in both the Maricopa Residence and the Apache County property.

Based on the foregoing, the Trustee objects to Debtor's claimed exemption in the Apache County property.

**WHEREFORE**, Edward J. Maney, Chapter 13 Trustee, requests that the Court enter an Order denying the Debtor's claimed homestead exemption in the Apache County property.

Dated: See Electronic Signature.

EDWARD J. MANEY
CHAPTER 13 TRUSTEE


_____
Mary B. Martin, Esq. 019196
Staff Attorney for Edward J. Maney,
Chapter 13 Trustee

COPIES of the foregoing mailed See Electronic Signature:

Anthony Leo Montez
42080 W. Anne Lane
Maricopa, AZ 85138

Office of the U.S. Trustee
230 North First Ave., Suite 204
Phoenix, AZ 85003


_____
Mary B. Martin