# IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA

FILED USBC PHX
2026 JUL 20 AM10:43

**CASE NO.:** 04:24-bk-09671-BMW

**IN RE:**
ANTHONY LEO MONTEZ,
                Debtor,

**CHAPTER 13**

ANTHONY LEO MONTEZ,
                Plaintiff,

v.

ALLY CAPITAL CORPORATION,
                Defendant.

**Adversary Proceeding No.:** 04:25-ap-00256-BMW

## PLAINTIFF/DEBTOR'S MOTION TO CONTINUE OR DEFER CONSIDERATION OF DEFENDANT'S MOTION FOR RELIEF FROM STAY PENDING COMPLETION OF INITIAL DISCOVERY CONCERNING COMMON FACTUAL ISSUES

Debtor and Plaintiff, Anthony Leo Montez ("Plaintiff" or "Debtor"), appearing pro se and sui juris, respectfully moves this Court for an Order continuing or deferring consideration of Defendant Ally Capital Corporation's Motion for Relief from the Automatic Stay and Motion for Relief from the Codebtor Stay (Main Case Doc. 27) pending completion of initial written discovery concerning factual issues common to that Motion and the pending adversary proceeding. In support of this Motion, Plaintiff states as follows:

## I. INTRODUCTION

1. This Motion does not challenge the Court's authority to consider Defendant's Motion for Relief from Stay, nor does Plaintiff contend that the pendency of an adversary proceeding automatically precludes such relief.

11. Plaintiff thereafter pursued formal discovery through the pending adversary proceeding by serving Requests for Production pursuant to Federal Rule of Bankruptcy Procedure 7034, seeking substantially the same categories of documents through the formal discovery procedures referenced by Defendant's counsel. In doing so, Plaintiff followed the procedure expressly identified by Defendant's counsel for obtaining discovery.

12. The Requests for Production are directed to the documentary basis for Defendant's Proof of Claim, Motion for Relief from Stay, Ashley Graf Declaration, and other filings upon which Defendant seeks affirmative relief. For the Court's convenience, Exhibit A summarizes the relationship between the factual representations supporting Defendant's Motion for Relief from Stay and the corresponding Requests for Production served by Plaintiff.

## III. DEFENDANT'S MOTION FOR RELIEF FROM STAY IS PREDICATED UPON FACTUAL ASSERTIONS THAT ARE THE SUBJECT OF PENDING DISCOVERY

13. Defendant's Motion for Relief from Stay is not based solely upon legal argument. Rather, Defendant requests affirmative relief based upon specific factual representations concerning the parties' contractual relationship, the status of the account, the amount of the asserted indebtedness, the value of the collateral, and Defendant's alleged right to enforce the Retail Installment Sale Contract.

14. Specifically, Defendant represents that:

   a. Plaintiff is allegedly in post-petition default under the Retail Installment Sale Contract;

   b. the asserted post-petition default totals approximately $1,528.84;

   c. the total indebtedness allegedly owed to Defendant is approximately $95,051.48;

   d. the collateral has an asserted value of approximately $61,928.00, based upon a Kelley Blue Book valuation; and

   e. Defendant is entitled to enforce the contract and obtain relief from the automatic stay based upon the records and documentation attached to its Motion and supporting declaration.

15. Defendant further relies upon the Declaration of Ashley Graf, who states that her testimony is based upon Defendant's business records maintained in the ordinary course of business and reviewed in connection with Plaintiff's account.

16. These factual representations are not incidental to Defendant's request for relief. Rather, they constitute the evidentiary foundation upon which Defendant asks this Court to exercise its authority under 11 U.S.C. §§ 362(d) and 1301(c).

17. Because Defendant has affirmatively placed these factual matters before the Court, Plaintiff has served Requests for Production directed to the documents, records, and information supporting those factual representations through the discovery procedures authorized by Federal Rule of Bankruptcy Procedure 7034.

## IV. PLAINTIFF'S DISCOVERY IS NARROWLY TAILORED TO THE FACTUAL FOUNDATION OF DEFENDANT'S MOTION

18. Plaintiff's Requests for Production do not seek discovery unrelated to Defendant's Motion for Relief from Stay or Defendant's asserted claim.

19. Instead, the Requests for Production seek the documents Defendant relied upon in preparing and filing:

* Proof of Claim No. 8;
* the Motion for Relief from Stay;
* the Declaration of Ashley Graf;
* Defendant's payment history;
* Defendant's account ledger;
* documents concerning ownership and assignment of the Retail Installment Sale Contract;
* documents concerning the calculation of the asserted indebtedness;
* documents supporting the alleged default;
* documents concerning Defendant's servicing records; and
* other business records upon which Defendant relies in this litigation.

20. The requested discovery is therefore directed to the documentary and factual basis of Defendant's own representations and is neither speculative nor intended to expand the issues presently before the Court.

21. Completion of this limited written discovery will permit both the parties and the Court to evaluate Defendant's Motion upon a more complete factual record while reducing the likelihood of duplicative proceedings concerning the same documents and factual issues.

## V. THE REQUESTED CONTINUANCE IS A REASONABLE EXERCISE OF THE COURT'S DISCRETION AND WILL PROMOTE JUDICIAL ECONOMY

22. Plaintiff respectfully acknowledges that motions for relief from the automatic stay are generally intended to provide an expedited determination regarding whether cause exists to modify or terminate the protections afforded by 11 U.S.C. § 362.

23. Plaintiff does not request that the Court adjudicate the merits of the pending adversary proceeding within the context of Defendant's Motion for Relief from Stay. Nor does Plaintiff contend that the existence of the adversary proceeding, standing alone, requires denial or postponement of Defendant's Motion.

24. Rather, Plaintiff seeks only a limited continuance to permit completion of initial written discovery directed to the factual representations Defendant has affirmatively placed before the Court in support of its request for relief.

25. The requested discovery concerns the same payment history, accounting records, business records, assignment documentation, servicing records, and other documentary evidence Defendant relies upon in support of both its asserted claim and its Motion for Relief from Stay.

26. Allowing that limited discovery to proceed before adjudication of Defendant's Motion will assist the Court in evaluating the factual record presented in support of Defendant's Motion while reducing the possibility of duplicative proceedings involving substantially identical factual issues in both the main bankruptcy case and the adversary proceeding.

27. Granting a brief continuance under these circumstances would promote the efficient administration of these related proceedings by permitting the parties to complete targeted discovery that is already underway, thereby providing a more complete factual record for the Court's consideration.

## VI. DEFENDANT WILL NOT SUFFER UNDUE PREJUDICE

28. Plaintiff's request is limited in scope and duration. Plaintiff does not seek to indefinitely postpone Defendant's Motion or delay these proceedings unnecessarily.

29. Plaintiff seeks only sufficient time to complete the initial phase of written discovery that directly concerns the factual assertions upon which Defendant relies.

30. Defendant will not be required to prepare duplicative evidence or engage in unnecessary additional litigation. Rather, the requested discovery concerns categories of documents identified in Defendant's own filings or reasonably related to the factual representations Defendant relies upon in seeking relief.

31. The Court retains full authority to determine the appropriate duration of any continuance, to establish discovery deadlines, and to reset Defendant's Motion for hearing at the earliest appropriate opportunity consistent with the interests of justice and efficient case administration.

32. Under these circumstances, Plaintiff respectfully submits that the limited relief requested will not unfairly prejudice Defendant while promoting the orderly resolution of issues common to both proceedings.

## VII. THE COURT'S EXERCISE OF ITS CASE-MANAGEMENT DISCRETION WILL PROMOTE THE EFFICIENT ADMINISTRATION OF THESE RELATED PROCEEDINGS

33. Bankruptcy courts possess broad discretion to manage their dockets and coordinate related proceedings in a manner that promotes the efficient administration of bankruptcy cases and avoids unnecessary duplication of litigation.

34. Plaintiff respectfully submits that the limited continuance requested herein represents an appropriate exercise of that discretion because the discovery presently underway in the adversary proceeding concerns the same factual representations Defendant relies upon in support of its Motion for Relief from Stay.

35. Coordinating the timing of these related proceedings will promote efficiency, conserve judicial resources, and permit the Court to consider Defendant's Motion upon a more fully developed factual record without requiring adjudication of the ultimate merits of the adversary proceeding.

## VIII. CONCLUSION

36. Before initiating formal discovery, Plaintiff attempted in good faith to obtain the relevant documents directly from Defendant without court intervention. Defendant declined to produce the requested materials and advised Plaintiff that discovery should proceed pursuant to the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure.

37. Plaintiff thereafter pursued formal discovery under Federal Rule of Bankruptcy Procedure 7034 in the pending adversary proceeding. That discovery is narrowly directed to the documentary and factual basis for the representations Defendant relies upon in support of its Motion for Relief from Stay.

38. Plaintiff therefore respectfully requests that the Court exercise its discretion to permit completion of that limited discovery before ruling upon Defendant's Motion, thereby promoting judicial economy, reducing duplication, and allowing the Court to consider the Motion upon a more fully developed factual record.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order:

A. Continuing or deferring consideration of Defendant's Motion for Relief from the Automatic Stay and Motion for Relief from the Codebtor Stay pending completion of the initial phase of written discovery concerning the overlapping factual issues identified herein, or until such earlier or later date as the Court deems appropriate;

B. Establishing such further scheduling deadlines as the Court deems appropriate;

C. Granting such other and further relief as the Court determines to be just and proper.

Respectfully Presented this __20th__ day of __July__, 2026.

*: Anthony-Leo: Montez, Beneficiary.*

Anthony Leo Montez
Plaintiff, Pro Se (sui juris)
42080 W Anne Lane, Maricopa, AZ [85138]
(602)461-2994 | Anthonyleomontezestate@gmail.com