UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

**MINUTE ENTRY ORDER**

### *Hearing Information*

| | |
|---|---|
| Bankruptcy Judge: | The Honorable Brenda Moody Whinery |
| Case Number: | 4:24-bk-09671-BMW |
| Debtor(s): | ANTHONY LEO MONTEZ |
| Chapter: | 13 |
| Date and Time: | 07/21/2026 10:15 AM |
| Location(s): | Videoconference |
| Courtroom Clerk: | Rebecca Volz |
| Electronic Court Recording Operator: | Sharon Gifford |

### *Matter(s)*

***ANTHONY LEO MONTEZ        4:24-bk-09671-BMW***
1. STATUS HEARING REGARDING THE CASE (SET ON THE COURT'S OWN MOTION) (CONT. FROM 07/16/2026)
1 / 226

***ANTHONY LEO MONTEZ        4:24-bk-09671-BMW***
2. PRELIMINARY HEARING ON THE MOTION FOR RELIEF FROM STAY FILED BY ALLY CAPITAL RE: 2021 DODGE RAM 3500 (RESCHEDULED FROM 07/09/2026) (CONT. FROM 07/16/2026)
27 / 226

***MONTEZ v. ALLY CAPITAL / ALLY FINANCIAL        4:25-ap-00256-BMW***
3. STATUS HEARING RE: ADVERSARY PROCEEDING (RESCHEDULED FROM 11/18/2025) (RESCHEDULED FROM 01/27/2026) (RESCHEDULED FROM 02/10/2026) (CONT. FROM 03/10/2026) (RESCHEDULED FROM 07/09/2026) (CONT. FROM 07/16/2026)
1 / 51

### *Appearances*

ANTHONY LEO MONTEZ, DEBTOR/PLAINTIFF, APPEARING BY VIDEOCONFERENCE
MICHAEL ZDANCEWICZ, REPRESENTING CREDITOR/DEFENDANT ALLY CAPITAL AND APPEARING BY VIDEOCONFERENCE
MARY MARTIN, REPRESENTING TRUSTEE MANEY AND APPEARING BY VIDEOCONFERENCE
LEONARD MCDONALD, REPRESENTING CREDITOR U.S. BANK AND APPEARING BY VIDEOCONFERENCE

### *Proceedings*

ITEM 1: STATUS HEARING REGARDING THE CASE

ITEM 2: PRELIMINARY HEARING ON THE MOTION FOR RELIEF FROM STAY FILED BY ALLY CAPITAL RE: 2021 DODGE RAM 3500

ITEM 3: STATUS HEARING RE: ADVERSARY PROCEEDING

### ITEM 1

Ms. Martin updates the Court. There are a number of issues that need to be resolved before the First Amended Plan at Dkt. 173 may be confirmed. Ally Capital has objected to the First Amended Plan. There may be a plan funding issue depending upon the resolution with respect to the treatment of the Ally Capital claim. The two adversaries will need to be resolved. Mr. Montez has filed claims on behalf of Ally Financial and US Bank. It is unclear what Mr. Montez is trying to

accomplish by filing those claims. Ally Financial and US Bank have objected to the claims. Mr. Montez still needs to provide copies of his 2024 tax returns to the trustee's office. The trustee is concerned about the status of this case. This case was filed almost two years ago and there is still no confirmed plan. Monthly payments are $1,650.00 and Debtor is approximately $1,100.00 delinquent.

The Court asks whether Mr. Montez is aware that all of the issues raised by the trustee must be resolved in order to get a plan confirmed.

Mr. Montez states that he is aware. He took care of everything already. His payments are current and the trustee's office has copies of his 2024 tax returns. The trustee's office never responds to his phone calls, emails, faxes, or letters. He has proof of sending.

COURT: DEBTOR IS TO FOLLOW UP WITH THE TRUSTEE'S OFFICE TO RESOLVE ALL OF THE ISSUES THAT HAVE BEEN RAISED. A CONTINUED STATUS HEARING IS SET FOR 10:45 A.M. ON OCTOBER 20, 2026.

The Court states that the Debtor needs to work towards plan confirmation.

**ITEM 2**
The Court notes that the Motion for Relief from Stay was filed in December of 2024 and asks for a status update. Limited stay relief was granted to investigate the issues surrounding the lien release.

Mr. Zdancewicz reports that the last payment posted to this account in November of 2024 and the collateral has been depreciating for the last 20 months. Debtor is not paying any adequate protection and there is no offer of adequate protection.

The Court asks whether the parties have tried to discuss a resolution.

Mr. Zdancewicz reports that the parties have not had any discussions. He requests that the Court grant stay relief today. If the Court is not inclined to grant stay relief today, then he requests that the Court order adequate protection payments.

Mr. Montez responds. There is conflicting evidence that needs to be addressed.

The Court states that Debtor's objection to the Ally Capital claim has already been overruled. Ally Capital has filed an Objection (DE 197) to Debtor's First Amended Plan. Ally Capital's claim must be treated in order for the plan to be confirmed. If Debtor would like to keep the vehicle, then Debtor must pay for the vehicle. Debtor should be trying to negotiate an agreement for plan treatment with Ally Capital in order to move this case towards confirmation.

The Court asks whether the lien release issue has been resolved.

Mr. Zdancewicz reports that the lien issue is not yet resolved. There is a judgment in state court that partially resolves the lien issue. Additional action will have to be taken.

The Court asks whether the conduct occurred after the judgment was entered in state court.

Mr. Zdancewicz confirms that the conduct occurred after the judgment was entered.

Mr. Montez disagrees. He reports that the lien release was sent to him via USPS and he received that lien release before the state court action and the bankruptcy.

The Court asks whether Debtor would like to keep the vehicle.

Mr. Montez reports that he would like to retain the vehicle.

The Court states that if Debtor wants to keep the vehicle, then Debtor must pay for the vehicle.

Mr. Montez states that he understands.

COURT: THE COURT WILL NOT GRANT THE MOTION FOR RELIEF FROM STAY TODAY. THE DEBTOR'S OBJECTION TO ALLY CAPITAL'S CLAIM HAS ALREADY BEEN OVERRULED. ALLY CAPITAL HAS A CLAIM THAT MUST BE TREATED THROUGH THE PLAN.

**ITEM 3**
The Court states that the adversary is challenging the claims of Ally Capital. The objection to that claim has already been overruled. Given that, it does not appear that this adversary needs to go forward.

Mr. Montez states that he needs an accounting to get a clearer picture of what is happening.

The Court states that an adversary is not needed in order to get an accounting. An accounting can be provided through the administrative case. Debtor is free to request an accounting from Ally Capital. The adversary is unnecessary litigation at this time.

Mr. Montez responds. There is new evidence. Ally Capital failed to communicate with him or provide documentation. He needs a clear picture about the equity. He wants the documents referenced in the Declaration to be produced.

The Court asks if Mr. Zdancewicz has the accounting.

Mr. Zdancewicz reports that the accounting is attached to the Motion for Relief from Stay at Dkt. 27. He clarifies the record. The state court judgment was entered in July of 2023. The purported lien release was dated prior to July of 2023. The state court case is being handled by another firm.

Mr. Montez states that the documentation that he is seeking is the documentation referenced in the Declaration at Dkt. 118 in the administrative case.

The Court states that the Declaration was filed in the administrative case.

COURT: THERE ARE NO ADDITIONAL CLAIMS IN THIS ADVERSARY THAT HAVE NOT ALREADY BEEN RULED UPON OR INCLUDED IN THE OBJECTION TO THE FIRST AMENDED PLAN OR THE MOTION FOR RELIEF FROM STAY. ADVERSARY CASE NO. 4:25-AP-00256-BMW IS DISMISSED. DEBTOR MAY MAKE A FORMAL REQUEST FOR DISCOVERY IN THE ADMINISTRATIVE CASE THROUGH THE OBJECTION TO THE PLAN OR THE MOTION FOR RELIEF FROM STAY.

**ITEM 1 and ITEM 2**
COURT: A CONTINUED HEARING REGARDING THE MOTION FOR RELIEF FROM STAY IS SET FOR 10:45 A.M. ON OCTOBER 20, 2026. AN INITIAL HEARING REGARDING THE CONFIRMATION OF THE PLAN IS SET FOR THE SAME DATE AND TIME. THE CLAIMS OF BOTH ALLY CAPITAL AND US BANK MUST BE ADDRESSED IN ORDER FOR THE PLAN TO BE CONFIRMED.

Mr. Montez states that he needs copies of the documents referenced in the Declarations.

The Court states that counsel for both Ally Capital and US Bank are well aware that they need to comply with reasonable discovery requests. If the information is already on file, Debtor may obtain the information that way.

**4:26-ap-00232-BMW        MONTEZ v. U.S. BANK NATIONAL ASSOCIATION**

Mr. McDonald addresses the Court. Mr. Montez recently filed an adversary case against his client that requires a response by the end of July or early August. The new adversary is identical to the adversary that this Court just dismissed. In the adversary the Court just dismissed, case no. 4:25-ap-00256-BMW, Mr. Montez tried to include his client by amending the Complaint and his client objected. In the most recent adversary, 4:26-ap-00232-BMW, Mr. Montez is requesting documentation, and it concerns the U.S. Bank claim. This Court has already overruled Debtor's objection to the U.S. Bank claim. Debtor is current on the post-petition payments to U.S. Bank. He prefers not to spend any time or fees on an adversary that is going nowhere. He requests that the Court stay all proceedings in case no. 4:26-ap-00232-BMW.

COURT: A STATUS HEARING REGARDING ADVERSARY CASE NO. 4:26-ap-00232-BMW IS SET FOR 10:45 A.M. ON OCTOBER 20, 2026. U.S. BANK IS NOT TO ANSWER OR RESPOND IN ANY WAY PRIOR TO THE STATUS HEARING. THE PARTIES ARE TO TRY TO COMMUNICATE TO SEE IF A RESOLUTION CAN BE REACHED.

The Court states that adversary case no. 4:26-ap-00232-BMW will not be dismissed at this time.

The Court explains that Debtor may be required to pay some of the fees that U.S. Bank is accruing in litigating these matters depending upon how the lending documents are written.

Mr. Montez states that he needs the documentation he requested.

The Court states that Debtor will need to reach resolutions with the creditors in order to get to plan confirmation.

Mr. Montez asks that the Court direct the creditors and the trustee's office to respond to his communications. He has to file everything with the Court because no one responds to him.

The Court states that all of the counsel present today are competent and capable. There have never been any complaints about a failure to communicate or respond.

Mr. Montez states that he will start filing proof of sending his communications.

**ITEM 2**

Mr. Zdancewicz asks if the Court will order adequate protection today. He also requests proof that the collateral is insured.

The Court asks whether the vehicle is insured and whether evidence of insurance can be provided to Mr. Zdancewicz or his client.

Mr. Montez reports that the collateral is insured and he will provide evidence of insurance to Mr. Zdancewicz.

The Court asks for the amount of adequate protection that is being requested.

Mr. Zdancewicz requests adequate protection in the amount of $500.00 per month, which is 1% of the value assigned to the collateral by the Debtor.

The Court asks if Mr. Montez is willing to pay $500.00 per month to keep the vehicle pending the

plan.

Mr. Montez reports that he will pay $500.00 per month.

COURT: DEBTOR IS TO PROVIDE PROOF THAT THE COLLATERAL IS INSURED TO MR. ZDANCEWICZ. DEBTOR IS TO PAY $500.00 PER MONTH IN ADEQUATE PROTECTION. COUNSEL IS TO UPLOAD AN ORDER FOR THE COURT'S CONSIDERATION.


**SUBSEQUENT TO THE HEARING**
COURT: A CONTINUED HEARING IS SET FOR 10:45 A.M. ON OCTOBER 20, 2026. ANY INTERESTED PARTIES MAY APPEAR VIA ZOOMGOV.COM/JOIN. THE HEARING ID IS 161 832 2265 AND THE PASSCODE IS 817113.
CONFIRM AN APPEARANCE BY SENDING AN EMAIL TO COURTROOM CLERK REBECCA VOLZ, AT REBECCA_VOLZ@AZB.USCOURTS.GOV, AT LEAST THREE (3) BUSINESS DAYS PRIOR TO THE HEARING. THE EMAIL IS TO INCLUDE THE FULL NAME OF THE PERSON APPEARING AND THAT PERSON'S RELATIONSHIP TO THE CASE, THE CASE NAME, AND THE CASE NUMBER.