8

FILED USBC PHX
2026 AUG 21 PM4:01

# IN THE UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

**CASE NO.:** 04:24-bk-09671-BMW

**IN RE:**
ANTHONY LEO MONTEZ,
Debtor,

**CHAPTER 13**

## DEBTOR'S MOTION FOR DISCOVERY AND PRODUCTION OF DOCUMENTS FROM ALLY CAPITAL CORPORATION

Anthony Leo Montez ("Debtor"), appearing pro se, respectfully submits this Motion for Discovery and Production of Documents from Ally Capital Corporation ("Ally") in the above-captioned Chapter 13 bankruptcy case, consistent with the Court's direction that Debtor pursue the requested documents through formal discovery in the main bankruptcy proceeding.

Debtor requests that Ally produce the documents described below that are within Ally's possession, custody, or control, within the time prescribed by the applicable Federal Rules of Bankruptcy Procedure or within such other time as the Court may direct.

### I. PRELIMINARY STATEMENT

This discovery request concerns Ally's asserted claim against Debtor and factual representations Ally has placed before the Court concerning Debtor's account.

Ally has participated in this bankruptcy case by, among other things:

(a) filing Proof of Claim No. 8;

(b) filing its Motion for Relief from Stay and supporting exhibits;

(c) submitting the Declaration of Ashley Graf and other supporting materials; and

(d) making factual representations concerning Debtor's account, Ally's asserted interest in the obligation and collateral, the amount of the asserted indebtedness, payment history, account records, and related matters.

Through Proof of Claim No. 8, its Motion for Relief from Stay, the Graf Declaration, and related filings, Ally presented factual representations concerning, among other things, ownership and enforceability of the asserted obligation, calculation of the indebtedness, maintenance and

reliance upon business records, application of payments, the existence and amount of alleged defaults, and documents relating to Debtor's account.

Although Ally's Motion for Relief from Stay and the related adversary proceeding have since been dismissed, the Court directed that Debtor pursue the requested documents through formal discovery in the main bankruptcy proceeding. Debtor therefore submits this request consistent with that direction.

These Requests for Production seek the documents supporting factual representations Ally has made concerning its asserted claim and Debtor's account. Debtor does not seek generalized corporate discovery or information unrelated to Ally's asserted claim or representations made in this bankruptcy case.

The requested documents are directed principally to the underlying accounting and transactional records, the records reviewed or relied upon by Ashley Graf, documents supporting Proof of Claim No. 8, documents concerning ownership and the asserted right to enforce the obligation, and records concerning the Form 1099-C and Notice of Lien Release previously addressed by Ally.

The requested production will permit Debtor to examine the document tary and accounting basis for Ally's asserted claim and the factual representations previously made to this Court while avoiding unnecessary duplication of litigation.

## II. DEFINITIONS

**For purposes of these Requests:**

1. "Document" has the broadest meaning permitted by Rule 34 of the Federal Rules of Civil Procedure and includes all writings, electronically stored information ("ESI"), emails, letters, memoranda, notes, contracts, agreements, account records, payment histories, databases, spreadsheets, electronically maintained account notes, recordings, photographs, metadata, audit logs, and every other form of recorded information.

2. "Account" means the retail installment contract, loan, security agreement, and every servicing, collection, bankruptcy, accounting, collateral, title, and payment record relating to Debtor.

3. "Identify" means to state the title, date, author, custodian, and present location of the requested document or, if the document no longer exists, the circumstances of its disposition.

4. "Ally" means Ally Capital Corporation, together with its officers, employees, agents, representatives, servicers, predecessors, successors, and any person or entity acting on its behalf with respect to Debtor's account.

5. "Proof of Claim" means Ally's Proof of Claim No. 8 filed in Debtor's Chapter 13 bankruptcy case, together with all attachments, amendments, supplements, exhibits, and supporting documentation.

6. "Motion for Relief from Stay" means Ally's Motion for Relief from Stay previously filed in Debtor's Chapter 13 bankruptcy case, together with its exhibits, declarations, attachments, supplements, and supporting documents.

7. "Graf Declaration" means the declaration executed by Ashley Graf and submitted by Ally concerning Debtor's account.

## III. INSTRUCTIONS

1. Produce documents as they are kept in the usual course of business or organize and label them to correspond to the categories in these Requests.
2. If additional responsive documents are discovered or obtained after the initial production and supplementation is required by the applicable discovery rules or an order of the Court, Ally shall supplement its production accordingly.
3. If any responsive document is withheld based upon a claim of privilege or protection, identify the document or category withheld and provide the information required by Federal Rule of Civil Procedure 26(b)(5), to the extent applicable.
4. If Ally contends that a responsive document once existed but has been lost, destroyed, or is otherwise unavailable, identify the document or category and state the circumstances of its unavailability to the extent known.
5. Unless otherwise specified, these Requests encompass the period from the origination of Debtor's account through the date of Ally's response.

## IV. REQUEST NO. 1

**Authority of Ashley Graf**

Produce all documents sufficient to identify Ashley Graf's position, responsibilities, authority, training, and basis of knowledge concerning Debtor's account and the business records addressed in the Graf Declaration, including documents sufficient to establish her authority to execute the Graf Declaration on behalf of Ally.

## V. REQUEST NO. 2

**Documents Reviewed by Ashley Graf**

Produce every document, record, electronically stored information, account note, report, correspondence, database entry, or other material reviewed, considered, or relied upon by Ashley Graf in preparing or executing the Graf Declaration, or any subsequent declaration concerning Debtor's account.

## VI. REQUEST NO. 3

**Ownership and Right to Enforce**

Produce all documents in Ally's possession, custody, or control supporting Ally's assertion that it owns, services, administers, or otherwise possesses the right to enforce the obligation asserted in Proof of Claim No. 8, including any assignments, transfers, purchase agreements, servicing agreements, powers of attorney, custodial agreements, or other documents identifying the owner of the obligation, the servicer, and the entity entitled to receive payments.

## VII. REQUEST NO. 4

**Business Records Supporting Ally's Claim**

Produce all documents sufficient to identify and support Ally's contention that the records relating to Debtor's account were created, maintained, and relied upon in the ordinary course of

business, including all documents reviewed, relied upon, or incorporated into Proof of Claim No. 8, the Motion for Relief from Stay, the Graf Declaration, or any other declaration submitted by Ally concerning Debtor's account in this bankruptcy case.

## VIII. REQUEST NO. 5

### Complete Transactional Account Ledger

Produce the complete transactional account history maintained by Ally concerning Debtor's account from the date of origination through the date of production, including all electronic account ledgers, payment histories, payment applications, principal reductions, interest accruals, fees, credits, debits, adjustments, reversals, recoveries, charge-offs, bankruptcy transactions, payoff calculations, reconciliations, and any other accounting entries reflecting activity on Debtor's account. This Request includes all historical versions of the account ledger maintained by Ally.

If Ally maintains more than one ledger or accounting system relating to Debtor's account, produce each such ledger maintained in the ordinary course of business.

## IX. REQUEST NO. 6

### Payment History and Application of Payments

Produce all documents reflecting every payment received on Debtor's account, including the date received, amount received, source of payment, application of each payment, allocation among principal, interest, fees, costs, suspense accounts, escrow (if applicable), and any subsequent reapplication, reversal, or adjustment of those payments.

## X. REQUEST NO. 7

### Interest, Fees, Charges, and Adjustments

Produce all documents sufficient to identify and support every assessment of interest, fees, costs, late charges, attorney's fees, collection costs, inspection fees, bankruptcy-related charges, and any other amounts included within Ally's asserted indebtedness, together with the calculations supporting each assessment and the contractual or legal basis upon which each amount was imposed.

## XI. REQUEST NO. 8

### Documents Supporting Proof of Claim No. 8

Produce all documents relied upon in preparing Proof of Claim No. 8, including:

1. Every account record supporting the principal balance asserted;
2. Every document supporting accrued interest;
3. Every document supporting fees, costs, expenses, or other charges included in the claim;
4. Every document supporting the calculation of any arrearage or default;
5. Every document reviewed by the individual responsible for preparing or approving the Proof of Claim;

6. Any internal worksheet, reconciliation, or calculation used in preparing the amounts asserted; and

7. Any document reflecting the review, approval, or authorization of Proof of Claim No. 8 before it was filed.

## XII. REQUEST NO. 9

**Documents Supporting Ally's Motion for Relief from Stay**

Produce all documents relied upon in preparing Ally's Motion for Relief from Stay, including:

1. The existence and amount of any alleged default;
2. The calculation of any alleged post-petition delinquency;
3. The amount necessary to cure any asserted default;
4. The balance asserted to be due and owing;
5. Any valuation, if relied upon in support of the Motion;
6. Any internal analyses, calculations, or summaries prepared in connection with the Motion; and
7. Every document reviewed before Ally filed the Motion for Relief from Stay.

## XIII. REQUEST NO. 10

**Documents Concerning the Form 1099-C and Notice of Lien Release**

With respect to Ally's representations concerning the Form 1099-C and Notice of Lien Release, produce:

1. Every document reviewed before making those representations;
2. Every account record examined;
3. Every internal memorandum, report, or analysis concerning those documents;
4. Every non-privileged communication reviewed, considered, or relied upon by Ally concerning the Form 1099-C or Notice of Lien Release;
5. Every record reflecting any investigation conducted regarding the authenticity, origin, issuance, or reporting of those documents; and
6. Every document supporting Ally's factual representations concerning the Form 1099-C and Notice of Lien Release.

## XIV. REQUEST NO. 11

**Internal Account Notes and Servicing Records**

Produce all account notes, servicing notes, collection notes, bankruptcy notes, correspondence logs, activity logs, imaging notes, and other electronically maintained records relating to

Debtor's account that were created, reviewed, modified, or relied upon from the origination of the account through the date of Ally's response.

## XV. REQUEST NO. 12

### Electronic Account Records and Audit History

Produce all documents sufficient to identify and describe:

1. The electronic servicing platform(s) used to maintain Debtor's account;
2. The complete electronic transaction history maintained within those systems;
3. Any audit logs reflecting additions, deletions, or modifications to Debtor's account records;
4. The date and identity of each individual who created or modified material account entries relied upon in Ally's Proof of Claim, Motion for Relief from Stay, or declarations; and
5. Any system-generated reports reflecting the historical status of Debtor's account.

## XVI. REQUEST NO. 13

### Communications Relied Upon by Ally

Produce all non-privileged communications, whether internal or external, that Ally relied upon in preparing Proof of Claim No. 8, the Motion for Relief from Stay, the Graf Declaration, or any other filing concerning Debtor's account, including communications with:

1. Servicers;
2. Custodians of records;
3. Collection personnel;
4. Bankruptcy personnel;
5. Third-party vendors; and
6. Governmental agencies.

This Request is limited to non-privileged communications relating to Debtor's account that Ally relied upon in support of the factual representations made to this Court. Nothing in this Request seeks communications protected by the attorney-client privilege or work-product doctrine.

## XVII. REQUEST NO. 14

### Documents Supporting Ally's Calculation of the Asserted Indebtedness

Produce every worksheet, spreadsheet, calculation, reconciliation, payoff analysis, account summary, or other document used by Ally to calculate:

1. The principal balance;
2. Accrued interest;
3. Fees and costs;
4. Alleged defaults;

5. Arrearages;

6. Cure amounts;

7. Payoff figures; and

8. The balances asserted in Ally's Proof of Claim and Motion for Relief from Stay.

**XVIII. REQUEST NO. 15**

**Additional Documents Supporting Ally's Factual Representations**

Produce all documents not previously requested that Ally intends to rely upon in support of:

1. Proof of Claim No. 8;
2. any amendment or supplement to Proof of Claim No. 8;
3. any declaration or factual submission concerning Debtor's account;
4. any affirmative factual contention concerning the amount, validity, secured status, enforceability, ownership, servicing, or treatment of Ally's asserted claim; or
5. any other factual contention concerning Debtor's account that Ally intends to present to this Court.

**XIX. REQUEST NO. 16**

**Identification of Unavailable Documents**

If Ally contends that any responsive document requested herein does not exist, has been destroyed, is unavailable, or is not within Ally's possession, custody, or control, identify:

1. The document or category of documents;
2. The last known custodian;
3. The date Ally last possessed or controlled the document;
4. The circumstances under which the document became unavailable; and
5. Whether Ally believes another person or entity possesses the document.

**XX. SUPPLEMENTATION**

To the extent required by the Federal Rules of Civil Procedure as incorporated by the Federal Rules of Bankruptcy Procedure, or by further order of this Court, Ally shall timely supplement or correct its production if it learns that a response or production is materially incomplete or incorrect.

**PRAYER FOR RELIEF**

WHEREFORE, Debtor respectfully requests that the Court enter an Order:

A. Granting Debtor's Motion for Discovery and Production of Documents from Ally Capital Corporation;

B. Directing Ally to respond to Requests for Production Nos. 1 through 16 and produce responsive, non-privileged documents within the time prescribed by the applicable Federal Rules of Bankruptcy Procedure or within such other period as the Court may establish;

C. Directing that any documents withheld on the basis of privilege or protection be identified in accordance with the applicable discovery rules;

D. Permitting supplementation of the production as required by the applicable discovery rules or further order of the Court; and

E. Granting such other and further relief as the Court deems just and proper.

Respectfully presented on this _21st_ day of _August_, 2026,

: Anthony-Leo: Montez, Beneficiary.

Anthony Leo Montez
Debtor, Pro Se (sui juris)
42080 W Anne Lane, Maricopa, AZ [85138]
(602)461-2994
Anthonyleomontezestate@gmail.com