31

FILED USBC PHX
2026 SEP 23 AM11:52

# IN THE UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

**CASE NO.:** 04:24-bk-09671-BMW

**IN RE:**
ANTHONY LEO MONTEZ,
Debtor,

**CHAPTER 13**

## DEBTOR'S REPLY IN SUPPORT OF MOTION FOR DISCOVERY AND PRODUCTION OF DOCUMENTS FROM ALLY CAPITAL CORPORATION [DKT. 244] AND RESPONSE TO ALLY CAPITAL CORPORATION'S OPPOSITION [DKT. 246]

Anthony Leo Montez ("Debtor"), appearing pro se, respectfully submits this Reply in support of his Motion for Discovery and Production of Documents from Ally Capital Corporation at Docket No. 244 ("Discovery Motion") and in response to Ally Capital Corporation's ("Ally") Opposition at Docket No. 246.

### I. INTRODUCTION

Ally's Opposition rests substantially upon a premise that does not describe Docket No. 244.

Debtor is not asking the Court through Docket No. 244 to reconsider, vacate, modify, or relitigate any prior ruling. Debtor seeks the underlying accounting and supporting records necessary to understand and reconcile Ally's accounting of Debtor's account, including the documentation associated with the Declaration at Docket No. 118 and the records underlying Ally's calculations and factual representations concerning the account.

This is not a new purpose created after disposition of the adversary proceeding. The Court's own record establishes the procedural history.

As reflected in the Minute Entry Order at Docket No. 233, Debtor explained to the Court that he needed an accounting to obtain a clearer picture of what was occurring with the account. Debtor specifically identified the documentation referenced in the Declaration at Docket No. 118 as documentation he was seeking.

After addressing that request and the proper procedural vehicle for obtaining the accounting, the Court expressly stated:

**"DEBTOR MAY MAKE A FORMAL REQUEST FOR DISCOVERY IN THE ADMINISTRATIVE CASE THROUGH THE OBJECTION TO THE PLAN OR THE MOTION FOR RELIEF FROM STAY." Dkt. 233.**

Debtor followed that direction by filing Docket No. 244.

Accordingly, the question presented by the Discovery Motion is not whether a previously adjudicated controversy should be reopened. The question is whether Ally should respond to the formal discovery request Debtor filed after the Court expressly directed that discovery could be pursued in the administrative case.

Ally's Opposition devotes substantial attention to relitigating. Docket No. 244 seeks no such relief. It seeks the accounting and underlying records Debtor identified when the Court directed him to formal discovery.

## II. DOCKET NO. 244 FOLLOWS THE DISCOVERY PROCEDURE EXPRESSLY IDENTIFIED BY THE COURT

Ally contends that Docket No. 244 lacks a procedural basis for the requested discovery.

That contention does not account for the procedural history reflected in Docket No. 233.

Debtor appeared before the Court and explained his need for an accounting. Debtor further identified the documentation referenced in the Declaration at Docket No. 118 as documentation he was seeking.

The Court determined that an adversary proceeding was unnecessary for Debtor to obtain an accounting and expressly directed that Debtor could make a formal request for discovery in the administrative case through the objection to the plan or the motion for relief from stay.

The Court's direction was specific to the procedural circumstances before it. Debtor thereafter filed Docket No. 244 in the administrative case seeking formal production of the accounting and supporting records.

Docket No. 244 therefore did not attempt to recreate the adversary proceeding. It followed the procedural path identified by the Court.

Debtor respectfully requests that the Court give effect to that direction by granting Docket No. 244 and directing Ally to respond to Debtor's Requests for Production Nos. 1 through 16 and produce the responsive documents requested therein.

## III. ALLY'S RELITIGATION PREMISE DOES NOT DESCRIBE THE RELIEF REQUESTED IN DOCKET NO. 244

Ally repeatedly characterizes Debtor's discovery request as an effort to challenge, revisit, undermine, or relitigate matters previously adjudicated.

That is not the relief Debtor requests.

Debtor does not ask the Court in Docket No. 244 to reverse any prior ruling. Debtor does not ask the Court to reinstate the dismissed adversary proceeding. Debtor does not seek through the Discovery Motion a determination vacating or modifying any prior adjudication.

Debtor seeks records.

More specifically, Debtor seeks the accounting and supporting documentation necessary to understand and reconcile Ally's accounting with Debtor's own records and to determine the documentary basis for Ally's calculations and factual representations concerning an asserted claim that must be addressed in Debtor's Chapter 13 case.

Obtaining the records underlying Ally's accounting does not itself reverse, modify, or reconsider any prior ruling.

The distinction is important because Ally's Opposition devotes substantial argument to why previously adjudicated issues should not be reopened. Debtor is not asking that they be reopened.

The Discovery Motion should therefore be considered according to the relief it actually requests rather than the different purpose attributed to it in Ally's Opposition.

## IV. THE DOCUMENTATION ASSOCIATED WITH THE DECLARATION AT DOCKET NO. 118 WAS SPECIFICALLY IDENTIFIED BEFORE THE COURT

The documentation associated with the Declaration at Docket No. 118 is central to the present discovery request.

It is also central to the procedural history.

Docket No. 233 reflects that Debtor specifically advised the Court that the documentation he sought was the documentation referenced in the Declaration at Docket No. 118.

The Court recognized during that discussion that the Declaration was filed in the administrative case.

The Court then directed Debtor to formal discovery in that administrative case.

Thus, Debtor's request for the records associated with the Declaration did not first appear in Docket No. 244 as a new attempt to challenge an adjudicated matter. Debtor specifically identified those records when discussing his need for an accounting with the Court.

Docket No. 244 carries that request forward through the formal discovery procedure identified by the Court.

Debtor seeks the documents, account records, data, reports, and other materials actually reviewed, considered, or relied upon, if any, in preparing or supporting the factual representations contained in the Declaration at Docket No. 118.

Those materials go directly to the accounting Debtor told the Court he was attempting to obtain.

## V. ALLY'S PRODUCTION WITH ITS OPPOSITION DOES NOT RESOLVE THE DISCOVERY REQUEST

Ally states that documents were produced with its Opposition.

Debtor acknowledges those documents.

Their production, however, does not establish that Ally has responded to Requests for Production Nos. 1 through 16 or that the accounting records and materials actually reviewed,

considered, or relied upon in connection with the Declaration at Docket No. 118 have been produced.

Attaching selected documents to an opposition is not the same thing as responding to the formal Requests for Production.

The question is not merely whether Ally has produced some documents concerning the account. The question is whether Ally has produced the responsive accounting records and supporting materials requested in Docket No. 244.

Debtor should not be required to guess whether the documents attached to Docket No. 246 constitute all records responsive to a particular request or all records actually reviewed, considered, or relied upon in connection with the Declaration.

A formal discovery response resolves that uncertainty.

To the extent documents attached to Docket No. 246 are responsive to individual Requests for Production, Ally can identify those previously produced documents in its response to the corresponding request.

Debtor does not seek unnecessary duplicate copies of the same documents.

What Debtor seeks is a complete response to the formal discovery requests so that the record establishes which responsive documents have been produced and so that the accounting and supporting records requested in Docket No. 244 are provided.

## VI. THE ACCOUNTING REQUEST RELATES TO ALLY'S CLAIM AND THE CONTINUING CHAPTER 13 PROCEEDINGS

Docket No. 233 further reflects that matters concerning treatment of Ally's claim continued within the administrative bankruptcy case.

The Court stated that Ally has a claim that must be treated through the plan and that the claims of Ally and U.S. Bank must be addressed for the plan to be confirmed.

Ally's Opposition likewise identifies continuing matters concerning treatment of its asserted secured claim, including collateral valuation and the applicable Chapter 13 interest rate.

Debtor's request for the accounting and underlying records therefore does not exist in isolation from the Chapter 13 proceeding.

Ally has asserted Proof of Claim No. 8. Its claim must be addressed through the Chapter 13 process.

Ally has made factual representations concerning Debtor's account, its payment history, the amounts asserted, and its claimed interest.

Debtor seeks the records underlying that accounting so he can determine how Ally calculated and maintained the account and reconcile those figures with his own records.

The existence of prior rulings does not transform that accounting request into a request to reverse those rulings.

## VII. ALLY'S CHARACTERIZATION THAT DEBTOR "REJECTED A PRACTICAL RESOLUTION" DOES NOT REFLECT THE COMPLETE DOCUMENTED SEQUENCE OF EVENTS

Ally states in its Opposition that "The Debtor Rejected a Practical Resolution and Instead Pursued Unnecessary Discovery." Having placed Debtor's revised proposed stipulation before the Court and relied upon the parties' negotiations to characterize Debtor's conduct leading to Docket No. 244, the complete sequence of those communications provides necessary context for that characterization.

The complete email correspondence is attached hereto as Exhibit A, Ally's original proposed Stipulation to Resolve Objection to Confirmation and proposed Order are attached hereto as Exhibit B, and Debtor's Revised Proposed Stipulation is attached hereto as Exhibit C.

Debtor submits these materials for the limited purpose of establishing the sequence of events leading to Docket No. 244 and responding to Ally's characterization of Debtor's conduct. Debtor does not offer these materials to establish the validity, invalidity, or amount of Ally's claim or to establish that any particular proposed settlement term should have been accepted.

On August 6, 2026, Ally transmitted its proposed Stipulation to Resolve Objection to Confirmation and proposed Order to Debtor. Ally requested that Debtor review the proposal and communicate his intentions by 2:00 p.m. on August 10, 2026. Exs. A–B.

Debtor responded on August 10, 2026, at approximately 1:56 p.m., within the period requested by Ally. Debtor did not simply reject Ally's proposal. Debtor advised that he intended to retain the vehicle, communicated his willingness to resolve Ally's Objection to Confirmation upon mutually acceptable terms, and returned a Revised Proposed Stipulation reflecting the terms upon which Debtor proposed resolving the dispute. Debtor requested Ally's response, including any proposed revisions, by August 13, 2026. Exs. A, C.

Significantly, Debtor's revised proposal also continued the accounting request that is the subject of the present Discovery Motion. The revised proposal requested a complete transactional accounting and records reviewed, considered, referenced, or relied upon by Ashley Graf concerning Debtor's account. Ex. C.

Ally did not respond by the August 13 date requested by Debtor. On August 20, 2026, Ally responded that Debtor's proposed changes were not agreeable to Ally. Ex. A.

The parties therefore did not reach a stipulation.

This documented sequence materially differs from the implication that Debtor simply rejected Ally's proposed resolution and elected to pursue unnecessary discovery instead. Debtor timely responded within Ally's requested period, engaged with Ally's proposal, returned proposed modifications, and continued requesting the accounting and supporting records that had already been identified as necessary to reconcile Ally's account.

The documents also demonstrate that the accounting request did not originate as a litigation tactic following the failure of settlement discussions. Debtor's August 10 Revised Proposed Stipulation expressly sought the accounting and records associated with Ashley Graf before the parties' negotiations concluded and before the present dispute concerning Docket No. 244. Ex. C.

When the parties did not reach an agreement resolving those matters, Debtor proceeded through the formal discovery procedure identified by the Court in Docket No. 233.

Accordingly, the correspondence is submitted to complete the sequence placed at issue by Ally's Opposition and to respond to Ally's characterization of Debtor's conduct. It demonstrates that Debtor participated in the proposed resolution process, timely responded to Ally's proposal, proposed modified terms, continued seeking the accounting and supporting records, and thereafter pursued those records through Docket No. 244 when the parties did not reach an agreement.

## VIII. ALLY'S GENERALIZED CHARACTERIZATION OF THE DISCOVERY DOES NOT ADDRESS THE SPECIFIC RECORDS DEBTOR SEEKS

Ally characterizes the discovery as burdensome and cumulative.

That generalized characterization does not address the specific purpose of the requested accounting records or the procedural history reflected in Docket No. 233.

Debtor did not seek formal discovery without first identifying the information he needed. Debtor explained his need for an accounting to the Court and specifically identified the documentation referenced in the Declaration at Docket No. 118.

The Court then directed Debtor to formal discovery in the administrative case.

Debtor followed that direction.

The accounting, transactional records, documents supporting Ally's calculations, records associated with the Declaration, and other materials identified in Docket No. 244 are directed toward determining the documentary basis for Ally's accounting and factual representations concerning Debtor's account.

Ally's characterization of the entire request as an attempt to relitigate previously adjudicated issues does not address that purpose.

## IX. THE DISCOVERY MOTION PROVIDES A DIRECT METHOD TO RESOLVE THE PRESENT DISPUTE

The parties should not have to continue debating in the abstract whether the requested records have already been produced.

Docket No. 244 provides a direct method for resolving the issue.

Ally can respond to each Request for Production.

Where responsive documents have already been produced, Ally can identify those documents.

Where additional responsive documents exist, Ally can produce them.

The result will be a defined record showing what materials support Ally's accounting and what documents were actually reviewed, considered, or relied upon in connection with the factual representations identified in Debtor's discovery requests.

That is the accounting information Debtor has been seeking.

It is also consistent with the procedure identified by the Court in Docket No. 233.

## X. LODGING OF PROPOSED ORDER

Contemporaneously with this Reply, Debtor lodges a proposed order reflecting the relief requested in Docket No. 244 after consideration of Ally's Opposition.

The proposed order directs Ally to respond to Debtor's Requests for Production Nos. 1 through 16 and produce the responsive documents requested therein.

The proposed order further permits Ally to identify documents previously produced with Docket No. 246 as responsive to particular Requests for Production, thereby avoiding unnecessary duplicate production while establishing a clear discovery record.

## XI. CONCLUSION

The procedural history reflected in Docket No. 233 resolves the central misconception underlying Ally's Opposition.

Debtor sought an accounting.

Debtor specifically identified the documentation referenced in the Declaration at Docket No. 118.

The Court directed Debtor to make a formal request for discovery in the administrative case through the objection to the plan or the motion for relief from stay.

Debtor followed that direction by filing Docket No. 244.

Docket No. 244 does not ask the Court to reopen the adversary proceeding, reconsider a prior ruling, or relitigate an adjudicated controversy. It seeks the accounting and supporting records Debtor identified before the Court and thereafter pursued through the formal discovery procedure the Court directed.

Ally's production of selected documents with Docket No. 246 does not establish that it has produced the accounting records and materials requested in Docket No. 244 or the materials actually reviewed, considered, or relied upon in connection with the Declaration at Docket No. 118.

A formal response to Requests for Production Nos. 1 through 16 will resolve that issue directly.

## PRAYER FOR RELIEF

WHEREFORE, Debtor Anthony Leo Montez respectfully requests that the Court:

A. Grant Debtor's Motion for Discovery and Production of Documents from Ally Capital Corporation at Docket No. 244;

B. Direct Ally Capital Corporation to serve responses to Debtor's Requests for Production Nos. 1 through 16;

C. Direct Ally Capital Corporation to produce the responsive documents requested therein, including the responsive accounting records and documents reviewed, considered, or relied upon in connection with the factual representations contained in the Declaration at Docket No. 118;

D. Permit Ally Capital Corporation to identify documents previously produced with Docket No. 246 as responsive to particular Requests for Production, without requiring unnecessary duplicate copies of those documents; and

E. Grant such other and further relief as the Court deems just and proper.

DATED this 23rd day of September, 2026.

Respectfully Presented,

Anthony-Leo: Montez, Beneficiary.

Anthony Leo Montez
Debtor, Pro Se
42080 W Anne Lane
Maricopa, Arizona 85138

# Exhibit A

Gmail

Anthony Montez <anthonyleomontezestate@gmail.com>

**RE: 4:24-bk-09671-BMW MONTEZ -**

3 messages

**Michael Zdancewicz** <MZ@zlawaz.com> Thu, Aug 6, 2026 at 9:37 AM
To: "AnthonyLeoMontezEstate@gmail.com" <AnthonyLeoMontezEstate@gmail.com>
Cc: "courtecf@maney13trustee.com" <courtecf@maney13trustee.com>, "ecf@tblaw.com" <ecf@tblaw.com>

Mr. Montez,

Good morning.

My client will agree to the treatment in the attached *Stipulation To Resolve Objeciton to Confirmation* and proposed *Order* approving the same. Please review the same and let me know if you are agreeable to the same.

Please acknowledge receipt of this email.

You can (1) authorize me to electronically file the document in its current form with your e-signature attached, or (2) "ink" sign the Stipulation to me and return your "ink" signature to me. Let me know your intentions by **2:00 p.m. Monday 10 August 2026**.

Thank you.

Best regards,

*Please excuse any typos from voice dictation software.

Michael Zdancewicz

Licensed in Arizona and Washington

Zdancewicz Law Firm PLC

(602) 777 7860 Direct Dial

(602) 266 1327 Cell

-

Mailing Address

PO Box 51826

Phoenix, AZ 85076-1826

Office Address

4635 S. Lakeshore Dr., Suite 109

Tempe Arizona 85282-7127

www.ZLawAZ.com

I attempt to review all e-mails daily, and respond to email messages within two working days based on urgency, priority, and calendar commitments.

P please consider the environment - Go Paperless!

Legal Notices: This message and accompanying documents (if any are attached) are covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521. This e-mail and any files transmitted with it are the property of Zdancewicz Law Firm PLC may be confidential, and are intended solely for the use of the individual(s) or entity to whom this e-mail is addressed. If you are not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are notified that any dissemination, distribution or copying of the communication is prohibited. If this is sent in error, please delete this e-mail. This firm is a debt collector. This e-mail-letter constitutes an attempt to collect on a debt and any information obtained will be used for that purpose. If the subject matter concerns settlement, the information is transmitted on the condition it is a communication subject to Rule 408, Ariz. R. Evid. Thank you.

**From:** Rebecca Volz <Rebecca_Volz@azb.uscourts.gov>
**Sent:** Monday, September 22, 2025 3:32 PM
**To:** courtecf@maney13trustee.com; ecf@tblaw.com; Notice <Notice@Zlawaz.com>; AnthonyLeoMontezEstate@gmail.com
**Subject:** 4:24-bk-09671-BMW MONTEZ - tomorrow's hearing has been continued to 10/22/2025 at the Debtor's request
**Importance:** High

4:24-bk-09671-BMW

MONTEZ

Hello,

The hearing set for tomorrow has been continued to 11:00 a.m. on 10/22/2025. A copy of the Notice of Rescheduled Hearing is attached for your convenience.

Thanks,

Rebecca Volz

Courtroom Deputy to Hon. Brenda Moody Whinery

United States Bankruptcy Court

District of Arizona - Tucson Division

520.202.7988 (phone)

520.202.7989 (fax)

https://www.azb.uscourts.gov/content/judge-brenda-moody-whinery

**STIP to Resolve Objection to Confirmation + Order (00556266-4xD2F01).DOCX**
49K

---

**Anthony Montez** <anthonyleomontezestate@gmail.com> Mon, Aug 10, 2026 at 1:56 PM
To: Michael Zdancewicz <MZ@zlawaz.com>
Cc: "courtecf@maney13trustee.com" <courtecf@maney13trustee.com>, "ecf@tblaw.com" <ecf@tblaw.com>
Bcc: marieruiz.aassistant@gmail.com, anthonyleomontezorganization@gmail.com

**Subject: Revised Proposed Stipulation - Anthony Leo Montez**

Mr. Zdancewicz:

Thank you for your email and for providing Ally Capital Corp's proposed Stipulation and proposed Order.

In response to your request regarding Mr. Montez's intentions, Mr. Montez intends to retain the 2021 Ram 3500 and is willing to resolve Ally's Objection to Confirmation upon mutually acceptable terms.

Attached for Ally's review is Mr. Montez's Revised Proposed Stipulation to Resolve Objection to Confirmation, reflecting his proposed terms for resolution.

Please review the attached proposal and let us know Ally's position, including any proposed revisions, by Thursday, August 13, 2026, so that the parties may continue working toward a consensual resolution.

If the parties reach agreement upon the final language, Mr. Montez will review the final Stipulation and proposed Order and, upon approval, provide written authorization for use of his electronic signature and filing of the mutually agreed documents.

Until then, Mr. Montez does not authorize use of his signature or filing of any proposed version on his behalf.

The attached documents are submitted for purposes of compromise and settlement, with all rights and remedies reserved except as may be expressly resolved by a final executed agreement.

Thank you for your consideration.

Respectfully,

Anthony Leo Montez
Debtor, Pro Se
[Quoted text hidden]

REVISED_ PROPOSED STIP TO RESOLVE OBJECTION_ALLY.docx
26K

**Michael Zdancewicz** <MZ@zlawaz.com> Thu, Aug 20, 2026 at 10:08 AM
To: Anthony Montez <anthonyleomontezestate@gmail.com>
Cc: "courtecf@maney13trustee.com" <courtecf@maney13trustee.com>, "ecf@tblaw.com" <ecf@tblaw.com>

Mr. Montez,

Good morning. The changes you made to the Stipulation ***are not agreeable*** to Ally Capital Corp.

Thank you.

Best regards,

*Please excuse any typos from voice dictation software.

Michael Zdancewicz

Licensed in Arizona and Washington

Zdancewicz Law Firm PLC

(602) 777 7860 Direct Dial

(602) 266 1327 Cell

-

Mailing Address

PO Box 51826

Phoenix, AZ 85076-1826

Office Address

4635 S. Lakeshore Dr., Suite 109

Tempe Arizona 85282-7127

www.ZLawAZ.com

I attempt to review all e-mails daily, and respond to email messages within two working days based on urgency, priority, and calendar commitments.

P please consider the environment - Go Paperless!

Legal Notices: This message and accompanying documents (if any are attached) are covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521. This e-mail and any files transmitted with it are the property of Zdancewicz Law Firm PLC may be confidential, and are intended solely for the use of the individual(s) or entity to whom this e-mail is addressed. If you are not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are notified that any dissemination, distribution or copying of the communication is prohibited. If this is sent in error, please delete this e-mail. This firm is a debt collector. This e-mail-letter constitutes an attempt to collect on a debt and any information obtained will be used for that purpose. If the subject matter concerns settlement, the information is transmitted on the condition it is a communication subject to Rule 408, Ariz. R. Evid. Thank you.

[Quoted text hidden]

# Exhibit B

# IN THE UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

**CASE NO.:** 04:24-bk-09671-BMW

**IN RE:**
ANTHONY LEO MONTEZ,
Debtor,

**CHAPTER 13**

## REVISED PROPOSED STIPULATION TO RESOLVE OBJECTION TO CONFIRMATION

**Property Description:**
2021 Ram 3500 Mega Cab Limited Pickup
4D 6 1/3 ft. VIN: 3C63RRPL6MG537343

Ally Capital Corp. ("Creditor" or "Ally") and Anthony Leo Montez ("Debtor"), for purposes of compromise and consensual resolution of Creditor's Objection to Confirmation, hereby stipulate and agree as follows:

1. Creditor filed Proof of Claim No. 8 concerning the 2021 Ram 3500 Mega Cab Limited Pickup 4D 6 1/3 ft, VIN 3C63RRPL6MG537343 (the "Collateral").

2. On March 24, 2026, Debtor filed a Chapter 13 Plan at Docket No. 173 providing proposed treatment concerning Creditor's claim and the Collateral.

3. On April 13, 2026, Creditor filed its Objection to Confirmation at Docket No. 197.

4. The parties desire to resolve Creditor's Objection to Confirmation and establish consensual treatment of Creditor's claim upon the terms expressly stated herein.

**AGREED SECURED TREATMENT**

5. Solely for purposes of compromise and settlement, Creditor's secured treatment shall be based upon an amount not to exceed $45,000.00, subject to the accounting, reconciliation, payments, credits, and adjustments required by this Stipulation.

The amount ultimately payable shall be the reconciled amount established after application of all payments, adequate-protection payments, Plan distributions, credits, adjustments, recoveries, charge-offs, offsets, reversals, and other reductions properly attributable to the obligation, and in no event shall exceed $45,000.00.

Nothing herein establishes $45,000.00 as a minimum amount payable irrespective of the accounting and reconciliation required below.

6. Following the accounting and reconciliation required by this Stipulation, the reconciled secured settlement principal, and no greater amount, shall bear interest at a fixed rate of seven percent (7.00%) per annum under the agreed treatment.

7. Pending confirmation, Creditor shall receive adequate-protection payments of $300.00 per month.

All adequate-protection payments previously or subsequently received by Creditor and properly attributable to the obligation shall be credited dollar-for-dollar toward the amount payable under this Stipulation.

The $300.00 monthly adequate-protection payments are not in addition to the agreed secured settlement obligation and shall reduce the amount otherwise remaining payable.

No payment or credit shall be duplicated, separately capitalized, or recovered more than once.

**COMPLETE ACCOUNTING AND RECONCILIATION**

8. As a material term of this Stipulation, within twenty-one (21) days after entry of the Order approving this Stipulation, Creditor shall provide Debtor with a complete transactional accounting of the subject account from origination through the date of production.

The accounting shall identify, to the extent maintained within Creditor's possession, custody, or control:

a. the complete transactional ledger and payment history;

b. the date and amount of every payment received;

c. the application and allocation of each payment;

d. all principal reductions and interest entries;

e. all fees, costs, expenses, and other charges;

f. all credits, adjustments, reversals, recoveries, charge-offs, and other entries affecting the balance;

g. all adequate-protection payments and bankruptcy-related transactions;

h. all suspense or unapplied-payment activity;

i. all payoff calculations and balance reconciliations; and

j. the calculation and composition of the amount Creditor contends remains payable.

9. Within the same twenty-one (21)-day period, Creditor shall further provide the non-privileged account records, transactional records, electronically maintained account information, account notes, payment histories, calculations, reports, database entries, and other business records reviewed, considered, referenced, or relied upon by Ashley Graf in preparing or executing her declaration concerning Debtor's account.

The records produced shall be sufficient to identify and substantiate from Creditor's underlying business records:

a. the account balance relied upon by Ms. Graf;

b. the payment history relied upon by Ms. Graf;

c. the application of payments and credits;

d. the existence and amount of any asserted delinquency or default;

e. the principal, interest, fees, charges, credits, and adjustments included within the asserted indebtedness; and

f. the basis for the material account-related factual representations contained in the Graf Declaration.

10. The accounting and supporting records provided pursuant to Paragraphs 8 and 9 shall be sufficient to reconcile:

a. Creditor's underlying transactional account records;

b. Proof of Claim No. 8;

c. Creditor's Motion for Relief from Stay; and

d. the material account-related representations contained in the Ashley Graf Declaration.

Every payment, adequate-protection payment, Plan distribution, credit, adjustment, reversal, recovery, charge-off, offset, or other reduction properly attributable to the obligation shall be reflected and credited in that reconciliation.

Any discrepancy identified through the reconciliation shall be addressed and corrected as appropriate before determination of the final amount required to satisfy the agreed secured settlement obligation.

11. With respect to the Form 1099-C and Notice of Lien Release previously addressed by Creditor, Creditor shall provide the non-privileged records reviewed, considered, referenced, or relied upon in making its factual representations concerning those documents, together with non-privileged records reflecting any investigation undertaken concerning their origin, issuance, authorization, authenticity, or treatment in relation to the subject account.

Nothing in this Stipulation constitutes Debtor's acceptance or admission concerning Creditor's factual conclusions regarding either document.

**APPLICATION OF PAYMENTS AND CREDITS**

12. All payments, adequate-protection payments, Plan distributions, credits, adjustments, recoveries, charge-offs, offsets, reversals, and other amounts properly attributable to the obligation shall be fully applied in determining the remaining settlement obligation.

Creditor shall not obtain duplicate recovery of the same amount through adequate protection, Plan distributions, direct payments, unsecured distributions, capitalization, or otherwise.

**REGISTRATION AND USE OF COLLATERAL**

13. As a material term of this Stipulation, Creditor shall promptly take all actions within its possession or control necessary to remove or cause the removal of any Creditor-imposed registration hold, suspension, restriction, or other impediment preventing Debtor from registering, renewing the registration of, or lawfully operating the Collateral.

Creditor shall provide any authorization or documentation within its possession or control reasonably required by the Arizona Department of Transportation or Motor Vehicle Division for that purpose.

14. So long as Debtor performs the treatment established by this Stipulation and the confirmed Plan, Creditor shall not impose or cause the reimposition of a Creditor-controlled registration restriction based solely upon amounts being treated through the Stipulation or Plan.

**LIEN RELEASE AND PREPAYMENT**

15. Upon satisfaction of the reconciled secured settlement obligation, after application of all payments and credits required herein, Creditor shall promptly:

a. release its lien against the Collateral;

b. electronically transmit or otherwise provide the lien-release documentation reasonably required by Arizona MVD; and

c. take all actions within its control reasonably necessary to reflect satisfaction and release of the lien.

The lien release shall be based upon satisfaction of the settlement obligation established through this Stipulation and shall not be conditioned upon payment of any greater historical amount previously asserted by Creditor.

16. Debtor may prepay all or any portion of the reconciled secured settlement obligation at any time without prepayment penalty, premium, or additional charge arising solely from prepayment.

**FINAL CLAIM TREATMENT**

17. Upon completion of the treatment required by this Stipulation, Creditor's claim against Debtor arising from the subject obligation shall be deemed satisfied in full, and Creditor shall have no remaining unsecured deficiency claim against Debtor arising from that obligation.

**DEANNA MARIE RUIZ**

18. Deanna Marie Ruiz is not a party to this Stipulation and assumes no payment, performance, or other obligation under it.

As a material term of this compromise, Creditor agrees that it shall not seek or pursue any additional recovery against Deanna Marie Ruiz arising from the subject obligation.

Nothing contained herein constitutes an admission, acknowledgment, ratification, or adjudication by Debtor concerning any alleged liability of Deanna Marie Ruiz.

**RESOLUTION OF OBJECTION TO CONFIRMATION**

19. Upon approval of this Stipulation, Creditor's Objection to Confirmation at Docket No. 197 shall be deemed resolved, and Creditor shall withdraw the Objection or otherwise advise the Court that the Objection has been resolved.

Creditor shall not oppose confirmation based upon the valuation, interest rate, adequate protection, or claim treatment expressly established by this Stipulation, provided Debtor's Plan is consistent with the agreed treatment.

**RESERVATION OF RIGHTS**

20. This Stipulation resolves only those matters expressly and specifically addressed herein.

Nothing contained herein constitutes a general release or an admission concerning any matter not expressly resolved by this Stipulation.

21. Except for the specific matters expressly resolved herein, Debtor preserves all applicable claims, defenses, objections, offsets, recoupment rights, credits, accounting rights, discovery rights, statutory rights, consumer-protection rights, bankruptcy rights, and other rights and remedies available under applicable law.

22. Nothing in this Stipulation waives or releases any claim, defense, right, or remedy arising from:

a. subsequent conduct;

b. subsequent servicing or accounting activity;

c. breach or nonperformance of this Stipulation;

d. subsequently discovered records or facts; or

e. accounting discrepancies not expressly and finally resolved herein.

No waiver, release, relinquishment, or admission shall be implied beyond the matters expressly stated in this Stipulation.

**GENERAL PROVISIONS**

23. This Stipulation constitutes the parties' agreement concerning only the matters expressly identified herein and shall not be construed more broadly than necessary to effectuate those specific compromises.

24. Any modification of this Stipulation shall be in writing and agreed to by the parties, subject to Court approval where required.

25. This Stipulation shall become effective upon entry of an Order approving it and shall be implemented through Debtor's Chapter 13 Plan to the extent necessary.

Dated: August 10th, 2026.

Respectfully, Presented by:

/s/ Anthony Leo Montez
Anthony Leo Montez
Sui Juris, Beneficiary

Zdancewicz Law Firm, PLC
/s/ Michael Zdancewicz (012426)
Michael Zdancewicz
Attorney for Ally Capital Corp.
*With Written Permission.*

## Certificate of Service

I certify that on September 22, 2026, a true and correct copy of the above and foregoing was served upon the following parties via electronic means as listed on the Court's ECF noticing system, if available, otherwise by regular first-class mail:

| | |
|---|---|
| Zdancewicz Law Firm, PLC<br>/s/ Michael Zdancewicz (012426)<br>Michael Zdancewicz<br>Attorney for Ally Capital Corp<br>**ECF** | Edward Maney<br>Chapter 13 Trustee<br>101 North First Avenue, Suite 1775<br>Phoenix, AZ 85003<br>**ECF** |
| United States Trustee<br>District of Arizona<br>230 North First Avenue, Suite 204<br>Phoenix, AZ 85003<br>**ECF** | |

/s/ :Anthony-Leo: Montez.

# Exhibit C

**ZDANCEWICZ LAW FIRM, PLC**
Post Office Box 51826
Phoenix, Arizona 85076
Phone: (602) 900-0890
Fax: (602) 265-4391
Notice@ZLawAZ.com
Michael Zdancewicz - 12426
Attorney for Ally Capital Corp.

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>Anthony Leo Montez,<br><br>Debtor. | **Chapter 13 Proceeding**<br><br>**Case No. 4:24-bk-09671-BMW**<br><br>**STIPULATION TO RESOLVE OBJECTION TO CONFIRMATION**<br><br>**Property Description:**<br>2021 Ram 3500 Mega Cab Limited Pickup 4D 6 1/3 ft VIN 3C63RRPL6MG537343 |

Ally Capital Corp. ("**Creditor**") and Anthony Montez ("**Debtor**") hereby stipulate and agree as follows:

1. Anthony Montez ("**Debtor**") and non-debtor Deanna Marie Ruiz ("**Non-Debtor**") entered into a Motor Vehicle Retail Installment Sales Contract and Purchase Money Security Agreement (the "**Contract**"), for the purchase of a **2021 Ram 3500 Mega Cab Limited Pickup 4D 6 1/3 ft VIN 3C63RRPL6MG537343** (the "**Collateral**"). A copy of the Contract is attached to Creditor's Proof of Claim filed at docket 8 and is incorporated herein by reference.

2. Under the terms of the Contract, the Debtor granted to Creditor a purchase money security interest in the Collateral to secure the indebtedness evidenced by the Contract. Creditor's security interest in the Collateral was perfected by filing a lien with the

Arizona Department of Transportation. Evidence of Perfection attached to Creditor's Proof of Claim filed at docket 8 and incorporated herein by reference.

3. The Debtor objected to the Proof of Claim, and the Debtor's Objection was overruled. See Order at docket 136, and Order denying Debtor's Motion for Reconsideration at docket 148 which are incorporated herein by reference.

4. On 24 March 2026, at docket 173 the Debtor filed a second plan and valued the Collateral at $50,000.00.

5. On 13 April 2026, at docket 197 Creditor objected to Confirmation of the Second Plan and asserted the proper valuation of the Collateral was $55,096.00.

6. The Creditor and the Debtor have agreed to value the Collateral at $52,000.00.

7. The Creditor and Debtor have agreed that interest shall be paid on the secured claim of $52,000.00 at the rate of 9% per annum.

8. The Creditor and Debtor have agreed that Section 524(e) of the Bankruptcy Code expressly provides in relevant part "...the discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt." The Creditor and Debtor have agreed this stipulation shall not impair Creditor's contractual rights against the Non-Debtor.

9. The Creditor shall be paid adequate protection of $500.00 per month.

10. A proposed form of Order approving this stipulation is attached to this Stipulation.

Dated: September 22, 2026.

/s/ Anthony Leo Montez
*With written permission*
Anthony Leo Montez

Zdancewicz Law Firm, PLC
/s/ Michael Zdancewicz (012426)
Michael Zdancewicz
Attorney for Ally Capital Corp.

## Certificate of Service

I certify that on September 22, 2026, a true and correct copy of the above and foregoing was served upon the following parties via electronic means as listed on the Court's ECF noticing system, if available, otherwise by regular first-class mail:

| | |
|---|---|
| Anthony Leo Montez<br>42080 W Anne Lane<br>Maricopa AZ 85138<br>**By United States Mail** | Edward Maney<br>Chapter 13 Trustee<br>101 North First Avenue, Suite 1775<br>Phoenix, AZ 85003<br>**ECF** |
| United States Trustee<br>District of Arizona<br>230 North First Avenue, Suite 204<br>Phoenix, AZ 85003<br>**ECF** | |

/s/ Michael Zdancewicz

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>Anthony Leo Montez,<br><br>Debtor. | **Chapter 13 Proceeding**<br><br>**Case No. 4:24-bk-09671-BMW**<br><br>**ORDER APPROVING STIPULATION TO RESOLVE OBJECTION TO CONFIRMATION**<br><br>**Property Description:**<br>2021 Ram 3500 Mega Cab Limited Pickup 4D 6 1/3 ft VIN 3C63RRPL6MG537343 |

This matter having come before the court pursuant to that certain Stipulation to Resolve Objeciton to Confirmation by and between Ally Capital Corp. ("**Creditor**") and Anthony Montez ("**Debtor**") (the "**Stipulation**") and for good cause appearing:

IT IS ORDERED FINDING:

1. Anthony Montez ("**Debtor**") and non-debtor Deanna Marie Ruiz ("**Non-Debtor**") entered into a Motor Vehicle Retail Installment Sales Contract and Purchase Money Security Agreement (the "**Contract**"), for the purchase of a **2021 Ram 3500 Mega Cab Limited Pickup 4D 6 1/3 ft VIN 3C63RRPL6MG537343** (the "**Collateral**"). A copy of the Contract is attached to Creditor's Proof of Claim filed at docket **8** and is incorporated

herein by reference.

2. Under the terms of the Contract, the Debtor granted to Creditor a purchase money security interest in the Collateral to secure the indebtedness evidenced by the Contract. Creditor's security interest in the Collateral was perfected by filing a lien with the Arizona Department of Transportation. Evidence of Perfection is attached to Creditor's Proof of Claim filed at docket 8 and incorporated herein by reference.

3. The Debtor objected to the Proof of Claim, and the Debtor's Objection was overruled. See Order at docket 136, and Order denying Debtor's Motion for Reconsideration at docket 148 which are incorporated herein by reference.

4. On 24 March 2026, at docket 173 the Debtor filed a second plan and valued the Collateral at $50,000.00.

5. On 13 April 2026, at docket 197 the Creditor objected to Confirmation of the Second Plan and asserted the proper valuation of the Collateral was $55,096.00.

6. The Creditor and the Debtor have agreed to value the Collateral at $52,000.00.

7. The Creditor and Debtor have agreed that interest shall be paid on the secured claim of $52,000.00 at the rate of 9% per annum.

8. The Creditor and Debtor have agreed that Section 524(e) of the Bankruptcy Code expressly provides in relevant part "…the discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt." The Creditor and Debtor have agreed this stipulation shall not impair Creditor's contractual rights against the Non-Debtor.

9. The Creditor shall be paid adequate protection of $500.00 per month.

Based on the foregoing,

10. It is ordered approving the Stipulation.

11. Creditor shall have a secured claim for $52,000.00 which will be paid at 9%

per annum with the balance of the claim treated as unsecured.

12. The Creditor shall be paid adequate protection of $500.00 per month

13. The discharge of the debt of the Debtor does not affect the liability of Codebtor for such debt.

ORDER DATED AND SIGNED ABOVE